**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:26-cv-00342**
**Magistrate Judge Richard T. Gurley**

# EXHIBIT 3
## COLORADO CHILD SUPPORT TRADELINE
## "Date Opened" June 9, 2015 — The Temporal Impossibility

### THE TEMPORAL IMPOSSIBILITY — THE CENTRAL LEGAL DEFECT

This exhibit documents a single, dispositive factual impossibility at the foundation of Plaintiff's FCRA claims. Colorado Defendants opened a child support derogatory tradeline against Plaintiff on **June 9, 2015** — the day *before* the Larimer County Court entered an official record admitting it was **"UNABLE TO ENTER SUPPORT ORDERS"** due to missing statutory prerequisites. A valid debt cannot legally be opened and reported to a federal credit bureau the day before the court acknowledged it lacked the authority to create that debt. This tradeline has been reported continuously for **127 months**, suppressing Plaintiff's credit throughout the entire period of enforcement alleged in this action.

**THE ONE-DAY SEQUENCE THAT VOIDS THE TRADELINE:**

| DATE | EVENT | LEGAL EFFECT |
|---|---|---|
| **June 9, 2015** | CO DIVISION OF CHILD S opens derogatory tradeline with Experian ("Date Opened" per credit report) | Plaintiff's credit damaged from this date forward — 127 months of adverse reporting begins |
| ↓ **24 HOURS** ↓ | ↓ | ↓ |
| **June 10, 2015** | Larimer County Court enters ICON Minute Order (Event ID 000020): "UNABLE TO ENTER SUPPORT ORDERS AS WE ARE MISSING SSN FOR CHILDREN" | Court officially admits it lacks the mandatory statutory prerequisite (C.R.S. § 26-13-106) to create any enforceable support order |

*Key: Under C.R.S. § 26-13-106, providing Social Security Numbers for all parties and children is a mandatory statutory prerequisite for entering a valid, enforceable child support order. The June 10, 2015 minute order is the court system correctly identifying that the statutory prerequisite was never met. The tradeline opened June 9, 2015 therefore reports a debt that had no valid legal existence at the time of opening.*

### SECTION 1 — EXPERIAN TRADELINE: CO DIVISION OF CHILD S

*Source: Experian Full Credit Report, "Prepared For GERALD HERSHFELDT," dated January 23, 2026. Monitoring alerts also dated January 23, 2026.*

The following alert from Plaintiff's Experian credit monitoring confirms the Colorado child support tradeline ("CO DIVISION OF CHILD S") was active and reporting adverse status as recently as June 2025, demonstrating continuous reporting from the June 9, 2015 open date through the filing of this action.

| FIELD | REPORTED VALUE | NOTES |
|---|---|---|
| **Account Name** | CO DIVISION OF CHILD S | Colorado Division of Child Support (Furnisher) |
| **Furnisher Address** | 1575 N Sherman St, Denver, CO 80203-1702 | CO Dept. of Human Services |
| **Furnisher Phone** | (303) 866-4300 | |
| **Alert Generated** | June 12, 2025 | Confirming continuous active reporting |
| **Previous Status** | 90–180 DAYS LATE | Prior adverse status on Experian |
| **Current Status (June 2025)** | ACCOUNT 60 DAYS LATE | Still reporting adverse activity in 2025 |
| **Balance (June 2025)** | $15,564.00 | Ongoing claimed balance |
| **Earlier Alert** | May 14, 2025 — "Account 90 Days Late" | Pattern of continuous adverse monthly reporting |
| **Dispute Result** | April 7, 2025 — 'Dispute Results are ready' | Colorado certified debt 'accurate and verified' per FAC ¶ H(6) |

## SECTION 2 — MULTI-BUREAU CORROBORATION: DATE OPENED JUNE 9, 2015

*Source: TransUnion Report Summary (via Experian 3-bureau monitoring platform), as of December 17, 2025; Equifax Credit Report, as of January 23, 2026.*

The June 9, 2015 "Date Opened" is not limited to the Experian tradeline. The same impossible open date is independently confirmed across all three major bureaus, establishing that Colorado Defendants furnished the same false origination date to every consumer reporting agency simultaneously. This cross-bureau consistency evidences a deliberate, affirmative furnishing decision — not a data entry error at a single bureau.

