**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:26-cv-00342**
**Magistrate Judge Richard T. Gurley**

# EXHIBIT 8
## CHIEF JUDGE SUSAN BLANCO
## Digital Courts and Records Committee Chairmanship
## Jurisdictional Authority Over ICON System — Systemic Ratification

### LEGAL PURPOSE OF THIS EXHIBIT

This exhibit establishes a single, specific jurisdictional and supervisory fact: Chief Judge Susan Blanco, who denied Plaintiff's Motion to Void Ab Initio on January 13, 2026, simultaneously served as Chair of the Colorado Supreme Court's **Digital Courts and Records Committee** — the body with direct supervisory authority over the ICON judicial records system at the center of this litigation. This dual role is relevant to the *Monell* systemic ratification theory: the official who chaired the committee overseeing the digital records system that produced the disputed June 2, 2022 NA-entry was the same official who denied relief based on procedural grounds rather than addressing the documented records defect.

This exhibit does not allege judicial misconduct or bad faith. It establishes institutional knowledge — that the final policymaking authority for the 8th Judicial District was, by virtue of her committee chairmanship, institutionally aware of the ICON system's structure and capabilities at the time she issued the January 13, 2026 ruling.

### SECTION 1 — OFFICIAL BIOGRAPHY: CONFIRMED ROLES AND COMMITTEES

*Source: Colorado Judicial Branch official biography page, https://www.coloradojudicial.gov/contact/susan-blanco (captured February 2026 — see attached source PDF).*

| OFFICIAL ROLE / COMMITTEE | SOURCE TEXT (verbatim from biography) | LEGAL RELEVANCE |
|---|---|---|
| **District Court Chief Judge 8th Judicial District** | *"Chief Judge Susan Blanco is the first female to serve as the Chief Judge of the 8th Judicial District of Colorado (Larimer and Jackson Counties)."* | Larimer County is the primary municipal defendant. Blanco is the final judicial policymaker for that district. |
| **Chair — Digital Courts and Records Committee (Colorado Supreme Court)** | *"[S]he chairs the Digital Courts and Records Committee" [standing committee to the Colorado Supreme Court]* | ICON is the digital court records system at issue. The chair of the committee overseeing it denied the motion to correct the records defect on Jan. 13, 2026. |
| **Chair — Information Technology Committee (Colorado Supreme Court)** | *"chairs two standing committees to the Colorado Supreme Court: The Pathways to Access Committee and The Information Technology Committee"* | Dual IT oversight role confirms institutional knowledge of digital records infrastructure including ICON system architecture. |

| | | |
|---|---|---|
| **Co-Chair — Chief Judge's Council** | *"serves as Co-Chair of the Chief Judge's Council"* | Policy-level coordination role across all Colorado districts; final policymaker status for Monell purposes. |
| **Appointed to bench** | *"appointed to the bench in January 2017"* | Has presided over 8th District (Larimer County) continuously through the enforcement period alleged in this action. |

*Note: The Digital Courts and Records Committee row (highlighted) is the operative connection. All other roles establish policymaker status and institutional knowledge of the 8th Judicial District's digital records infrastructure.*

## SECTION 2 — THE JANUARY 13, 2026 DUAL EVENT

The legal significance of this exhibit is anchored to a single date: January 13, 2026. Two distinct events occurred on that date involving the same digital records system:

| TIME | EVENT | ACTOR | LEGAL EFFECT |
|---|---|---|---|
| **Morning Jan 13, 2026** | Larimer County Court Records Department issues written admission: the 2015 child support order "does not exist in court records" after a 34-day search. | Court Records Department (Larimer County) | Judicial admission that the foundational order is absent from the ICON system. See Exhibit 2. |
| **9:20 PM Jan 13, 2026** | Chief Judge Blanco issues ruling denying Plaintiff's Motion to Void Ab Initio. Denial based on Rule 60(b) procedural timeliness — does not address the documented records defect. | **Chief Judge Susan Blanco — Chair, Digital Courts and Records Committee** | Procedural denial of void motion same day records defect was officially admitted in writing. State remedy exhausted. |

**The combination of these two events on a single date — morning records admission, evening procedural denial — constitutes the certificate of state remedy exhaustion alleged in the FAC. The state system documented its own records defect and simultaneously foreclosed correction through its own procedural rules.**

## SECTION 3 — SCOPE: WHAT THIS EXHIBIT PROVES AND DOES NOT PROVE

| THIS EXHIBIT IS OFFERED TO PROVE | THIS EXHIBIT IS NOT OFFERED TO PROVE |
|---|---|
| Chief Judge Blanco chaired the Colorado Supreme Court committee with direct supervisory authority over the ICON digital court records system at the time of the January 13, 2026 ruling. | That Chief Judge Blanco acted with personal bad faith, corruption, or intentional misconduct. No such allegation is made in this exhibit. |
| That the official who denied the void motion on procedural grounds was institutionally positioned to understand the ICON system's architecture and the records defect alleged. | That the denial was legally incorrect as a matter of appellate review. The merits of the denial are a separate legal question from the institutional knowledge issue this exhibit addresses. |

| | |
|---|---|
| That state judicial remedies were exhausted on January 13, 2026, when the denial barred appeal, establishing federal court as the appropriate venue for constitutional review. | Any characterization of Judge Blanco's personal motivations. This exhibit relies exclusively on official public records and the documented timeline. |

## SECTION 4 — FAC CROSS-REFERENCE

| FAC PARAGRAPH | CLAIM | HOW EXHIBIT 8 SUPPORTS IT |
|---|---|---|
| **Custom 5: Systemic Ratification** | The highest policymaking authority ratified the void enforcement scheme by denying relief procedurally rather than on the merits. | Blanco's dual role as Chief Judge + Digital Courts Committee Chair establishes that the ratifying official had institutional knowledge of the ICON system producing the disputed records. |
| **State Remedy Exhaustion** | All state remedies were exhausted on Jan 13, 2026, necessitating federal court jurisdiction. | Blanco's denial barred further state appeal. The final policymaker for the district — who also chaired the committee overseeing the relevant digital system — issued the foreclosing order. |
| **Monell Municipal Liability** | The constitutional violation reflects official policy, not an individual error. | A committee chair's denial of a void motion implicating the committee's own subject-matter jurisdiction (digital court records) constitutes policymaker-level ratification under Monell. |

---

**FRCP 5.2 REDACTION CERTIFICATION:** This exhibit contains no financial account numbers, Social Security numbers, minor children's names or dates of birth. All information is sourced from the Colorado Judicial Branch's official public biography page, a public government record not subject to redaction. The source PDF is attached as a companion document to this exhibit summary.

Respectfully submitted,

______________________________

Gerald Paul Hershfeldt, Pro Se Plaintiff
Civil Action No. 1:26-cv-00342
Denver, CO 80203