IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00342-RTG

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, in her individual and official capacities,
JENNIFER BRANT, in her individual and official capacities,
TIMOTHY J. JASHINSKY, in his individual and official capacities,
CINDY LUCERO, in her individual and official capacities,
WENDY BATTS, in her individual and official capacities,
ARTHUR J. SPICCIATI, in his individual and official capacities,
LARRY BOYD, in his individual and official capacities,
JANE RODIG, in her individual and official capacities,
HEATHER O'HAYRE, in her official capacities,
MICHELLE BARNES, in her official capacities,
LAURIE GILL, in her official capacities, and
LARIMER COUNTY, COLORADO,

Defendants.

---

ORDER

---

The matter before the Court is "Plaintiff's Motion to Seal Original Filings and Substitute Rule 5.2-Complaint Versions Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2" (ECF No. 10), filed on February 26, 2026.

In the Motion to Seal, Plaintiff asks the Court to deem the amended Complaint (ECF No. 9), filed on February 26, 2026, as the operative pleading in this action and to restrict public access to the original versions of the Complaint and exhibits thereto (ECF No. 1), while preserving access for the Court and the parties for case administration and

evidentiary purposes. For the reasons discussed below, the Motion to Seal will be denied.

The Court's local rules of practice regarding motions to restrict public access provide: “Unless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings.” D.C.COLO.LCivR 7.2(a). A party seeking to restrict access must make a multi-part showing: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access— such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)–(4). D.C.COLO.LCivR 7.2(c). There are three levels of restriction: “Level 1 limits access to the parties and the court. Level 2 limits access to the filing party and the court. Level 3 limits access to the court.” D.C.COLO.LCivR 7.2(b).

Local rule of practice 7.2 recognizes that there is a presumptive right of public access to court filings and proceedings.

> “Courts have long recognized a common-law right of access to judicial records.” *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, that presumption is not absolute and may be rebutted “if the public's right of access is outweighed by competing interests.” *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)). To overcome the presumption in favor of public access, “the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.” *Id.* (internal quotation marks and citation

> omitted). It is within the district court's discretion to determine whether a particular court document should be restricted. *Mann*, 477 F.3d at 1149.

*Doe v. Maloit*, No. 24-cv-02383-PAB, 2024 WL 5469949, at *2 (D. Colo. Nov. 14, 2024).

The Court finds that Plaintiff's arguments for restricted access to the original Complaint and exhibits thereto (ECF No. 1) are insufficient to demonstrate a sufficiently significant interest that outweighs the strong presumption of public access. Furthermore, Plaintiff has not identified a clear injury that would result if access to the original Complaint and exhibits is not restricted. To the extent the original Complaint and exhibits contain information of a sensitive personal nature, Plaintiff has not specifically identified the information that should be restricted by document number and page number. Therefore, the Motion to Seal will be denied. Plaintiff may file a motion to restrict or redact a specific filing in the future, consistent with the Local Rules. See D.C.COLO.LCivR 7.2.

Plaintiff is further informed that the amended Complaint (ECF No. 9) is the operative pleading in this action. *See Hooten v. Ikard Servi Gas,* 525 F. App'x 663, 668 (10th Cir. 2013) ("An amended complaint 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.'") (quoting *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir.1990)).

Accordingly, it is

ORDERED that Plaintiff's "Plaintiff's Motion to Seal Original Filings and Substitute Rule 5.2-Complaint Versions Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR 7.2" (ECF No. 10), filed on February 26, 2026, is DENIED.

Dated March 4, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge