IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity;
JENNIFER BRANT, individually and in her official capacity;
TIMOTHY J. JASHINSKY, individually and in his official capacity;
CINDY LUCERO, individually and in her official capacity;
WENDY BATTS, individually and in her official capacity;
ARTHUR J. SPICCIATI, individually and in his official capacity;
LARRY BOYD, individually and in his official capacity;
JANE RODIG, individually and in her official capacity;
HEATHER O'HAYRE, in her official capacity;
MICHELLE BARNES, in her official capacity;
LAURIE GILL, in her official capacity; and
LARIMER COUNTY, COLORADO,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Plaintiff Gerald Paul Hershfeldt, proceeding pro se, seeks a temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65. ECF No. 11. Because the motion does not comply with the Federal Rules of Civil Procedure and the Local Rules of this District, the Court recommends that the motion be denied.

## ANALYSIS

Federal Rule of Civil Procedure 65 permits courts to enter TROs. Fed. R. Civ. P. 65(b). A TRO's purpose is to "preserv[e] the status quo and prevent[ ] irreparable harm" until a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bd. of Teamsters &*

*Auto Truck Drivers Local No. 70 of Alameda Cnty*., 415 U.S. 423, 439 (1974). Rule 65(b)(1) states: "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Furthermore, D.C.COLO.LCivR 65.1(a) provides that an ex parte motion requesting a TRO shall be accompanied by a certificate of counsel or a pro se party attesting that (1) the moving party has provided "copies of all pleadings and documents filed in the action to date or to be presented to the court at the hearing" to opposing counsel and any unrepresented adverse party, or (2) the moving party has made efforts to give such notice and furnish such copies. The Local Rule notes that "[e]xcept as provided by Fed. R. Civ. P. 65(b)(1), the court shall not consider an ex parte motion for temporary restraining order." D.C.COLO.LCivR 65.1(a)(2).

In his motion, the plaintiff states that he "has been unable to provide prior notice to Defendants without risking immediate retaliatory enforcement action." ECF No. 11 at 5. His explanation is that one named defendant allegedly retaliated against him when the plaintiff filed a motion in state court. *Id*. But this case is brought against twelve defendants, one of which is a municipality. ECF No. 9 at 1. The plaintiff provides no explanation why he could not provide actual notice to the other defendants. Although the Court must liberally construe pro se filings, pro se status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants, *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994), and the Court cannot be a pro se litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And because he did not provide notice to the defendants, he also did not comply with

D.C.COLO.LCivR 7.1, which requires a moving party to "confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter" before filing a motion. Because the plaintiff failed to comply with both the Federal Rules of Civil Procedure and the Local Rules of this District, the motion should be denied. *E.g., Evans v. Janeway Law Firm*, No. 25-cv-02761-STV, 2025 WL 3516306, at *1 (D. Colo. Sept. 8, 2025); *Duke v. H & R Block Bank*, No. 10-cv-01927-REB-KLM, 2010 WL 3307483, at *1 (D. Colo. Aug. 18, 2010); *Leslie v. JP Morgan Chase Bank, N.A.*, No. 10-cv-01756-PAB, 2010 WL 3087496, at *1 (D. Colo. Aug. 5, 2010).

"Further, a party seeking a temporary restraining order or preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest." *Superfast GmbH v. Oliver*, No. 25-cv-02994-SKC-STV, 2025 WL 3516307, at *1 (D. Colo. Oct. 7, 2025) (quotation marks omitted). Moreover, because the purpose of relief under Rule 65 "is merely to preserve the relative positions of the parties until a trial on the merits can be held," *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981), requests to alter the status quo are disfavored. *Schrier v. Univ. of Colo*., 427 F.3d 1253, 1258–59 (10th Cir. 2005). And the plaintiff asks for mandatory injunctive relief including suppressing certain tradelines and "ceas[ing] wage garnishment, tax intercept, or license suspension enforcement actions." ECF No. 11 at 5. In seeking a disfavored injunction, "the movant must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Fish v. Kobach*, 840 F.3d 710, 724 (10th Cir. 2016) (quotation marks omitted).

He does not do so. He argues, for instance, that his best case for a TRO is his likelihood of prevailing on his sixth claim, brought under the Fair Credit Reporting Act. ECF No. 11 at 2 (citing 15 U.S.C. § 1681n). But he provides no legal analysis for the claim, and the Court is not obligated to piece together the plaintiff's argument for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). His argument also ignores that he brings six claims for relief against twelve defendants. And some of the evidence upon which he relies does not support the propositions for which he cites it. He cites, for example, an "Exhibit 2" — presumably Exhibit 2 to the amended complaint, ECF No. 9-2, as the TRO motion has no attached exhibits — for the proposition that the defendants confirmed in writing that a certain order does not exist, ECF No. 11 at 2, but most of that exhibit is the plaintiff's own writings. The only portion attributable to any defendant is the following:

> Hello Jerry,
>
> Attached is the Separation Agreement and Parenting Plan along with the Decree of Dissolution of Marriage. Child Support is $1,128.00 per month.
>
> Thank you!

ECF No. 9-2 at 2. That does not appear to admit anything about the nonexistence of an order. The plaintiff also appears to read into an apparent minute entry from a state-court docket an admission that the state court could enter no valid child-support order, ECF No. 11 at 2–3, but it is far from clear the entry to which he refers, which states in relevant part, "UNABLE TO ENTER SUPPORT ORDERS AS WE ARE MISSING SSN FOR CHILDREN," is any such admission. ECF No. 9-1 at 1. As such, the plaintiff does not establish the strong showing of a likelihood of success on the merits necessary for a TRO. The failure to satisfy this factor alone is fatal to the motion. *See Denver Homeless Out Loud v. Denver, Colo.*, 32 F.4th 1259, 1277 (10th Cir. 2022) ("An injunction can issue only if each factor is established.").

Finally, while the motion only discusses a TRO, the title of the document also references a preliminary injunction. ECF No. 11 at 1. However, "[t]he court may issue a preliminary injunction only on notice to the adverse party," Fed. R. Civ. P. 65(a)(1), and the plaintiff admits that he has not provided notice to the defendants. ECF No. 11 at 5–6. As a result, to the extent the motion's title also refers to a preliminary injunction, such relief is not available at this time.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS**[1] that the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Fed. R. Civ. P. 65, ECF No. 11, be **DENIED**.

Entered and dated this 10th day of March 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.