**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1: 26-CV-00342-NYW-CYC

GERALD PAUL HERSHFELDT

Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity;
JENNIFER BRANT, individually and in her official capacity;
TIMOTHY J. JASHINSKY, individually and in his official capacity;
CINDY LUCERO, individually and in her official capacity;
WENDY BATTS, individually and in her official capacity;
ARTHUR J. SPICCIATI, individually and in his official capacity;
LARRY BOYD, individually and in his official capacity;
JANE RODIG, individually and in her official capacity;
HEATHER O'HAYRE, in her official capacity;
MICHELLE BARNES, in her official capacity;
LAURIE GILL, in her official capacity;
LARIMER COUNTY, COLORADO

Defendants.

---

**DEFENDANT LAURIE GILL'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(2) AND 12(B)(6)**

---

Defendant Laurie Gill, by and through her attorney Nicholas C. Poppe of Nathan Dumm & Mayer P. C., hereby submits her Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and states as follows:

## INTRODUCTION

In his First Amended Complaint ("Complaint"), Mr. Hershfeldt brings a civil rights action arising out of his child-support obligations, purportedly entered by a Larimer County District Court Judge in 2015. [ECF 9, ¶¶ 29-30].

Defendant Laurie Gill was the Cabinet Secretary of the South Dakota Department of Social Services. [*Id.*, ¶ 25]. While Mr. Hershfeldt states that she is sued in her official capacity only, he later references claims against her in her individual capacity. [*Id.*, ¶ 83]. Thus, Ms. Gill will address both capacities in this Motion.

Ms. Gill should be dismissed in both her individual and official capacities because the Court lacks jurisdiction over her given a lack of minimum contacts in Colorado. Ms. Gill is also entitled to dismissal in her individual capacity based upon a lack of personal participation and qualified immunity. She is entitled to dismissal in her official capacity based upon failure to state a claim and Eleventh Amendment immunity.

## STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(2): Lack of Personal Jurisdiction.

There is no personal jurisdiction over Ms. Gill and she does not waive personal jurisdiction in this action. The burden of proving personal jurisdiction is on Mr. Hershfeldt. *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 900 (10th Cir. 2003). Personal jurisdiction must be based on an assessment of whether the defendant "purposefully established minimum contacts within the forum State." *Id.* (internal citations omitted).

### B. Fed. R. Civ. P. 12(b)(6): Failure to state a claim upon which relief can be granted.

A court must dismiss a complaint that fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant that is immune from such relief. 28 U.S.C. §1915(e)(2)(B). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Harvey v.*

*U.S.*, 149 Fed.Cl. 751, 765 (Fed. Cl. 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and cross "the line from conceivable to plausible." *Bell Atl. Corp.*, 550 U.S. at 555 & 570. Mere labels and conclusions or formulaic recitation of the elements of a cause is not sufficient, and any "naked assertion[s]" devoid of additional factual support do not pass muster. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## LEGAL ARGUMENT

### A. The Court lacks personal jurisdiction over Ms. Gill.

Ms. Hershfeldt has failed to meet his burden of proving personal jurisdiction over Ms. Gill because he has alleged no facts that would establish personal jurisdiction.

Because Colorado's long-arm statute extends to the Constitution's full extent, the analysis of personal jurisdiction is "a single due process inquiry," focusing on whether the defendant has purposefully established minimum contacts within the forum state. *Old Republic Ins. Co.*, 877 F.3d at 903. A plaintiff must make a *prima facie* showing of such contacts, through affidavit or otherwise, for each out-of-state defendant. *Id*.

In his Complaint, Mr. Hershfeldt does not establish any contacts Ms. Gill had with Colorado. Indeed, the Complaint is completely devoid of her involvement at all in the allegations involving his child support dispute. He does not allege that Ms. Gill had any continuing relationship or obligations with Colorado, that she continuously or deliberately had contacts within Colorado, or that she purposefully directed substantial harm at individuals in Colorado. In the absence of literally any facts establishing her

connection with Colorado, the exercise of jurisdiction over her in either her individual or official capacity would offend the Due Process Clause of the Fourteenth Amendment. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985). Thus, the Court lacks personal jurisdiction over Ms. Gill and she must be dismissed from this lawsuit.

**B. Mr. Hershfeldt fails to state a claim upon which relief can be granted.**

Even if this Court were to determine that personal jurisdiction was proper, Mr. Hershfeldt's Complaint must still be dismissed against Ms. Gill because it fails to state any claim upon which relief can be granted. With respect to any claims against Ms. Gill in her personal capacity, Mr. Hershfeldt fails to allege any personal participation and similarly fails to provide Ms. Gill notice of which claims are being pursued against her in her individual, as opposed to official capacity – in violation of the Tenth Circuit's holding in *Robbins v. Oklahoma*. Ms. Gill is also entitled to qualified immunity.

With respect to any official capacity claims, Mr. Hershfeldt again fails to state claims under *Robbins*. Also, to the extent Mr. Hershfeldt asserts monetary damages, South Dakota is entitled to immunity under the Eleventh Amendment.

