**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,
Plaintiff,

v.

CARLEEN JOHNSTON, et al.,
Defendants.

# PLAINTIFF'S EMERGENCY OBJECTION TO MAGISTRATE JUDGE ORDER (ECF NO. 39) PURSUANT TO FED. R. CIV. P. 72(a)

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a) and Judge Wang's Uniform Civil Practice Standards, Plaintiff conferred with defense counsel Michael Lowe via email on April 7, 2026, regarding the relief requested herein. Mr. Lowe acknowledged Plaintiff's objection at 7:41 AM on April 7, 2026, and stated: "Thank you for your prompt response. We will indicate your objection in our motions." Defendants oppose the relief requested herein.

Plaintiff Gerald Paul Hershfeldt, proceeding pro se, respectfully objects to Magistrate Judge Chung's April 7, 2026 Minute Order (ECF No. 39) granting the Larimer County Defendants a 30-day enlargement of time to respond to the Amended Complaint. The order is contrary to law. It grants relief that Judge Wang's own Uniform Civil Practice Standards expressly prohibit, based on a motion that violated mandatory filing deadlines. Plaintiff requests that Judge Wang vacate ECF No. 39 and deny the underlying motion (ECF No. 36).

## I. STANDARD OF REVIEW

Under **Fed. R. Civ. P. 72(a)**, a district judge must modify or set aside any part of a magistrate judge's order on a non-dispositive matter that is "clearly erroneous or contrary to law." An order is contrary to law when it fails to apply or misapplies controlling legal standards. *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). ECF No. 39 is contrary to law on two independent grounds.

## II. THE UNDERLYING MOTION VIOLATED JUDGE WANG'S ONE-BUSINESS-DAY FILING RULE

Judge Wang's Uniform Civil Practice Standard **6.1A(b)** mandates that "all motions for extension of time … shall be filed no later than one business day prior to the operative deadline, unless there is an extenuating circumstance." Where a party files on the deadline itself, the standard requires that the motion "state" the extenuating circumstance.

The Larimer County Defendants were served by U.S. Marshals on March 17,

2026. Their response to the Amended Complaint was due 21 days later: April 7, 2026. Defense counsel filed ECF No. 36 on April 7, 2026 — the deadline itself, not one business day prior.

ECF No. 36 cites no extenuating circumstance for the late filing. Counsel states he was newly retained and needed time to obtain and review the file. That is not an extenuating circumstance. It is a description of ordinary case preparation. The motion was procedurally deficient when filed. Magistrate Judge Chung had no authority to grant a motion that failed to satisfy the threshold requirements of Judge Wang's practice standards.

## III. THE MOTION WAS GRANTED ON A BASIS JUDGE WANG'S RULES EXPRESSLY PROHIBIT

Judge Wang's Uniform Civil Practice Standard **6.1A(b)** states explicitly: "**The press of business does not constitute good cause for an extension of time.**"

The sole stated basis for ECF No. 36 is that defense counsel was newly retained, needed time to obtain case documents, review the record, and consult with his clients. This is, by definition, the press of business. It describes the ordinary workload of newly engaged counsel, not a circumstance that courts recognize as good cause.

Magistrate Judge Chung granted the extension without analysis of good cause and without reference to Judge Wang's controlling practice standard. The order

on its face rests entirely on the justification her rules prohibit. That is contrary to law.

## IV. THE ORDER ENABLES ACTIVE, IRREPARABLE HARM TO PLAINTIFF

The procedural deficiencies above are not abstract. They have direct, documented consequences for a homeless litigant whose ability to survive depends on his ability to drive.

On March 17, 2026, U.S. Marshals returned executed summonses on all defendants. On March 18, 2026 — 24 hours later — the state generated a new driver's license suspension notice. On March 20, 2026, Defendant Cindy Lucero emailed a demand for $300 by April 15 to prevent a suspension executing on April 20, 2026.

The 30-day extension granted by ECF No. 39 sets the defense response deadline at May 7, 2026 — 17 days after the April 20 suspension executes. Plaintiff and his daughter are currently homeless. Loss of driving privileges eliminates Plaintiff's ability to secure employment and income. The administrative delay granted by ECF No. 39 does not merely inconvenience Plaintiff — it ensures that a documented retaliatory enforcement action executes against a federal litigant before this Court can complete its review.

Granting extensions that allow ongoing constitutional harm to proceed is not a neutral scheduling act. *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012) (irreparable harm exists where constitutional violations are ongoing). The "no

prejudice" representation in ECF No. 36 is directly contradicted by this documented timeline.

## V. THE LARIMER COUNTY DEFENDANTS CANNOT BOOTSTRAP GOOD CAUSE FROM A SEPARATELY REPRESENTED PARTY

ECF No. 36 also invokes the schedule of Defendant Michelle Barnes, represented separately by the Colorado Attorney General's office, as justification for the Larimer County Defendants' extension. This argument is improper.

Defense counsel Michael Lowe does not represent Defendant Barnes. He cannot manufacture good cause for his own clients based on the schedule of a separately represented state official. Plaintiff has already communicated no objection to a reasonable extension for Ms. Barnes. The Larimer County Defendants are in a materially different position and are not entitled to shelter behind her timeline.

Choosing to coordinate strategy with another defendant is a tactical preference, not an extenuating circumstance. It does not satisfy Judge Wang's good cause standard.

## CONCLUSION

ECF No. 39 is contrary to law on two independent grounds: the underlying motion was filed on the deadline without stating an extenuating circumstance, and it was granted on the sole basis of the press of business, which Judge Wang's own practice standards explicitly prohibit as good cause. The order also

enables documented, imminent, irreparable harm to a homeless litigant.

WHEREFORE, Plaintiff respectfully requests that this Court:

- VACATE Magistrate Judge Chung's Minute Order (ECF No. 39);
- DENY the Larimer County Defendants' Motion for Enlargement of Time (ECF No. 36); and
- Order the Larimer County Defendants to respond to the Amended Complaint within seven days, or by such earlier date as the Court deems appropriate given the April 20, 2026 enforcement deadline.

Respectfully submitted,

/s/ Gerald Paul Hershfeldt
**Gerald Paul Hershfeldt**
Pro Se Plaintiff
429 E. 14th Ave. #107
Denver, CO 80203
jerry.hershfeldt@gmail.com
Civil Action No. 1:26-cv-00342-NYW-CYC

**AI CERTIFICATION**

The undersigned certifies that generative artificial intelligence — specifically,

Claude (Anthropic) — was used to assist in drafting this filing. The undersigned further certifies that all language drafted by AI was personally reviewed by Plaintiff for accuracy, and that all legal citations reference actual, non-fictitious cases or cited authority. This filing remains subject to Fed. R. Civ. P. 11.

/s/ Gerald Paul Hershfeldt

**Gerald Paul Hershfeldt**
Pro Se Plaintiff
429 E. 14th Ave. #107
Denver, CO 80203
720-378-8474
jerry.hershfeldt@gmail.com