**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,
Plaintiff,

v.

CARLEEN JOHNSTON, et al.,
Defendants.

**PLAINTIFF'S OPPOSITION TO MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO RULE 72 OBJECTIONS (ECF NO. 37)**

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a) and Judge Wang's Uniform Civil Practice Standards, Plaintiff conferred with defense counsel Michael Lowe via email on April 7, 2026, regarding the relief requested herein. Mr. Lowe acknowledged Plaintiff's objection at 7:41 AM on April 7, 2026, and stated: "Thank you for your prompt response. We will indicate your objection in our motions." Defendants oppose the relief requested herein.

Plaintiff Gerald Paul Hershfeldt, proceeding pro se, opposes the Motion for Enlargement of Time filed jointly by the Larimer County Defendants and Defendant Michelle Barnes (ECF No. 37), seeking a 14-day extension to April 21, 2026 to respond to Plaintiff's Rule 72 Objections (ECF No. 30). The motion seeks a neutral scheduling accommodation. It is not. The requested deadline falls one day after a scheduled license suspension against a homeless litigant, is based on a legally insufficient showing of good cause, and improperly merges two separately represented defendants to manufacture urgency that does not exist for both.

## I. THE "NO PREJUDICE" CLAIM IS CONTRADICTED BY DOCUMENTED FACTS

Defense counsel represents that "no party will be prejudiced should the Court grant this request." That representation is factually false and the timeline proves it.

On March 17, 2026, U.S. Marshals returned executed summonses on the Larimer County Defendants. On March 18, 2026—exactly 24 hours later—the state generated a new driver's license suspension notice. On March 20, 2026 at 5:31 PM, Defendant Cindy Lucero emailed a demand for $300 by April 15 to prevent a suspension executing on April 20, 2026. The requested extension deadline of April 21 falls one day after that suspension executes.

Plaintiff and his daughter are currently homeless. Loss of driving privileges

eliminates Plaintiff's ability to secure employment. Granting a 14-day extension that expires the day after a scheduled enforcement action against a homeless litigant is not a neutral outcome. It is irreparable prejudice by design, and the "no prejudice" representation to this Court is contradicted by the documented record.

## II. THE CASE IS NOT IN ITS "INFANCY" FOR THE LARIMER COUNTY DEFENDANTS

Defense counsel characterizes this as a case "still in its infancy." That characterization is inapplicable to the Larimer County Defendants, who have possessed actual knowledge of these claims and reviewed the underlying record for months before this motion was filed.

The Larimer County Combined Courts Records Department completed a 34-day file search and issued its written conclusion on January 13, 2026, that no child support order predating 2022 exists in the record. Director Heather O'Hayre conducted her own review of the case file, the ACSES system, and Plaintiff's state court motions, and issued official written conclusions in her February 5, 2026 letter, which is already in the record as Exhibit B to ECF No. 30. Defense counsel entered an appearance on March 20, 2026 and has engaged in LCivR 7.1 conferral. These defendants do not need 14 additional days to understand a file their own Director has already reviewed and committed to writing.

## III. THE LARIMER COUNTY DEFENDANTS CANNOT BOOTSTRAP GOOD CAUSE FROM A SEPARATELY REPRESENTED PARTY

ECF No. 37 is filed jointly on behalf of the Larimer County Defendants and Defendant Michelle Barnes. This joinder is procedurally improper as a vehicle for manufacturing good cause for the Larimer County Defendants.

Defense counsel Michael Lowe represents the Larimer County Defendants. Defendant Barnes is separately represented by the Colorado Attorney General's office. They are different defendants, served on different dates: the Larimer County Defendants were served on March 17, 2026; Defendant Barnes was served on March 25, 2026—eight days later. Their response obligations arose independently.

Plaintiff does not oppose a reasonable extension for Defendant Barnes. Plaintiff communicated this position to Mr. Lowe in writing on April 7, 2026. Mr. Lowe's decision to fold Defendant Barnes into the Larimer County Defendants' own extension motion—after Plaintiff had already agreed to Barnes's extension—manufactures the appearance of a unified scheduling problem that does not exist. The Larimer County Defendants cannot use Defendant Barnes as a shield to secure additional time for themselves.

Choosing to coordinate strategy with a separately represented defendant is a tactical preference, not an extenuating circumstance. Under Judge Wang's Uniform Civil Practice Standard **6.1A(b)**, good cause must be established with particularity. "**The press of business does not constitute good cause for an extension of time.**" Coordinating with co-defendants is, by definition, the press

of business.

## IV. THE APRIL 20 SUSPENSION TRAP IS NOT COINCIDENTAL

The requested April 21 deadline is not an administrative convenience. It is a date that falls one day after the documented April 20 license suspension—following a pattern already in the record:

- March 17, 2026: U.S. Marshals returned executed federal summonses.
- March 18, 2026: The state generated a new license suspension notice—within 24 hours of service.
- March 20, 2026, 5:31 PM: Defendant Lucero demanded $300 by April 15 to prevent an April 20 suspension.
- April 21, 2026: The requested extension deadline—one day after the suspension executes.

This sequence does not reflect coincidence. It reflects a calculated scheduling posture designed to allow the April 20 enforcement action to execute before this Court completes its de novo review of ECF No. 30. This Court should not accommodate that posture.

## CONCLUSION

The “no prejudice” representation is contradicted by the documented timeline. The “infancy” characterization is inapplicable to defendants whose Director has already reviewed and issued written conclusions on the underlying record. The joinder of Defendant Barnes does not manufacture good cause for the Larimer County Defendants, who were served eight days before her. The April 21 deadline ensures a retaliatory enforcement action executes unopposed.

WHEREFORE, Plaintiff respectfully requests that this Court:

- DENY the Motion for Enlargement of Time (ECF No. 37) as to the Larimer County Defendants;
- Decline to extend any deadline past April 20, 2026 given the active enforcement threat; and
- Proceed immediately to de novo review of Plaintiff’s Objections (ECF No. 30).

Respectfully submitted,

/s/ Gerald Paul Hershfeldt
**Gerald Paul Hershfeldt**
Pro Se Plaintiff

429 E. 14th Ave. #107
Denver, CO 80203
jerry.hershfeldt@gmail.com
Civil Action No. 1:26-cv-00342-NYW-CYC

**AI CERTIFICATION**

The undersigned certifies that generative artificial intelligence—specifically, Claude (Anthropic)—was used to assist in drafting this filing. The undersigned further certifies that all language drafted by AI was personally reviewed by Plaintiff for accuracy, and that all legal citations reference actual, non-fictitious cases or cited authority. This filing remains subject to Fed. R. Civ. P. 11.

/s/ Gerald Paul Hershfeldt
**Gerald Paul Hershfeldt**
Pro Se Plaintiff