**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00342-NYW-

CYC GERALD PAUL HERSHFELDT,
Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity;
JENNIFER BRANT, individually and in her official capacity;
TIMOTHY J. JASHINSKY, individually and in his official capacity;
CINDY LUCERO, individually and in her official capacity;
WENDY BATTS, individually and in her official capacity;
ARTHUR J. SPICCIATI, individually and in his official capacity;
LARRY BOYD, individually and in his official capacity;
JANE RODIG, individually and in her official capacity;
HEATHER O'HAYRE, in her official capacity;
MICHELLE BARNES, in her official capacity;
LAURIE GILL, in her official capacity;
LARIMER COUNTY, COLORADO,
Defendants.

---

**DEFENDANT MICHELLE BARNES, IN HER OFFICAL CAPACITY AS DIRECTOR OF THE COLORADO DEPARTMENT OF HUMAN SERVICES', RESPONSE TO PLAINTIFF'S OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [ECF 30].**

---

Defendant, Michelle Barnes, in her official capacity as Executive Director of the Colorado Department of Human Services ("Director Barnes"), by and through counsel of record, hereby submits this Response to Plaintiff's Objections to United States Magistrate Judge Denying Motion for Temporary Restraining Order ("Motion for TRO and PI") [ECF 30] and respectfully requests the Court adopt Magistrate Judge Chung's Recommendation.

## INTRODUCTION

Plaintiff's Objections are not true objections, but rather an attempt to supplement his Motion for TRO and Preliminary Injunction. Indeed, Plaintiff does not identify error by Magistrate Judge Chung. [ECF 30]. Rather, he adds exhibits and arguments to attempt to cure deficiencies in his Motion for TRO and PI identified by Magistrate Judge Chung. *Id*.

Magistrate Judge Chung correctly identified that Plaintiff's Motion for TRO and PI cannot proceed. First, Magistrate Judge Chung concluded Plaintiff failed to meet any procedural requirements associated with filing a motion for temporary restraining order without notice to an adverse party. [ECF 19, pp. 2-3]. Magistrate Judge Chung concluded Plaintiff's contention that one defendant may have retaliated upon receipt of notice was insufficient for not providing notice to all defendants. *Id*. at 2. This is not contested by Plaintiff. [ECF 30, p. 2]. Second, Magistrate Judge Chung concluded the Court could not enter a preliminary injunction without notice to the adverse party. [ECF 19, p. 5]. This is not contested by Plaintiff. [ECF 30, p. 2]. Third, Magistrate Judge Chung concluded Plaintiff did not make an adequate showing of substantial likelihood of success on the merits. [ECF 19, pp. 3-4]. This is not contested by Plaintiff. [ECF 30, pp. 2-8]. Rather, Plaintiff attempts to include new argument to subvert Magistrate Judge Chung's conclusions. *Id*.

## PROCEDURAL HISTORY

On January 27, 2026, Plaintiff filed this suit. [ECF 1]. He then amended his complaint and filed a Motion for TRO and PI on February 26, 2026. [ECF 9, 11]. On

March 10, 2026, Magistrate Judge Chung issued a Recommendation that recommended Plaintiff's Motion for TRO and PI be denied for improper compliance with procedural rules, lack of notice, and failure to show likelihood of success on the merits. [ECF 19]. On March 24, 2026, Plaintiff filed his Objections to Recommendation of United States Magistrate Judge Denying Motion for Temporary Restraining Order ("Objections")[1]. [ECF 30]. The following day, Plaintiff served Director Barnes with the Amended Complaint. [ECF 31]. Plaintiff never served Director Barnes with the Motion for TRO and PI, the Recommendation, or his Objections.

Upon preparing to file an entry of appearance, undersigned counsel pulled the case docket and saw the Motion for TRO and PI, Recommendation, and Objections. This was the first time Director Barnes and undersigned counsel learned of the Motion for TRO and PI, Recommendation, and Objections. Undersigned counsel and counsel for the county defendants immediately moved for an extension of time to respond to Plaintiff's Objection. [ECF 37]. This Court permitted a one-week extension of time. [ECF 40]. Director Barnes has not yet responded to the Amended Complaint, but has a responsive deadline of May 6, 2026. [ECF 49].

