**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity;
JENNIFER BRANT, individually and in her official capacity;
TIMOTHY J. JASHINSKY, individually and in his official capacity;
CINDY LUCERO, individually and in her official capacity;
WENDY BATTS, individually and in her official capacity;
ARTHUR J. SPICCIATI, individually and in his official capacity;
LARRY BOYD, individually and in his official capacity;
JANE RODIG, individually and in her official capacity;
HEATHER O'HAYRE, in her official capacity;
MICHELLE BARNES, in her official capacity;
LAURIE GILL, in her official capacity;
LARIMER COUNTY, COLORADO,

Defendants.

---

**RESPONSE TO OBJECTION TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Defendants Carleen Johnston, Jennifer Brant, Timothy J. Jashinsky, Cindy Lucero, Wendy Batts, Arthur J. Spicciati, Heather O'Hayre, and Larimer County, Colorado ("Larimer County Defendants"), by and through their undersigned counsel of record, hereby respond to Plaintiff's Objections to Recommendation of United States Magistrate Judge [ECF 30], as follows:

## Argument

Plaintiff's Objections [ECF 30] to the Magistrate Judge's Recommendation [ECF 19] should be overruled, and the Recommendation adopted in full, for the following reasons:

First, and as a threshold matter, Plaintiff does not assert any specific error to any specific finding in the Magistrate Judge's Recommendation. Rather, Plaintiff improperly moves for multiple forms of relief for the first time in his Objections, which is inappropriate. *See, e.g., Gabriel v. Emergency Med. Specialists, P.C.*, 2016 U.S. Dist. LEXIS 59291, at *1 (D. Colo. 2016) ("… in conflating his objection to the order of the magistrate judge with other requests for substantive relief, plaintiff's submission contravenes the local civil rules of this district court.") (citing D.C.COLO.LCivR 7.1(d) ("A motion shall be filed as a separate document.")). Therefore, Plaintiff's requests: (1) to exceed the page limit,[1] [ECF 30] at 1; (2) to have "this filing be treated as a noticed Preliminary Injunction motion under Fed. R. Civ. P. 65(a)," *id.* at 2; (3) to "[t]reat Plaintiff's motion (ECF No. 11), as supplemented by these Objections," *id.* at 8; (4) to "[f]ind … that no valid child support order predating June 2, 2022 exists in the official record of Case No. 15DR000229," *id.*; and (5) to find "that Defendants' enforcement actions were conducted without a lawful judicial predicate," *id.*, should all be denied as brought in violation of this Court's Local Rules, consistent with the Magistrate Judge's Recommendation.

[1] Notably, Plaintiff characterizes this request as "unopposed." That is not the case. To undersigned counsel's knowledge, Plaintiff never sought conferral on the page limit from any Defendant prior to filing his objections on March 24, 2026.

Second, Plaintiff's Objection is not sufficiently specific, because "[t]o be sufficiently specific, an objection must 'enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Gilmore v. Sicotte*, 2016 U.S. Dist. LEXIS 25222, at *3 (D. Colo.) (quoting *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). Moreover, "[g]enerally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge." *Parks v. Persels & Assocs., LLC*, 509 B.R. 345, 357 (D. Kan. 2014) (quoting *Grant v. Bradt*, 2012 U.S. Dist. LEXIS 123981, 2012 WL 3764548, at *4 (S.D.N.Y.2012)); *see also Meeker v. Life Care Ctrs. of Am.*, 2016 U.S. Dist. LEXIS 201384, at *6-7 (D. Colo. 2016) (finding that the fact of discretion afforded by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3) is sufficient to refuse review of additional argument and evidence and "alone are sufficient to affirm" the magistrate judge's recommendation). In this regard, Plaintiff's original Motion for Temporary Restraining Order [ECF 11] did not seek the substantive relief that he now requests, i.e., "find[ing] … that no valid child support order predating June 2, 2022 exists in the official record of Case No. 15DR000229," and "that Defendants' enforcement actions were conducted without a lawful judicial predicate." [ECF 30] at 8. Rather, the original TPO Motion sought only to have Defendants "(a) immediately direct Experian, Equifax, and TransUnion to suppress or delete all negative tradelines associated with Case No. 2015DR000229; and (b) immediately cease all wage garnishment, tax intercept, and license suspension enforcement actions predicated on that case number." [ECF 11] at 1, 5. Thus, because Plaintiff's Objection seeks different

relief than that sought by the original TPO Motion on which the Magistrate Judge ruled, and in that effort marshals additional evidence not presented to the Magistrate Judge, [ECF 30] at 2, Plaintiff's Objections "frustrate[] the policy behind the Magistrate's Act," and should be overruled. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059-60 (10th Cir. 1996) (finding that insufficiently specific objections do not "advance the policies behind the Magistrates Act" and do not "preserve an issue for review," quoting, *inter alia*, *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1165 (10th Cir. 1986)). In short, Plaintiff's objections raise evidence and issues "for the first time" and are therefore "deemed waived." *Wade v. Fairbairn*, 2024 U.S. App. LEXIS 12398, at *10 (10th Cir. 2024) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

