**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity,
JENNIFER BRANT, individually and in her official capacity,
TIMOTHY J. JASHINSKY, individually and in his official capacity,
CINDY LUCERO, individually and in her official capacity,
WENDY BATTS, individually and in her official capacity,
ARTHUR J. SPICCIATI, individually and in his official capacity,
LARRY BOYD, individually and in his official capacity,
JANE RODIG, individually and in her official capacity,
HEATHER O'HAYRE, in her official capacity,
MICHELLE BARNES, in her official capacity,
LAURIE GILL, in her official capacity,
LARIMER COUNTY, COLORADO,

Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S ORDER

---

This matter is before the Court on the Honorable Magistrate Judge Cyrus Y. Chung's Minute Order granting Defendants Carleen Johnston, Jennifer Brant, Timothy J. Jashinsky, Cindy Lucero, Wendy Batts, Arthur J. Spicciati, Heather O'Hayre, and Larimer County, Colorado's ("Larimer County Defendants") Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint (the "Motion"). [Doc. 39, issued April 7, 2026]. In the Minute Order, Judge Chung granted "for good cause shown" the Larimer County Defendants' request for an additional 30 days to respond to Plaintiff's Complaint, making the responsive pleading deadline May 7, 2026. [*Id.*; Doc. 36].

The day after the Minute Order, Plaintiff Gerald Paul Hershfeldt ("Plaintiff" or "Mr. Hershfeldt") timely filed Plaintiff's Emergency Objection to Magistrate Judge Order (ECF No. 39) Pursuant to Fed. R. Civ. P. 72(a). [Doc. 41]. In his objection, Mr. Hershfeldt requests that the Court vacate Judge Chung's Minute Order, deny the Larimer County Defendants' Motion for Enlargement of Time, and order the Larimer County Defendants to respond to the Amended Complaint within at most seven days. [*Id.* at 6]. For the reasons set forth in this Order, Mr. Hershfeldt's Objection is respectfully **OVERRULED**.

## LEGAL STANDARDS

### I. Rule 72(a)

When a party objects to a magistrate judge's nondispositive order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Although the Tenth Circuit has not addressed whether a party's objection to a magistrate judge's nondispositive order must be "specific," district courts within the Tenth Circuit routinely interpret Rule 72(a) to require objections to be "specific." *See, e.g.*, *Hawkins v. Ghiz*, No. 2:18-cv-00466-DBB-JCB, 2021 WL 308238, at *1 (D. Utah Jan. 29, 2021); *Gilmore v. L.D. Drilling, Inc.*, No. 16-cv-02416-JAR-TJJ, 2017 WL 5904034, at *1 (D. Kan. Nov. 30, 2017); *Martin v. Henderson*, No. 09-cv-02574-MSK-CBS, 2011 WL 864293, at *2 (D. Colo. Mar. 10, 2011). And Rule 72(a) expressly advises litigants that "[a] party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

### II. Pro Se Filings

Because Mr. Hershfeldt proceeds pro se, the Court affords his filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court

cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Mr. Hershfeldt as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

**ANALYSIS**

Mr. Hershfeldt advances four arguments for why Judge Chung's Minute Order is contrary to law: (1) the Motion was filed on the same day as the responsive pleading deadline, thereby violating this Court's rule that motions for extension of time "shall be filed no later than one business day prior to the operative deadline," [Doc. 41 at 2–3 (citing NYW Civ. Practice Standard 6.1A(b))]; (2) the reason that the Larimer County Defendants sought the extension of their deadline was because of press of business, which does not constitute good cause in this Court, [*id.* at 3–4 (citing NYW Civ. Practice Standard 6.1A(b))]; (3) the Order "enables active, irreparable harm to Plaintiff," [*id.* at 4–5]; and (4) the Motion's invocation of "the schedule of Defendant Michelle Barnes, represented separately by the Colorado Attorney General's office," as justification for the Motion's requested extension is improper, [*id.* at 5].

Under the applicable standard of review for Rule 72(a), a magistrate judge's findings should not be rejected merely because the district court would have decided the matter differently. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A district court must affirm a magistrate judge's decision unless "on the entire evidence" the district court "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted). Applying this standard, the Court readily concludes that Mr. Hershfeldt's

Objections should be overruled. But because Mr. Hershfeldt proceeds without an attorney, the Court addresses each argument briefly in turn, despite the fact that he is not entitled to a de novo review.

First, the Civil Practice Standards state only that "[a]n extension of time to file a document must be sought by way of an appropriate written motion *filed as far in advance of the deadline as possible*." NYW Civ. Practice Standard 6.1A(b) (emphasis added). Subsection (d) provides that "[n]o motion for an extension of time to file a document shall be considered unless it is filed on or before the original filing deadline date." NYW Civ. Practice Standard 6.1A(d). Here, Mr. Hershfeldt concedes that the Motion was filed on the original filing deadline. Accordingly, this Objection is respectfully overruled.

Second, while it is true that the Civil Practice Standards state that "*[t]ypically*, the press of business does not constitute good cause for an extension of time," NYW Civ. Practice Standard 1.1(b) (emphasis added), here, Judge Chung found that the reasons set forth by the Larimer County Defendants in seeking an extension did constitute good cause, *see* [Doc. 39 (ordering that the Motion is "granted for good cause shown" (emphasis omitted))]. And the Tenth Circuit has explained that the rule governing extensions of time for good cause "should be liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). Judge Chung's finding of good cause here is not "contrary to law."

Third, while the Court appreciates Mr. Hershfeldt's position regarding the possibility that his driver's license is suspended, Mr. Hershfeldt has not pointed to any law that the Minute Order is contrary to. Additionally, there are no motions pending relating to Mr. Hershfeldt's driving license, and Mr. Hershfeldt has not explained how the

timing of the Larimer County Defendants' responsive pleading impacts the suspension of his driving license.

Fourth, the Court could not find any reference to Defendant Michelle Barnes's schedule in the Motion. *See* [Doc. 36]. Regardless, as discussed above, Judge Chung's finding of good cause shown here is not contrary to law or clearly erroneous.

Accordingly, Mr. Hershfeldt's Objection is respectfully **OVERRULED**.

**CONCLUSION**

For the reasons explained above, **IT IS ORDERED** that:

(1) Plaintiff's Emergency Objection to Magistrate Judge Order (ECF No. 39) Pursuant to Fed. R. Civ. P. 72(a) is **OVERRULED**; and

(2) The Order of United States Magistrate Judge [Doc. 39] is **ADOPTED**.

DATED: April 14, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge