**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, et al.,

Defendants.

---

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

---

Plaintiff Gerald Paul Hershfeldt, proceeding pro se and in forma pauperis, respectfully moves this Court for an order extending the time to effect service of process on Defendants Larry Boyd and Jane Rodig (the “South Dakota Defendants”) pursuant to Federal Rule of Civil Procedure 4(m). In support of this motion, Plaintiff states as follows:

1. Plaintiff filed his original Complaint in this action on January 27, 2026. The 90-day period for service under Rule 4(m) is set to expire on or about April 27, 2026.

2. Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915, and the U.S. Marshals Service is statutorily obligated to effect service on Plaintiff’s behalf under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

3. The original summonses issued for the South Dakota Defendants were returned unexecuted. See ECF Nos. 44 (Rodig) and 45 (Boyd). The original USM-285 forms reflected address information drawn from publicly available sources, which was subsequently determined to be incorrect for the purpose of effecting service on the South Dakota Defendants.

4. On April 8, 2026, Plaintiff filed initial corrected summons requests for both South Dakota Defendants reflecting the corrected service address, which Plaintiff identified from an employment verification form that Defendant Rodig had previously sent to Plaintiff. See ECF No. 43.

5. On April 8, 2026, the Clerk of Court identified that the caption on the summonses required all named defendants to be listed individually rather than abbreviated with "et al." See ECF No. 46. Plaintiff prepared corrected paperwork to comply with this requirement, which delayed issuance of the alias summonses.

6. On April 17, 2026, Plaintiff filed a renewed Summons Request for Defendants Boyd and Rodig. See ECF No. 53.

7. On April 24, 2026 — one business day before the expiration of the Rule 4(m) period — the Clerk of Court issued the alias summonses for Defendants Boyd and Rodig. See ECF No. 54. The U.S. Marshals Service has therefore had valid alias summonses for the South Dakota Defendants for less than one business day prior to the deadline.

8. Plaintiff has acted diligently throughout this process. The original USM-285 forms reflected the address information available to Plaintiff at the time. After the original summonses were returned unexecuted, Plaintiff promptly investigated and identified the correct service address, and submitted corrected USM-285 paperwork. Plaintiff is proceeding pro se and in forma pauperis without access to the investigative resources available to represented parties.

9. The Tenth Circuit construes Rule 4(m) liberally for pro se litigants proceeding in forma pauperis. An IFP plaintiff who provides the information available to him is entitled to rely on the U.S. Marshals Service to effect service, and the Marshals' inability to serve

through no fault of the plaintiff constitutes good cause for an extension. See *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003).

10. Even absent a showing of good cause, this Court retains discretion under Rule 4(m) to extend the time for service. See *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995).

11. Plaintiff respectfully submits that good cause exists for the requested extension. Plaintiff is proceeding pro se and in forma pauperis. The original USM-285 forms reflected the address information then available to Plaintiff. When the original summonses returned unexecuted, Plaintiff promptly investigated, identified the correct service address, and submitted corrected USM-285 paperwork. The Clerk identified that the caption on the summonses required all named defendants to be listed individually, and Plaintiff prepared corrected paperwork accordingly. The alias summonses were issued by the Clerk on April 24, 2026 — one business day before the expiration of the Rule 4(m) period. The U.S. Marshals Service has not had a meaningful opportunity to execute the issued alias summonses prior to the deadline.

12. Plaintiff requests an additional sixty (60) days from the date of this Court's order to permit the U.S. Marshals Service to execute service of the alias summonses issued on April 24, 2026.

13. No defendant will be prejudiced by the requested extension. The remaining defendants in this action have already been served, and Defendant Laurie Gill — the official-capacity South Dakota defendant — has been served and is litigating. The case is proceeding in normal course.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Grant this Motion;

B. Direct the U.S. Marshals Service to effect service of the alias summonses issued on April 24, 2026 (ECF No. 54) and the operative complaint on Defendants Larry Boyd and Jane Rodig;

C. Extend the time for service on the South Dakota Defendants under Rule 4(m) by sixty (60) days from the date of this Court's order; and

D. Grant such further relief as this Court deems just and proper.

Respectfully submitted this 27th day of April, 2026.

Gerald Paul Hershfeldt
Pro Se Plaintiff
429 E. 14th Ave. #107
Denver, CO 80203
Telephone: (720) 378-8474
Email: [your email]

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2026, I electronically filed the foregoing PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m) using the CM/ECF system, which will send notification of such filing to all counsel of record.

Gerald Paul Hershfeldt

Pro Se Plaintiff