**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, et al.,

Defendants.

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT GILL'S MOTION TO DISMISS OUT OF TIME PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)(B)**

---

Plaintiff Gerald Paul Hershfeldt, proceeding pro se and in forma pauperis, respectfully moves this Court for leave to file his response to Defendant Laurie Gill’s Motion to Dismiss out of time pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). In support of this motion, Plaintiff states as follows:

1. Defendant Gill filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). Plaintiff’s response was due April 24, 2026. The deadline has passed.

2. Plaintiff did not timely file his response. Plaintiff respectfully requests leave to file his response now and submits that excusable neglect exists under Rule 6(b)(1)(B).

3. Plaintiff is proceeding pro se and in forma pauperis. During the period leading to the response deadline, Plaintiff has been without stable housing and without consistent access to electrical power or internet connectivity necessary to draft and file legal documents through CM/ECF. These conditions have materially impaired Plaintiff’s ability to meet filing deadlines despite diligent efforts.

4. Plaintiff has nonetheless remained engaged with the case during this period. Plaintiff has filed a Summons Request on April 17, 2026 (ECF No. 53), and is contemporaneously filing a Motion for Extension of Time to Effect Service on the South Dakota Defendants under Rule 4(m).

5. Federal Rule of Civil Procedure 6(b)(1)(B) provides that this Court may, for good cause, extend a deadline after it has expired upon a showing of excusable neglect. The Supreme Court's standard for excusable neglect, established in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), considers (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

6. Each Pioneer factor supports granting leave:

   a. **No prejudice to Defendant Gill.** Defendant Gill's motion was filed only recently, no scheduling order is yet in place, and the brief delay in receiving Plaintiff's response will not materially affect her position or the resolution of her motion.

   b. **Minimal length of delay.** Plaintiff is filing within days of the missed deadline.

   c. **Reason for the delay.** Plaintiff's homelessness, lack of phone access, and intermittent power and internet connectivity are not within Plaintiff's reasonable control. These conditions have been documented throughout this litigation.

   d. **Good faith.** Plaintiff has acted in good faith throughout this proceeding. Plaintiff seeks leave to respond promptly upon obtaining the resources necessary to do so.

7. Tenth Circuit law applies the Pioneer factors with particular consideration for pro se litigants. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (pro se filings are construed liberally).

8. Plaintiff's response will not duplicate any work the Court must perform. To the contrary, Plaintiff's forthcoming response is expected to substantially narrow the issues before the Court by conceding portions of Defendant Gill's motion and clarifying the procedural posture of the claims against the South Dakota institutional defendants.

9. Granting this motion serves the interests of justice and the resolution of Defendant Gill's motion on a complete record.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Grant this Motion;

B. Accept Plaintiff's response to Defendant Gill's Motion to Dismiss as timely filed when submitted, or in the alternative, set a date certain by which Plaintiff's response shall be filed; and

C. Grant such further relief as this Court deems just and proper.

Respectfully submitted this 27th day of April, 2026.

_______________________________

Gerald Paul Hershfeldt
Pro Se Plaintiff
429 E. 14th Ave. #107
Denver, CO 80203
Telephone: (720) 378-8474

Email: [your email]

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of April, 2026, I electronically filed the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT GILL'S MOTION TO DISMISS OUT OF TIME using the CM/ECF system, which will send notification of such filing to all counsel of record.

______________________________

Gerald Paul Hershfeldt
Pro Se Plaintiff