IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity;
JENNIFER BRANT, individually and in her official capacity;
TIMOTHY J. JASHINSKY, individually and in his official capacity;
CINDY LUCERO, individually and in her official capacity;
WENDY BATTS, individually and in her official capacity;
ARTHUR J. SPICCIATI, individually and in his official capacity;
LARRY BOYD, individually and in his official capacity;
JANE RODIG, individually and in her official capacity;
HEATHER O'HAYRE, in her official capacity;
MICHELLE BARNES, in her official capacity;
LAURIE GILL, in her official capacity; and
LARIMER COUNTY, COLORADO,

Defendants.

---

**MINUTE ORDER**

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on April 30, 2026.**

The above-captioned case has been referred to Magistrate Judge Cyrus Y. Chung pursuant to an Order of Reference entered by District Judge Nina Y. Wang on March 5, 2026. ECF No. 16.

It is hereby ORDERED that a Status Conference will be held before this Court on **May 27, 2026** at **10:45 a.m.** in Courtroom C-201, on the second floor of the Byron G. Rogers United States Courthouse located at 1929 Stout Street, Denver, Colorado.

If this date is not convenient for any Party, the Parties shall confer regarding potential alternate dates. If the Parties agree upon a date or dates, they must jointly email my chambers to obtain an alternate date. If the Parties cannot agree, any Party seeking to change the conference date must file a motion. Absent exceptional circumstances, no request for rescheduling will be entertained unless made at least **seven days prior** to the date of the conference.

Litigants and counsel whose offices are located outside of the Denver metropolitan area or who cannot reasonably make a personal appearance may appear at the Status Conference by telephone. Please email Chambers, copying all Parties, at least **five days prior** to the Status Conference to arrange appearance by telephone.

The Parties need not comply with the requirements of Fed. R. Civ. P. 16 and D.C.COLO.LCivR 16.2 and 26.1. The purpose of the initial conference is to consider the nature and status of the case, the timing for filing any motions, and what discovery, if any, will be needed. No discovery shall be submitted until after the initial status conference, unless otherwise ordered or directed by the judicial officer in this case.

Any out-of-state counsel shall comply with D.C.COLO.LAttyR 3 prior to the Status Conference.

The Parties are further advised that they shall not assume that the Court will grant the relief requested in any motion. Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not been vacated by the Court may result in the imposition of sanctions.

In addition, **before filing a motion relating to a discovery dispute, the Parties must comply with Judge Chung's Practice Standards regarding discovery disputes.**

**Anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show a valid photo identification. *See* D.C.COLO.LCivR 83.2(b).**