**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-00342-NYW-CYC

GERALD PAUL HERSHFELDT,
Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity;
JENNIFER BRANT, individually and in her official capacity;
TIMOTHY J. JASHINSKY, individually and in his official capacity;
CINDY LUCERO, individually and in her official capacity;
WENDY BATTS, individually and in her official capacity;
ARTHUR J. SPICCIATI, individually and in his official capacity;
LARRY BOYD, individually and in his official capacity;
JANE RODIG, individually and in her official capacity;
HEATHER O'HAYRE, in her official capacity;
MICHELLE BARNES, in her official capacity;
LAURIE GILL, in her official capacity;
LARIMER COUNTY, COLORADO,
Defendants.

---

**DEFENDANT MICHELLE BARNES, IN HER OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF HUMAN SERVICES, UNOPPOSED MOTION TO STAY DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT PENDING RESOLUTION OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT.**

---

Defendant, Michelle Barnes, in her official capacity as Executive Director of the Colorado Department of Human Services ("Director Barnes"), by and through counsel of record, hereby submits the Unopposed Motion to Stay Deadline to Respond to First Amended Complaint Pending Resolution of Plaintiff's Motion for Leave to Amend the First Amended Complaint.

Duty to Confer pursuant to D.C.COLO.LCivR. 7.1(a). Undersigned counsel conferred with Plaintiff, Attorney Michael Lowe, and Attorney Nicholas Poppe by email on April 30, 2026. All parties indicated they do not oppose this Motion.

1. Plaintiff filed his Initial Complaint on January 27, 2026. [ECF 1]. Plaintiff filed his First Amended Complaint on February 26, 2026. [ECF 9].

2. Director Barnes was served with the First Amended Complaint on March 25, 2026. [ECF 31]. Director Barnes was never served with the Initial Complaint.

3. On April 16, 2026, Plaintiff conferred with counsel of record on a Motion for Leave to Amend the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15. On April 29, 2026, Plaintiff updated his conferral and expanded the purpose for seeking a request for amendment, necessitating a new conferral and updated positions. In his April 29, 2026 conferral, Plaintiff requested a response by close of business on May 1, 2026, and informed the parties that he would file his Motion for Leave to Amend the First Amended Complaint after the May 1, 2026 deadline. Plaintiff indicated to undersigned counsel that he intends on seeking leave to add new claims, new parties, and add allegations. All appearing counsel responded to Plaintiff's April 29, 2026, position request. As such, undersigned counsel has reason to believe a Motion for Leave to Amend the First Amended Complaint will be filed with this Court imminently.

4. Undersigned counsel seeks this stay so the Court may determine whether to accept Plaintiff's Motion for Leave to Amend or otherwise provide direction on which complaint is operative. If this Court accepts the forthcoming Motion for Leave to Amend

the First Amended Complaint, that Complaint will be the operative complaint and Director Barnes' response to Plaintiff's First Amended Complaint would be moot. *See Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1323-24 (D. Colo. 2019). Undersigned counsel seeks to avoid the potential of wasting the parties and Court's resources on litigating potentially moot issues.

5. Director Barnes requests this Court stay the deadline to respond to Plaintiff's First Amended Complaint pending resolution of the anticipated Motion for Leave to Amend the First Amended Complaint. If this Court grants Plaintiff's Motion for Leave to Amend the First Amended Complaint, Director Barnes intends on responding within the timeframes established by the Federal Rules of Civil Procedure. If Plaintiff's Motion for Leave to Amend the First Amended Complaint is denied, Director Barnes requests her deadline to respond to the First Amended Complaint be seven days after the Court's order denying Plaintiff's Motion for Leave to Amend. If Plaintiff decides to forgo filing his Motion for Leave to Amend the First Amended Complaint, Director Barnes will file a notice requesting this Court set a deadline for her response to the First Amended Complaint.

6. No party will be prejudiced by this request. A status conference was recently set for May 27, 2026. Undersigned counsel does not believe this request will impede the scheduled status conference. Moreover, no party opposes this request. This is Director Barnes' third request for an extension of time. Of note, the first request was a joint motion for extension of time to respond to the Magistrate's Report and Recommendation regarding a Motion for Temporary Restraining Order and Preliminary

Injunction where the Motion and Report and Recommendation were never served on Director Barnes, so Director Barnes was unaware of their existence. [ECF 37]. This Court granted the previous time extension. [ECF 40]. The second was an unopposed Motion for Extension of Time to respond to the lengthy First Amended Complaint, which was granted. [ECF 47, 49].

7. Good cause exists to grant this Motion. The request is not made with the purpose of undue delay. Rather, this request is made to streamline litigation, conserve the parties' resources, and promote judicial economy.

8. Undersigned counsel hereby certifies that a copy of this Motion has been served on their clients in compliance with D.C.COLO.LCivR 6.1.

WHEREFORE, for reasons more fully stated above, Defendant Barnes requests this Court stay her deadline to respond to the First Amended Complaint in light of Plaintiff's intention to move for leave to amend and, if amendment is permitted, allow a response within the time prescribed by the Federal Rules of Civil Procedure, and if amendment is denied, to order a response to the First Amended Complaint be filed seven days after this Court's ruling, and such other relief as this Court may deem appropriate.

Dated this 1st day of May, 2026.

Undersigned certifies she did not use generative artificial intelligence to draft this filing.

*s/Rachel E. Ollis*
Rachel E. Ollis, *Reg.* #56553
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6201

Email: rachel.ollis@coag.gov
*Attorney for Defendant Michelle Barnes in her official capacity as Executive Director of the Colorado Department of Human Services.*
*Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2026, a true and correct copy of the foregoing **DEFENDANT MICHELLE BARNES, IN HER OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF HUMAN SERVICES, UNOPPOSED MOTION TO STAY DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT PENDING RESOLUTION OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT** was electronically filed with service through the e-filing system as follows:

Gerald Paul Hershfeldt
429 East 14th Avenue, #107
Denver, CO 80203
Jerry.hershfeldt@gmail.com
*Pro Se*

Michael T. Lowe
Bruno, Colin, Goddard & Lowe, P.C.
1120 Lincoln Street, Suite 1606
Denver, CO 80203
Telephone: (303) 831-1099
mlowe@brunolawyers.com
*Counsel for Larimer County Defendants*

Nicholas C. Poppe
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
NPoppe@ndm-law.com
*Counsel for Defendant Gill*

*s/ Rachel E. Ollis*
Rachel E. Ollis
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 50-6201
Email: rachel.ollis@coag.gov

*Attorney for Defendant Michelle Barnes in her official capacity as Executive Director of the Colorado Department of Human Services*