IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity;
JENNIFER BRANT, individually and in her official capacity;
TIMOTHY J. JASHINSKY, individually and in his official capacity;
CINDY LUCERO, individually and in her official capacity;
WENDY BATTS, individually and in her official capacity;
ARTHUR J. SPICCIATI, individually and in his official capacity;
LARRY BOYD, individually and in his official capacity;
JANE RODIG, individually and in her official capacity;
HEATHER O'HAYRE, in her official capacity;
MICHELLE BARNES, in her official capacity;
LAURIE GILL, in her official capacity; and
LARIMER COUNTY, COLORADO,

Defendants.

---

**MINUTE ORDER**

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on May 6, 2026.**

This matter is before the Court on three pending motions.

First, the Plaintiff's Motion for Extension of Time to Effect Service Pursuant to Federal Rule of Civil Procedure 4(m), ECF No. 55, asks the Court to extend the plaintiff's deadline to serve defendants Larry Boyd and Jane Rodig and also asks the Court to order the United States Marshal to serve the summons issued at ECF No. 54. For good cause shown and because the plaintiff proceeds pursuant to 28 U.S.C. § 1915, ECF No. 12, the motion, ECF No. 55, is **GRANTED**. Accordingly, the plaintiff shall have until **July 6, 2026** to serve defendants Larry Boyd and Jane Rodig. However, the Court notes that ECF No. 53 did not include a new summons for defendant Larry Boyd. As a result, at this time, the Court will only order the United States Marshal to attempt service of the summons issued at ECF No. 54 on defendant Jane Rodig.

It is further ORDERED that the Clerk of the Court shall attempt to obtain a waiver of service from defendant Jane Rodig. If that is not possible, the United States Marshal shall serve a

copy of the current complaint and the summons issued at ECF No. 54 on defendant Jane Rodig. All costs of service shall be advanced by the United States.

Second, the Plaintiff's Motion for Leave to File Response to Defendant Gill's Motion to Dismiss Out of Time Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), ECF No. 57, does not comply with the Local Rules of this District. For one thing, it does not state "the length of the requested extension" as required by D.C.COLO.LCivR 6.1(b) and the Court does not grant indefinite extensions. For another, the plaintiff must "confer or make reasonable, good faith efforts to confer with any opposing counsel . . . to resolve any disputed matter" before filing a motion. D.C.COLO.LCivR 7.1(a). The rule requires the moving party to "describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." *Id*. These rules apply to the plaintiff even though he appears pro se. *E.g., Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *Rucinski v. Torian Plum Condo. Owners Ass'n, Inc.*, No. 08-cv-02798-WJM-MJW, 2011 WL 1235517, at *2 (D. Colo. Apr. 1, 2011) ("The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court."). However, this motion does not mention Rule 7.1(a)'s conferral requirement, nor does it state the defendants' positions on the requested relief. For these reasons, the Plaintiff's Motion for Leave to File Response to Defendant Gill's Motion to Dismiss Out of Time Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), ECF No. 57, is **DENIED**. However, given that this is his first such request and it appears to be made in good faith, the Court will sua sponte extend the plaintiff's deadline to file a response to defendant Laurie Gill's motion to dismiss, ECF No. 33, through **June 5, 2026**. **Failure to file a response to the motion will result in the Court considering the defendant's arguments without the benefit of the plaintiff's point-of-view.**

Third, defendant Michelle Barnes' Unopposed Motion to Stay Deadline to Respond to First Amended Complaint Pending Resolution of Plaintiff's Motion for Leave to Amend the First Amended Complaint, ECF No. 60, is **GRANTED in part**. Because the motion the defendant anticipates the plaintiff will file has not yet been filed, the Court will extend her deadline to respond to the First Amended Complaint but will not indefinitely extend that deadline. Accordingly, it is hereby ORDERED that defendant Barnes shall respond to the First Amended Complaint **on or before June 26, 2026**. If the plaintiff fails to file the anticipated motion and defendant Barnes cannot meet this deadline, she may file another motion seeking further extension upon a showing of good cause.