**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

      Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity,
JENNIFER BRANT, individually and in her official capacity,
TIMOTHY J. JASHINSKY, individually and in his official capacity,
CINDY LUCERO, individually and in her official capacity,
WENDY BATTS, individually and in her official capacity,
ARTHUR J. SPICCIATI, individually and in his official capacity,
LARRY BOYD, individually and in his official capacity,
JANE RODIG, individually and in her official capacity,
HEATHER O'HAYRE, in her official capacity,
MICHELLE BARNES, in her official capacity,
LAURIE GILL, in her official capacity, and
LARIMER COUNTY, COLORADO,

      Defendants.

---

### ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge, issued on March 10, 2026 by the Honorable Magistrate Judge Cyrus Y. Chung (the "Recommendation"). [Doc. 19]. In the Recommendation, Judge Chung recommends that this Court deny Plaintiff Gerald Paul Hershfeldt's ("Plaintiff" or "Mr. Hershfeldt") motion for a temporary restraining order. [*Id.* at 1]. On March 24, 2026, Mr. Hershfeldt timely objected to the Order, [Doc. 30], and on April 14, 2026, Defendants filed a response to the Objection, [Doc. 51]. For the reasons set forth in this Order, Mr. Hershfeldt's Objection is respectfully **OVERRULED** and the Order is **ADOPTED**.

**LEGAL STANDARDS**

**I.      Rule 72(b)**

When a magistrate judge issues a recommendation on a dispositive matter,[1] Federal Rule of Civil Procedure 72(b)(3) requires that the district court "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.* at 1059 (quotation omitted).  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) (collecting cases).

**II.     Injunctive Relief**

Movants seeking a temporary restraining order or preliminary injunction must establish (1) a substantial likelihood of success on the merits, (2) irreparable injury to the movant, (3) that the threatened injury to the movant outweighs the injury to the party opposing the injunctive relief, and (4) that the injunction would not be adverse to the public interest.  *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154

---

[1] Motions seeking injunctive relief are dispositive.  28 U.S.C. § 636(b)(1); *Bankston v. I.R.S.*, No. 08-cv-02233-WYD-MEH, 2009 WL 1810120, at *1 (D. Colo. May 19, 2009).

(10th Cir. 2001); *Duvall v. Keating*, 162 F.3d 1058, 1062 (10th Cir. 1998).  "The primary function" of injunctive relief "is to preserve the status quo pending a final determination of the parties' rights."  *Otero Sav. & Loan Ass'n v. Fed. Rsrv. Bank of Kan. City*, 665 F.2d 275, 277 (10th Cir. 1981).  "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."  *Dominion Video Satellite*, 269 F.3d at 1154.

Where, as it is here, preliminary injunctive relief would alter the status quo and grant the movant substantially all the relief he could feasibly attain after a full trial on the merits, the moving party bears a heightened burden, and must show that on balance, the four factors weigh heavily and compelling in his favor.  *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004), *aff'd and remanded sub nom. Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006); *Dominion Video Satellite*, 269 F.3d at 1154.  Issuance of such preliminary injunctive relief is disfavored, *Dominion Video Satellite*, 269 F.3d at 1154, and in any case, entering a temporary restraining order or preliminary injunction is in the district court's discretion, *Duvall*, 162 F.3d at 1062.

## III.    Pro Se Filings

Because Mr. Hershfeldt proceeds pro se, the Court affords his filings a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Mr. Hershfeldt as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

