**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, et al.,

Defendants.

**MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT GILL'S MOTION TO DISMISS ONE DAY OUT OF TIME**

Plaintiff Gerald Paul Hershfeldt, appearing pro se, respectfully moves the Court for leave to file his Response in Opposition to Defendant Laurie Gill's Motion to Dismiss (ECF No. 33) one day out of time. The proposed Response is filed contemporaneously with this Motion. In support, Plaintiff states:

1. Plaintiff's Response to Defendant Gill's Motion to Dismiss was due June 5, 2026.

2. Plaintiff is proceeding pro se and is indigent. Plaintiff does not currently have telephone service or reliable internet access, and prepares and files documents using publicly available computers at the public library, which are available to him for a limited time each day.

3. On June 5, 2026, Plaintiff was unable to complete the filing because he was required to address an emergency interruption of his food assistance (SNAP/EBT) benefits, which necessitated in-person visits to county human services and food-assistance providers. Plaintiff's only means of transportation is a bicycle, and he relies on limited public-library computer access to prepare and file documents.

4. Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff attempted to confer with counsel for all parties by electronic mail on June 6, 2026 regarding this Motion. Because this Motion is filed on a Saturday, Plaintiff had not received any response stating the parties' positions at the time of filing. Plaintiff will promptly notify the Court of any party's position upon receipt. Plaintiff does not have telephone service and has limited internet access, which constrains his ability to conduct advance conferral.

5. Plaintiff completed the substance of his Response within the time allowed and seeks only a one-day extension to accomplish the act of filing. The delay is brief, was not the product of bad faith or dilatory motive, and results solely from the practical constraints of Plaintiff's circumstances.

6. No party will be prejudiced by a one-day extension. The Response addresses the merits of the pending Motion to Dismiss, and acceptance of the Response will permit the Court to decide the Motion on a complete record rather than as unopposed.

7. Courts in this District construe the filings of pro se litigants liberally and prefer to resolve matters on their merits. Fed. R. Civ. P. 6(b) permits the Court to extend time where the failure to act was the result of excusable neglect. The circumstances described above constitute excusable neglect. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the accompanying Response in Opposition to Defendant Gill's Motion to Dismiss one day out of time, and accept the Response as timely filed.

Respectfully submitted this 6th day of June, 2026.

/s/ Gerald Paul Hershfeldt

**Gerald Paul Hershfeldt**

Pro Se Plaintiff

429 E. 14th Ave. #107

Denver, CO 80203

720-378-8474

jerry.hershfeldt@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2026, I filed the foregoing with the Clerk of the Court, which will serve all counsel of record via the CM/ECF system.

/s/ Gerald Paul Hershfeldt

Gerald Paul Hershfeldt