**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, et al.,

Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT LAURIE GILL'S MOTION TO DISMISS**

Plaintiff Gerald Paul Hershfeldt, appearing pro se, respectfully submits this Response in Opposition to Defendant Laurie Gill's Motion to Dismiss (ECF No. 33). The Motion should be denied. The Court possesses personal jurisdiction over the South Dakota Defendants because they purposefully directed enforcement conduct into Colorado; Plaintiff has adequately pleaded Defendant Gill's personal participation as a final policymaker; and the Eleventh Amendment does not bar the individual-capacity claims for damages or the official-capacity claims for prospective relief.

## I. INTRODUCTION

1. Defendant Gill moves to dismiss on three grounds: (1) lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); (2) failure to allege personal participation under Fed. R. Civ. P. 12(b)(6); and (3) Eleventh Amendment immunity. Each ground fails.

2. Plaintiff does not rest the South Dakota Defendants' liability on their mere location in South Dakota. Plaintiff alleges that those Defendants reached directly into Colorado — mailing an

enforcement demand to Plaintiff's Colorado employer and transmitting enforcement directives to Colorado authorities — to collect against a Colorado resident. That conduct establishes personal jurisdiction, and the individual-capacity damages claims and official-capacity prospective-relief claims survive the Eleventh Amendment.

## II. STANDARD OF REVIEW

3. On a Rule 12(b)(2) motion, where the Court proceeds without an evidentiary hearing, Plaintiff need only make a prima facie showing of personal jurisdiction; the Court accepts the well-pleaded allegations as true and resolves factual disputes in Plaintiff's favor. Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008).

4. On a Rule 12(b)(6) motion, the Court accepts all well-pleaded factual allegations as true and views them in the light most favorable to Plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pro se pleading is construed liberally and held to a less stringent standard than one drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ARGUMENT

### A. The Court Has Personal Jurisdiction Over the South Dakota Defendants Because They Purposefully Directed Enforcement Conduct Into Colorado.

5. Specific personal jurisdiction exists where a defendant purposefully directs activities at the forum state and the litigation arises out of those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). The Tenth Circuit applies the purposeful-direction test of Calder v. Jones, 465 U.S. 783 (1984), under which jurisdiction lies where a defendant takes intentional action expressly aimed at the forum state that causes harm the defendant knows will be felt there. Dudnikov, 514 F.3d at 1072.

6. The South Dakota Defendants did not passively receive information in South Dakota. On January 13, 2025, Defendant Jane Rodig mailed an official employment-verification demand — South Dakota Form DSS-SE-466A — directly to Plaintiff's Colorado employer at 4704 Harlan

Street, Suite 220, Denver, Colorado 80212, invoking SDCL 25-7A-56.5 to compel disclosure of Plaintiff's wages and employment status. That is an intentional act, expressly aimed at Colorado, taken to facilitate enforcement against a Colorado resident. It is the paradigmatic purposeful direction that confers specific jurisdiction.

7. Defendant Larry Boyd confirmed the enforcement scheme in writing on June 4, 2025, stating that when South Dakota gains employment information, "we share that with Colorado so they can enforce." The South Dakota Defendants thus knowingly directed enforcement activity into Colorado, intending that it produce collection against Plaintiff here. The harm — wage garnishment, license consequences, and credit reporting — was felt by Plaintiff in Colorado, where he has resided at all relevant times.

8. Defendant Gill, as the final policymaker for the South Dakota Department of Social Services during the relevant period, is responsible for the policies under which Rodig and Boyd directed this conduct into Colorado. Jurisdiction over the policymaker who set the enforcement policy that was purposefully directed into the forum follows from the same conduct. The exercise of jurisdiction comports with fair play and substantial justice: a state official who reaches across state lines to compel a Colorado employer to disclose a Colorado resident's wages cannot claim it is unfair to answer in Colorado for that act. Burger King, 471 U.S. at 476.

**B. Plaintiff Has Adequately Alleged Defendant Gill's Personal Participation.**

9. Personal liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation. A supervisory official may be liable where the official promulgated, created, implemented, or possessed responsibility for the continued operation of a policy that caused the violation. Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010); Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013).

10. Plaintiff alleges that Defendant Gill, as the responsible final policymaker for South Dakota's child support enforcement apparatus during the relevant period, was responsible for the continued operation of the policy under which the South Dakota Defendants initiated and directed interstate enforcement into Colorado without registering any order under the Uniform Interstate Family Support Act, 28 U.S.C. § 1738B. That is an allegation of policymaking responsibility for the

operative policy, not respondeat superior. At the pleading stage, that allegation suffices under Dodds.

11. To the extent the Court finds the personal-participation allegations require further specificity, the proper remedy is leave to amend, not dismissal. Plaintiff's forthcoming Second Amended Complaint further specifies the policymaking roles of each South Dakota Defendant. Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990) (pro se litigant should be given opportunity to amend where defects are curable).

**C. The Eleventh Amendment Does Not Bar These Claims.**

12. The Eleventh Amendment does not bar the claims against Defendant Gill. The claims against Gill are brought against her in her individual capacity for damages. The Eleventh Amendment does not immunize state officials sued in their individual capacities for damages, even where the conduct occurred in the course of their official duties. Hafer v. Melo, 502 U.S. 21, 30–31 (1991); Kentucky v. Graham, 473 U.S. 159, 165–67 (1985).

13. To the extent the Complaint seeks prospective injunctive and declaratory relief against the South Dakota Department of Social Services policymaker in an official capacity, such relief is permitted under Ex parte Young, 209 U.S. 123 (1908). The doctrine permits official-capacity suits against state officials for prospective relief to end ongoing violations of federal law. Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002). Plaintiff alleges ongoing federal violations — continued enforcement and continued adverse credit reporting — for which prospective relief is available.

14. Because Defendant Gill has left office, the current Cabinet Secretary of the South Dakota Department of Social Services, Matt Althoff, is automatically substituted as the official-capacity defendant for purposes of prospective relief under Fed. R. Civ. P. 25(d). That substitution does not affect the individual-capacity damages claims against Defendant Gill, which remain properly before the Court. Kentucky v. Graham, 473 U.S. at 165–67.

## IV. CONCLUSION

15. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Gill's Motion to Dismiss (ECF No. 33) in its entirety. In the alternative, if the Court finds any pleading deficiency, Plaintiff respectfully requests leave to amend to cure it.

Respectfully submitted this 6th day of June, 2026.

/s/ Gerald Paul Hershfeldt

**Gerald Paul Hershfeldt**

Pro Se Plaintiff

429 E. 14th Ave. #107

Denver, CO 80203

720-378-8474

jerry.hershfeldt@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2026, I filed the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT LAURIE GILL'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including counsel for the moving Defendant.

/s/ Gerald Paul Hershfeldt

Gerald Paul Hershfeldt