| BUREAU | TRADELINE NAME | DATE OPENED | ACCOUNT NO. (redacted per FRCP 5.2) | BALANCE (most recent) |
|---|---|---|---|---|
| **Experian** | CO DIVISION OF CHILD S | **June 9, 2015 (confirmed via monitoring alerts and full report)** | Not displayed in alert format | $15,564 (June 2025) |
| **TransUnion** | CO CHILD SUP | **June 09, 2015 (Report as of Dec 17, 2025)** | 143520XX (last 2 digits shown) | $15,049 (Nov 30, 2025) 29 LATE PAYMENTS |
| **Equifax** | STATE OF COLORADO CHILD | **Jun 09, 2015 (Report as of Jan 23, 2026)** | XXXXXXXX-0002 (last 4 shown) | $15,333 (Jul 14, 2025) Open / 44 months reviewed |

*Note: The Date Opened column (highlighted) shows all three bureaus independently confirming June 9, 2015 — the day before the court's official admission. TransUnion account number redacted to display format 143520XX per FRCP 5.2 (last two digits shown as reported by bureau). Equifax account number redacted to last four digits.*

## SECTION 3 — DURATION OF FALSE REPORTING: 127 MONTHS

*Source: Calculated from tradeline Date Opened June 9, 2015 through January 23, 2026 (date of credit reports). Corroborated by Equifax notation of 44 months reviewed through July 2025 and TransUnion notation of 29 late payments through November 2025.*

| METRIC | VALUE | STATUTORY SIGNIFICANCE |
| --- | --- | --- |
| **Tradeline Open Date** | June 9, 2015 | One day before court's "UNABLE TO ENTER SUPPORT ORDERS" admissio |
| **Reporting Duration (as of Jan 23, 2026)** | 127 months (June 2015 – Jan 2026) | Each month = 1 willful FCRA violation per 15 U.S.C. § 1681n |
| **FCRA Statutory Damages** | **$127,000 ($1,000 × 127 months)** | Alleged at FAC Prayer for Relief § E |
| **Current FICO Score (Experian, Jan 23, 2026)** | 478 (POOR) FICO Score 8 | "Serious delinquency or derogatory indicator" listed as primary damage factor |
| **Number of Accounts Ever 60+ Days Late** | 6 accounts | Colorado tradeline primary driver per FICO analysis |
| **April 2025 Dispute Result** | Certified "accurate and verified" by CO Defendants | Willful noncompliance: failure to investigate under § 1681s-2(b); FAC ¶ H(6) and Exhibit 13 |
| **Post-October 2025 Reporting** | Continued adverse reporting after Oct 10, 2025 formal notice | Defendants had actual knowledge order "does not exist" yet continued furnishing — FAC ¶ H(7) |
| **Balance as of Feb 7, 2026 (Equifax)** | $15,049 — "OVER 120 DAYS PAST DUE" | See Exhibit 12; ongoing harm at time of filing |

## SECTION 4 — EVIDENTIARY CHAIN: CONNECTION TO EXHIBITS 1 AND 2

This exhibit does not stand alone. Its legal force derives from the documents already in the record:

| EXHIBIT | DOCUMENT | WHAT IT PROVES IN RELATION TO EXHIBIT 3 |
| --- | --- | --- |
| **Exhibit 1** | June 10, 2015 ICON Minute Order (Event ID 000020) | The court's own record — entered the day after the tradeline opened — states "UNABLE TO ENTER S |
| **Exhibit 2** | January 13, 2026 Court Records Department Written Admission | The court cannot produce the original 2015 support order because it "does not exist" in the official file. |
| **Exhibit 3 (this exhibit)** | Multi-bureau credit report data Jun 9, 2015 Date Opened | Proves Defendants opened and maintained a derogatory tradeline based on a debt that the court's owi |

**Together, Exhibits 1, 2, and 3 establish a closed evidentiary loop: the statutory prerequisites were never met (Exhibit 1) → no order was ever created (Exhibit 2) → yet a derogatory tradeline was opened and maintained for 127 months (Exhibit 3). No further inference is required.**

---

**FRCP 5.2 REDACTION CERTIFICATION:** Pursuant to Federal Rule of Civil Procedure 5.2(a)(4), all financial account numbers in this exhibit have been redacted to display only the last four digits (or as displayed by the bureau's own platform). No minor children's names, Social Security Numbers, or dates of birth appear in this exhibit. Government agency addresses are public record and are not redacted. Plaintiff's personal address is limited to city and ZIP code. Unredacted source documents are available for in camera inspection upon Court request.

Respectfully submitted,

______________________________________

Gerald Paul Hershfeldt, Pro Se Plaintiff

Civil Action No. 1:26-cv-00342

Denver, CO 80203