**1. All claims against Ms. Gill must be dismissed because she did not personally participate in any alleged deprivation of rights.**

It has long been settled law that a defendant must have personally participated in or caused an alleged deprivation of rights to be liable under 42 U.S.C. § 1983. *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010). Yet the only substantive allegation referencing Ms. Gill is in paragraph 25 of the Complaint, where Mr. Hershfeldt merely identifies who she is and provides her work address. Other than that, Ms. Gill is simply lumped into collective allegations with all of the other Defendants in Mr. Hershfeldt's

claims for relief. [ECF 9, ¶¶ 83, 93,103,113,131]. Because these allegations are woefully insufficient to show that she personally participated in any alleged violation of Mr. Hershfeldt's rights, she is entitled to dismissal as a matter of law.

Beyond personal participation, Ms. Gill is also entitled to dismissal under the Tenth Circuit's holding in *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). It is well established in the Tenth Circuit that whenever a party pursues claims under 42 U.S.C. section 1983, plaintiffs must specifically identify which claims are being pled against each defendant. *Robbins*, 519 F.3d at 1249. This is especially important if claims are also alleged against a governmental entity, as a plaintiff must "provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id*. at 1249-50. Thus, a "complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id*. at 1250.

While Mr. Hershfeldt makes a half-hearted effort to identify when he is suing particular defendants in their individual or official capacities, the lack of substantive allegations makes it impossible for Ms. Gill to evaluate her own personal liability, as opposed to the alleged liability of South Dakota. This is reflected primarily in his claims for relief, in which he lumps the Defendants together in both their individual and official capacities – consistently using conclusory language to describe their collective liability – all in violation of *Robbins*. [*See* ECF 9, ¶¶ 83, 93,103,113,131].

This case is also not based on a single event or incident, like use of force or an arrest. Instead, as the Complaint implies, this is a multi-year dispute regarding Mr. Hershfeldt's child support obligations. He implies that there are several critical events in the dispute, including a suspension of his license and several disputes with Larimer County. [ECF 9, ¶ 63]. Yet because the claims for relief are often limited to a few conclusory sentences, and are otherwise not tethered to specific events or nonconclusory facts about each Defendant, it is impossible to understand which part of the parties' dispute allegedly led to each source of constitutional liability. The Tenth Circuit in *Robbins* rejected such vague pleading practices, affirming that "the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants." 519 F.3d at 1250. Because his Complaint fails the standard set forth in *Robbins*, Ms. Gill should be dismissed in both her individual and official capacities.

**2. Ms. Gill is entitled to qualified immunity.**

While Mr. Hershfeldt's failure to comply with *Robbins* makes any analysis of qualified immunity nearly impossible, Ms. Gill nonetheless asserts the defense in response to his decision to sue her in her individual capacity.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018), quoting *White v. Pauly*, 580 U.S. 73, 78-79 (2017). In order "for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*, quoting *White*,

580 U.S. at 79. An official "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Id.* at 105, quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778-779 (2014) (internal quotations omitted). "A plaintiff may satisfy this standard by identifying an on-point Supreme Court or published Tenth Circuit decision; alternatively, the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015).

As discussed, Mr. Hershfeldt alleges a series of disputes related to a multi-year child support enforcement action. Yet he fails to identify on-point federal precedent demonstrating to every reasonable government official, including Ms. Gill, that her – still unarticulated – conduct towards him was unconstitutional. Thus, Ms. Gill is entitled to qualified immunity and should be dismissed.

**C. The State of South Dakota is entitled to Eleventh Amendment Immunity.**

While again unclear based on the allegations in the Complaint, to the extent that Mr. Hershfeldt is suing Ms. Gill in her official capacity for monetary damages, such damages are barred by Eleventh Amendment immunity. It is well established that the "Eleventh Amendment has been interpreted to bar suits against states and state agencies for money damages in federal court." *See, e.g., Tarrant Regional Water Dist. v. Sevenoaks* 545 F.3d 906, 911 (10th Cir. 2008). Thus, any claim for money damages against the State of South Dakota is barred as a matter of law.

## CONCLUSION

For the reasons set forth herein, Ms. Gill should be dismissed from this lawsuit in her individual and official capacities.

AI Certification: The undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

DATED this 3rd day of April, 2026.

*s/Nick Poppe*
Nicholas C. Poppe
NATHAN DUMM & MAYER P. C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
ATTORNEY FOR DEFENDANT GILL

**CERTIFICATE OF SERVICE**

I hereby certify that on 3rd day of April, 2026 I electronically filed the foregoing **MOTION TO DISMISS** using the CM/ECF system which will send notification of such filing to the following:

Gerald Paul Hershfeldt
429 E. 14th Ave. Apt. 107
Denver, CO 80203
Phone: (720) 378-8474
Email: jerry.hershfeldt@gmail.com
Pro Se Plaintiff

Michael Turner Lowe
Bruno Colin Goddard & Lowe, PC
1120 Lincoln Street
Suite 1606
Denver, CO 80203
Phone: (303) 831-1099
Email: mlowe@brunolawyers.com
Attorneys for Defendants

*s/Nick Poppe*_____________________________
Nicholas C. Poppe
Attorneys for Defendants
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
NPoppe@ndm-law.com