## LEGAL STANDARDS

This Court, "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); *see also Quint v.*

[1] Director Barnes' name does not appear once in Plaintiff's Motion for TRO and PI. Plaintiff's objections also barely reference Director Barnes. Her name only appears in a conferral and once in the argument, but just as a reference to her title.

*Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023) (concluding review of properly objected to portions of magistrate recommendations on a motion for preliminary injunction are reviewed de novo). In turn, for the portions of a recommendation to which there is no objection, courts will review only for plain error. *Williams v. Klein*, 20 F.Supp.3d 1171, 1173 (D. Colo. 2014) (citing *Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes. The court, "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). General objections do not preserve the objection for de novo review. NYW Civ Practice Standard 72.3.b. Parties objecting must identify, with particularity, the specific portions of the Recommendation that support the objection. *Id*.

It is well established that issues raised for the first time in objections to a magistrate's recommendation are deemed waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *Garrett v. BNC Mortg., Inc.*, 929 F. Supp.2d 1120, 1129 (D. Colo. 2013) (declining to consider arguments only raised in objections and because it deprived the other party with an opportunity to respond); *Warner Records Inc. v. Charter Communications, Inc.*, 454 F.Supp.3d 1069, 1073 (D. Colo. 2020) ("Legal theories raised for the first time in objections to a magistrate judge's recommendation are deemed waived.") (citing *U.S. v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). This Court requires parties identify arguments and/or exhibits not made to the Magistrate and

explain why they should be considered for the first instance upon objection. NYW Civ Practice Standard 72.3.b.

The court may issue a temporary restraining order without written or oral notice to the adverse party *only if* specific facts in an affidavit or verified complaint clearly show immediate and irreparable injury, loss, or damage before the adverse party can be heard *and* there is a certification of notice efforts and why notice should not be required. Fed. R. Civ. P. 65(b)(1) (emphasis added). This district's local rules require an ex parte motion for temporary restraining order be accompanied by a certificate of a pro se party attesting that (1) the moving party has provided copies of all pleadings and documents filed in the action to date or to be presented to the court at the hearing to opposing counsel and any unrepresented adverse party, or (2) the moving party has made efforts to give such notice and furnish such copies. D.C.COLO.LCivR 65.1(a). "Except as provided by Fed. R. Civ. P. 65(b)(1), the court *shall not* consider an ex parte motion for temporary restraining order." D.C.COLO.LCivR 65.1(a)(2) (emphasis added).

A party seeking a temporary restraining order or preliminary injunctive relief must satisfy four factors: (1) a substantial likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015).

# ARGUMENT

## I. This Court should accept Magistrate Judge Chung's recommendation to deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

### A. Plaintiff agrees that he failed to comply with applicable notice rules and requirements.

*Objection 1*[2]: Magistrate Judge Chung correctly concluded Plaintiff's request for a temporary restraining order should be dismissed for failure to comply with applicable rules of procedure. [ECF 19, pp. 1-3]; *See* Fed. R. Civ. P. 65; D.C.COLO.LCivR 65.1(a). Plaintiff agrees. He concedes he "did not provide adequate notice to all Defendants under Fed. R. Civ. P. 65(b)(1) and Local Rule 65.1" and "concedes the ex parte defect". *See* Federal Rule of Civil Procedure 65(b)(1); D.C.COLO.LCivR 65.1(a). (requiring specific procedural steps when filing a motion for temporary restraining order without notice to the adverse party). Moreover, Magistrate Judge Chung correctly concluded Plaintiff's purported fear of retaliation by one defendant does not justify failing to provide notice to other defendants. [ECF 19, p. 2]. Accordingly, it is undisputed that Magistrate Judge Chung correctly concluded that Plaintiff's request for temporary restraining order fails for not complying with applicable rules of procedure.