Third, Plaintiff's Objections do not adequately respond to the grounds or reasoning of the Magistrate Judge's Recommendation to deny Plaintiff's TPO Motion. With respect to the Magistrate Judge's threshold finding that Plaintiff did not provide notice of the Motion in derogation of the Federal Rules of Civil Procedure and Local Rules of this District and the Motion should therefore be denied, [ECF 19] at 2-3, Plaintiff first admits the error and then responds only that "the procedural deficiencies are cured and Plaintiff consents to notice." [ECF 30] at 2. It is unclear what Plaintiff means by "Plaintiff consents to notice," but there is no question that the "procedural deficiencies" have not been "cured." And, indeed, they cannot be. In the face of this finding, Plaintiff was obligated to explain why, via affidavit or verified complaint, he was prevented from providing notice to all the Defendants in this matter. D.C.COLO.LCivR 65.1(a). Plaintiff does not do so. Rather, Plaintiff simply admits he did not provide notice, and then suggest that he will

cure this flaw by serving the Objections "and all exhibits on appearing counsel[.]" *Id.* at 2. This, of course, not only ignores Plaintiff's obligation under D.C.COLO.LCivR 65.1(a) to notice "opposing counsel and *any unrepresented adverse party*," [ECF 19] at 2 (emphasis added), it does not explain why he was incapable of noticing all Defendants in the matter, as required by rule and the Magistrate's Recommendation. As noted by the Magistrate Judge, this failure alone is sufficient to justify denying the TPO Motion. [ECF 19] at 3 (citing *Evans v. Janeway Law Firm*, No. 25-cv-02761-STV, 2025 WL 3516306, at *1 (D. Colo. Sept. 8, 2025); *Duke v. H & R Block Bank*, No. 10-cv-01927-REB-KLM, 2010 WL 3307483, at *1 (D. Colo. Aug. 18, 2010); *Leslie v. JP Morgan Chase Bank, N.A.*, No. 10-cv-01756-PAB, 2010 WL 3087496, at *1 (D. Colo. Aug. 5, 2010)).

With respect to Plaintiff's failure to meet the substantive elements of the merits of his claim, which the remaining objections purport to address, Plaintiff's objections are similarly infirm. In response to the Magistrate's Finding that Plaintiff did not strongly show a likelihood of success on his claims, [ECF 19] at 4, Plaintiff initially provides additional evidence in the form of an expanded "Exhibit 2" to his original reference in the TPO Motion. [ECF 30] at 2. Purporting to "establish that no valid child support order exists in the official record," and that the Magistrate Judge "misread Exhibit 2" in the original TPO Motion, *id.*, in fact Plaintiff's proffered additional email correspondence does nothing of the sort. Rather, it suffers from the same shortcomings as his original attachment, i.e., even in its purported "complete" form, the email exchange with the Larimer County Court Records Department still "does not appear to admit anything about the nonexistence of an order" as noted by the Magistrate Judge. *Compare* [ECF 19] at 4; [ECF 30] at 2-3. The

extended email exchange demonstrates, at most, that the Records Department simply did not provide Plaintiff with the pleading he asked for; there is no evidence, let alone a specific statement, that the pleading does not exist, as Plaintiff repeatedly asserts. Moreover, the statute upon which Plaintiff repeatedly claims a legal basis for his TPO Motion, C.R.S. § 26-123-106, does not, in fact, "make[] collection of Social Security Numbers for all parties and children a mandatory prerequisite to entry of any child support order." [ECF 30] at 3. Rather, that statute simply describes the procedures through which child support enforcement services and their enforcement might be had, and establishes a state fund to support program operations. Thus, as noted by the Magistrate Judge, Plaintiff fails to show a strong likelihood of success on the merits, both factually and legally, and this failure alone is fatal to Plaintiff's Motion. [ECF 19] at 4 (citing *Denver Homeless Out Loud v. Denver, Colo.*, 32 F.4th 1259, 1277 (10th Cir. 2022) ("An injunction can issue only if each factor is established.")).

Of final note, Plaintiff spends the remainder of his objections addressing elements for granting temporary restraining orders which the Magistrate Judge never addressed, because the finding that Plaintiff failed to show a strong likelihood of success on the merits was determinative. *Id.*; [ECF 30] at 4-8 (arguing the restraining order elements of irreparable harm, balance of equities, and public interest). Therefore, these arguments suffer the same fate as his other objections, because they are ultimately nothing more than additional arguments raised for the first time, were not considered by the Magistrate Judge, and are therefore deemed waived. *Marshall*, 75 F.3d at 1426.

WHEREFORE, for the reasons and authority set forth above, the Larimer County Defendants request that this Court overrule Plaintiff's Objections to Recommendation of United States Magistrate Judge [ECF 30], adopt the Recommendation of United States Magistrate Judge [ECF 19] in full, and grant such other relief as this Court may deem appropriate.

**Undersigned counsel certifies he did not use generative artificial intelligence to draft this pleading.

Respectfully submitted this 14th day of April, 2026.

*s/Michael T. Lowe*
Michael T. Lowe
Bruno, Colin, Goddard & Lowe, P.C.
1120 Lincoln Street, Suite 1606
Denver, CO 80203
Telephone: (303) 831-1099
mlowe@brunolawyers.com
*Counsel for Larimer County Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2026, a true and correct copy of the foregoing **RESPONSE TO OBJECTON TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** was electronically filed with service as follows:

Gerald Paul Hershfeldt
429 East 14th Avenue, #107
Denver, CO 80203
Jerry.hershfeldt@gmail.com

Pursuant to D.C.COLO.LCivR 7.1(e), any unpublished citations identified in the above Motion will be provided to *pro se* Plaintiff, electronically on April 14, 2026.

*s/ Julie Bozeman*
Julie Bozeman, Paralegal
Bruno, Colin, Goddard & Lowe, P.C.