**BACKGROUND**

Mr. Hershfeldt initiated this action on January 27, 2026, "to remedy a decade of unconstitutional child support enforcement executed in the total absence of a valid judicial predicate and the willful, ongoing suppression of Plaintiff's creditworthiness." [Doc. 9 at ¶ 1]. Mr. Hershfeldt alleges that in the roughly ten years since the dissolution of his marriage, Defendants collected $173,004.42 from his wages and bank accounts to pay for child support, despite never having a valid court order to do so. [*Id.* at ¶¶ 95–101]. In fact, Mr. Hershfeldt alleges, the court in the marriage dissolution proceeding explicitly stated on June 10, 2015 that it was "unable to enter support orders as [it was] missing SSN for children." [*Id.* at ¶ 4 (emphasis omitted)]. Despite this lack of order, Mr. Hershfeldt alleges, Defendants opened tradelines with credit reporting agencies on June 9, 2015 for his child support debt. [*Id.* at ¶¶ 60–61]. Mr. Hershfeldt also alleges other wrongs by the Defendants, such as officials intentionally using the wrong child support calculation worksheet, collecting payments while his daughter was in state-funded residential care, and continuing enforcement even after Mr. Hershfeldt formally notified Defendants that no valid order existed. [*Id.* at ¶¶ 37–57, 62–66].

Plaintiff asserts six causes of action against twelve defendants for violations of his Fourteenth Amendment due process and equal protection rights, his First Amendment right to petition the government for redress of grievances, and the Fair Credit Reporting Act ("FCRA"). [*Id.* at ¶¶ 82–139]. For his FCRA claim, Mr. Hershfeldt alleges that Defendants willfully violated the FCRA by providing false credit information about him to consumer reporting agencies, namely that he owes child support. [*Id.* at ¶¶ 130–39 (citing 15 U.S.C. § 1681s-2)].

4

On February 26, 2026, Mr. Hershfeldt moved for a temporary restraining order ("TRO") and preliminary injunction (the "Motion") "requiring Defendants to: (a) immediately direct Experian, Equifax, and TransUnion to suppress or delete all negative tradelines associated with Case No. 2015DR000229; and (b) immediately cease all wage garnishment, tax intercept, and license suspension enforcement actions predicated on that case number." [Doc. 11 at 1].

Judge Chung issued the Recommendation to deny the Motion for two reasons: (1) Mr. Hershfeldt did not provide notice to or confer with Defendants prior to filing the Motion; and (2) Mr. Hershfeldt did not "establish the strong showing of a likelihood of success on the merits necessary for a TRO." [Doc. 19 at 4]. Mr. Hershfeldt concedes in his objection that he "did not provide adequate notice to all Defendants under Fed. R. Civ. P. 65(b)(1) and D.C.COLO.LCivR 65.1." [Doc. 30 at 2]. He states that now that Defendants are being served, "Plaintiff will promptly serve this filing and all exhibits on appearing counsel and will file a certificate of service and updated conferral statement." [*Id.*]. Mr. Hershfeldt then objects to the remainder of the Recommendation and explains why the Motion did establish a likelihood of success on the merits and argues that it meets all the other requirements for a TRO as well. [*Id.* at 2–9]. Finally, he requests that the Court treat the Motion "as supplemented by these Objections, as a notice motion for Preliminary Injunction under Fed. R. Civ. P. 65(a)." [*Id.* at 1, 8].

**ANALYSIS**

At threshold, even though Mr. Hershfeldt stated that he would serve the relevant pleadings related to his Motion on Defendants, the docket is devoid of any evidence that he did so. Plaintiff did not file a Certificate of Service as he said he would. In any case,

notice after the fact does not cure the additional problem that Judge Chung pointed out, which is lack of compliance with D.C.COLO.LCivR 7.1(a).  [Doc. 19 at 2–3].  As Judge Chung finds, this alone is sufficient to deny the Motion.  [*Id.* at 3].

Further, the Court respectfully concludes, after de novo review, that Mr. Hershfeldt has not proven a likelihood of success on the merits.  Mr. Hershfeldt argues that the state court adjudicating his dissolution of marriage proceedings never entered an order for child support.  [Doc. 11 at ¶ 8].  Instead, that court stated that it was "unable to enter support orders as we are missing SSN for children."  [*Id.* (emphasis omitted)].  Mr. Hershfeldt contends that Colorado "makes collection of Social Security Numbers for all parties and children a mandatory prerequisite to entry of any child support order," and in his case, "the statutory prerequisite was not satisfied."  [Doc. 30 at 3].  Because that statutory prerequisite was not satisfied, he concludes that there was "[n]o valid child support order . . . entered . . . on June 10, 2015 or at any time prior to June 2, 2022."  [*Id.* at 4].