Magistrate Judge Chung also correctly concluded that this Court cannot issue a preliminary injunction due to the lack of notice to defendants. Fed. R. Civ. P. 65(a)(1) ("[t]he court may issue a preliminary injunction only on notice to the adverse party.")

---

[2] Plaintiff titles this as Objection 1, but it is an admission of not providing notice and a request to treat Plaintiff's Objections as a new Motion for Preliminary Injunction. To avoid confusion over numbering, Director Barnes will mirror the objection numbers as identified by Plaintiff.

Plaintiff again agrees. [ECF 30, p. 2] ("The Magistrate Judge correctly identified that Plaintiff's original motion did not provide adequate notice to all Defendants…Plaintiff does not contest this finding.) It is undisputed Director Barnes never received notice of Plaintiff's request for a preliminary injunction. Accordingly, the Federal Rules of Civil Procedure require affirmance of Magistrate Judge Chung's recommendation to deny Plaintiff's request for preliminary injunction.

### B. Magistrate Chung correctly concluded Plaintiff did not show a substantial likelihood of success on the merits.

*Objections two, three, and four*: Plaintiff's second objection asserts Magistrate Judge Chung misinterpreted Plaintiff's evidence, not because of Magistrate Judge Chung's error, but rather because Plaintiff's Motion for TRO and PI did not provide Magistrate Judge Chung with "the complete records." *See* [ECF 30, p. 2] ("Exhibit A provides the complete records chain the Magistrate Judge did not have."). Similarly, objection three argues that Exhibit B to the Objections now provides this Court with sufficient evidence to support a finding of likelihood of success on the merits. [ECF 30, p. 3]. Exhibits referenced in objections two and three were not before Magistrate Judge Chung and are raised for the first time through the Objections. [ECF 30, p. 2] ("Exhibit A provides the complete record chain the Magistrate Judge did not have"); [ECF 30, p. 4] ("The Separation Agreement is Exhibit B hereto.").

Plaintiff's fourth objection also does not assert Magistrate Judge Chung erred. [ECF 30, pp. 4-6]. Rather, Plaintiff inserts new claim analysis not previously before Magistrate Judge Chung. *Id*. However, objections based on issues never presented to Magistrate Judge Chung are improper and waived. *Wahpekeche v. Pettigrew*, 169 F.4th

1176, 1183 (10th Cir. 2026) ("'[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.'") (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *Gilbert v. U.S. Olympic Committee*, 423 F. Supp.3d 1112, 1125 (D. Colo. 2019) ("Parties may not raise in their objections any novel arguments that they did not raise before the magistrate judge. Such arguments are deemed waived."); *Muhleisen v. Principi*, 73 Fed. Appx. 320, 322 (10th Cir. 2003) (concluding no obligation to consider exhibits introduced for the first time in an objection to a magistrate recommendation) (unpublished) (2003 WL 21662028); *see* Fed. R. Civ. P. 72 (permitting parties to file specific written objections to the proposed findings and recommendations). Nevertheless, Magistrate Judge Chung is correct that Plaintiff's Motion for TRO and PI is devoid of claim analysis and that it is not this Court's role to stitch together Plaintiff's exhibits and assert argument for him. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (concluding it is not the court's role to make arguments for a pro se party). Even considering the objections and exhibits, it is unclear how Plaintiff can show substantial likelihood of success against Director Barnes as there is no discussion on how any claims would be successful against her. [ECF 30]. Indeed, her name only comes up in the conferral section and once to identify her role. *Id*. And the attached exhibits only relate to communications between third parties and the county, not Director Barnes or the State. [ECF 30]. Moreover, his assertion that section 26-13-106, C.R.S. supports that a child support order cannot be entered without a collection of social security numbers for the parties and children fails because section 26-13-106, C.R.S. does not support this proposition. Accordingly, Plaintiff waived objections two,

three, and four, Magistrate Judge Chung correctly concluded that Plaintiff did not sufficiently show a substantial likelihood of success on the merits, and even considering new arguments and exhibits Plaintiff still fails to show a substantial likelihood of success on the merits.