Mr. Hershfeldt argues that this shows a likelihood of success on his FCRA and due process claims because even though there was no valid order, Defendants furnished tradelines to the credit reporting agencies "reporting a child support debt with a Date Opened of June 9, 2015."  [*Id.*; Doc. 11 at 2–3].  As far as his FCRA claim, Mr. Hershfeldt contends that when he disputed the accuracy of these tradelines with the credit reporting agencies, and the credit reporting agencies in turn notified Defendants about the dispute, Defendants merely "verified the tradelines as accurate and continued reporting."  [Doc. 30 at 5].  In so doing, Defendants "reckless[ly] disregard[ed]" their statutory obligations pursuant to the FCRA to "conduct a reasonable investigation, correct inaccurate information, and cease furnishing information it could not verify."  [*Id.* (citing 15 U.S.C.

§ 1681s-2(b))]. As far as his due process claims, Mr. Hershfeldt argues that "[t]he absence of any valid judgment or order authorizing enforcement deprived Plaintiff of the procedural protections required before deprivation of property." [Doc. 11 at ¶ 12]. The lack of a valid court order for child support lies at the heart of these claims, and in turn, his likelihood of success on the merits of such claims. Upon review of the record before it, this Court concludes that Plaintiff has failed to carry the heavy burden by demonstrating through clear and unequivocal evidence that no valid child support order existed.

As an initial matter, the Colorado statute that Mr. Hershfeldt cites in support of his argument that collection of children's SSNs is a mandatory prerequisite to entry of child support orders states no such thing, and indeed, makes no mention of social security numbers at all. *See* [*id.* at 3 (citing Colo. Rev. Stat. § 26-13-106)]. And Mr. Hershfeldt does not cite any other Colorado statutes or authority stating that there cannot be an effective child support order before the child's SSNs are provided to the court. It is not appropriate for this Court to assume the role of an advocate for a pro se party and take on the responsibility of performing legal research or constructing arguments. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Moreover, as can be seen in exhibits attached to Mr. Hershfeldt's Amended Complaint, the court adjudicating the dissolution of marriage proceedings entered a "Minute Order[]" on June 9, 2015, "adopt[ing] separation agreement, parenting plan, and child support in the amount of $1,208/mo, RSP paying PET directly" and "enter[ing] decree of dissolution of marriage." [Doc. 9-1 at 2 (emphasis omitted)]. Mr. Hershfeldt does not address this Minute Order and why it is not a "valid court order" setting out his child support obligations. To the extent that it is his position that the following day's Minute

Order—stating that the court is "unable to enter support orders as we are missing SSN for children," [*id.* at 1 (emphasis omitted)]—nullifies the June 9, 2025 order, Mr. Hershfeldt cites no legal authority for that proposition.  As Judge Chung found, Mr. Hershfeldt "appears to read into an apparent minute entry from a state-court docket an admission that the state court could enter no valid child-support order . . . but it is far from clear" that this June 10, 2025 entry "is any such admission."  [Doc. 19 at 4].  The Court cannot conclude that Mr. Hershfeldt has established "a substantial likelihood of success" on any of his claims.

Accordingly, Mr. Hershfeldt's Objection is respectfully **OVERRULED** and Judge Chung's Recommendation denying Plaintiff's motion for a TRO or preliminary injunction is **ADOPTED**.

### CONCLUSION

For the reasons explained above, **IT IS ORDERED** that:

(1)    Plaintiff's Objections to Recommendation of United States Magistrate Judge Denying Motion for Temporary Restraining Order [Doc. 30] are **OVERRULED**;

(2)    The Recommendation of United States Magistrate Judge [Doc. 19] is **ADOPTED**; and

(3)    Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Fed. R. Civ. P. 65 [Doc. 11] is **DENIED**.

8

DATED:  May 8, 2026                                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

9