*Objections five and six*: Plaintiff's fifth and sixth objections assert argument regarding irreparable harm, balance of equities, and weighing the public's interest. [ECF 30, pp. 6-8]. However, Magistrate Judge Chung did not reach the questions of irreparable harm, balance of equities, or public interest, due to Plaintiff's failure to assert substantial likelihood of success on the merits. [ECF 19]. Plaintiff does not contend any error for not reaching these factors. [ECF 30]. Rather, Plaintiff again attempts to supplement his motion by raising new arguments and putting forth evidence not before Magistrate Judge Chung. [ECF 30, p. 6] ("The Magistrate Judge found that Plaintiff did not make a strong showing of irreparable harm…Plaintiff now submits documentary evidence establishing that chain."). Moreover, Magistrate Judge Chung did not err by not reaching questions on irreparable harm, balance of equities, and public interest. *Denver Homeless Out Loud v. Denver, Colo.*, 32 F.4th 1259, 1277 (10th Cir. 2022) (an injunction cannot be issued without establishing a strong showing of likelihood of success on the merits).[3]

**C. Plaintiff requests improper relief in his Objections.**

[3] Objections five and six also improperly assert new information and new arguments. [ECF 30, p. 6] ("Plaintiff now submits documentary evidence establishing that chain.")

Through his Objections, Plaintiff improperly requests this Court address the underlying merits of his claims and rule on the validity of his child support order. [ECF 30, p. 8]. This requested relief is not contained within the original Motion for TRO and PI. Requesting unrelated and new forms relief, wholly unrelated to the Motion for which Objections were lodged, and is improper and should be denied. Moreover, Director Barnes has not yet filed a responsive pleading and will do so on or before the May 6, 2026 deadline.

Plaintiff also requests this Court consider his Objections as a new Motion for Preliminary Injunction. [ECF 30, p. 2, 8]. This Court should deny this request. An objection to a Magistrate's Recommendation is not an avenue to supplement or cure motion deficiencies. *Marshall*, 75 F.3d at 1426; *Gilbert*, 423 F. Supp.3d at 1125.

If this Court is inclined to treat Plaintiff's Objections as a new Motion for Preliminary Injunction or another request for temporary restraining order, Director Barnes requests this Court provide her a responsive deadline that exists outside of magistrate objections to avoid prejudice and to allow the parties to proceed through the proper course of litigation.

**CONCLUSION**

For the foregoing reasons, Director Barnes requests that the Court overrule Plaintiff's Rule 72(b) objections and accept Magistrate Judge Chung's recommendation to deny Plaintiff's Motion for TRO and PI.

Respectfully submitted this 14th day of April 2026.

Undersigned counsel certifies she did not use generative artificial intelligence to draft this filing.

*s/Rachel E. Ollis*
Rachel E. Ollis, *Reg.* #56553
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6201
Email: rachel.ollis@coag.gov
*Attorney for Defendant Michelle Barnes in her official capacity as Executive Director of the Colorado Department of Human Services.*
Counsel of Record

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2026, I electronically filed the foregoing **DEFENDANT MICHELLE BARNES, IN HER OFFICAL CAPACITY AS DIRECTOR OF THE COLORADO DEPARTMENT OF HUMAN SERVICES', RESPONSE TO PLAINTIFF'S OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [ECF 30 ]** with the Clerk of Court using the CM/ECF system and I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Gerald Paul Hershfeldt
429 East 14th Avenue, #107
Denver, CO 80203
Jerry.hershfeldt@gmail.com
*Pro Se*

Michael T. Lowe
Bruno, Colin, Goddard & Lowe, P.C.
1120 Lincoln Street, Suite 1606
Denver, CO 80203
Telephone: (303) 831-1099
mlowe@brunolawyers.com
*Counsel for Larimer County Defendants*

Nicholas C. Poppe
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
NPoppe@ndm-law.com
*Counsel for Defendant Gill*

*s/Rachel E. Ollis*
Rachel E. Ollis
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 50-6201
Email: rachel.ollis@coag.gov
*Attorney for Defendant Michelle Barnes in her official capacity as Executive Director of the Colorado Department of Human Services*