**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-CV-00342-NYW-CYC

GERALD PAUL HERSHFELDT

Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity;
JENNIFER BRANT, individually and in her official capacity;
TIMOTHY J. JASHINSKY, individually and in his official capacity;
CINDY LUCERO, individually and in her official capacity;
WENDY BATTS, individually and in her official capacity;
ARTHUR J. SPICCIATI, individually and in his official capacity;
LARRY BOYD, individually and in his official capacity;
JANE RODIG, individually and in her official capacity;
HEATHER O'HAYRE, in her official capacity;
MICHELLE BARNES, in her official capacity;
LAURIE GILL, in her official capacity;
LARIMER COUNTY, COLORADO

Defendants.

---

**DEFENDANT LAURIE GILL'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(2) AND 12(B)(6) [ECF 33]**

---

Defendant Laurie Gill, by and through her attorney Nicholas C. Poppe of Nathan Dumm & Mayer P.C., hereby submits her Reply in support of her Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and states as follows:

## LEGAL ARGUMENT

### A. The Court lacks personal jurisdiction over Ms. Gill.

In his Response, Mr. Hershfeldt asserts that personal jurisdiction is established over Ms. Gill because of one employment verification form sent to one Colorado employer. [ECF 74, pp. 3-4, ¶ 6]. But two problems exist with Mr. Hershfeldt's argument.

First, Mr. Hershfeldt alleges that the employment verification form was sent by Defendant Rodig, not Defendant Gill. [*Id*]. Consistent with the lack of allegations against Ms. Gill in the operative Complaint, Mr. Hershfeldt does not allege that Ms. Gill took any action that would subject her to personal jurisdiction in Colorado. Instead, Mr. Hershfeldt alleges only that Ms. Gill is the "final policymaker" for South Dakota Department of Social Services. [*Id*. at ¶ 8]. But Mr. Hershfeldt cites to no legal authority establishing that a subordinate's purported submission of one employment form is sufficient to establish personal jurisdiction over another defendant – apparently based solely on that defendant being the ultimate supervisor of the other defendant. For that reason alone, Mr. Hershfeldt has failed to establish personal jurisdiction over Ms. Gill.

But even if Ms. Gill had sent the employment verification form, one communication is insufficient to establish personal jurisdiction in Colorado. The Tenth Circuit has held on multiple occasions that to establish personal jurisdiction, there must be more than sporadic or limited communications. *See Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1299 (10th Cir. 1999) ("It is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts") (internal citations omitted). A single employment verification form

lacks evidence of continuous or intentional contacts with the forum state such that the exercise of jurisdiction would be reasonable. *See Olsen v. Mapes*, 139 Fed. App'x 54, 57-58 (10th Cir. 2005) (denying personal jurisdiction based on lack of sufficient communications with forum state). Mr. Hershfeldt also fails to show that Ms. Gill purposefully availed herself of the privilege of conducting activities in Colorado based on one employment verification (which again, Mr. Hershfeldt does not even attribute to Ms. Gill).

Based on Mr. Hershfeldt's factual and legal shortcomings, he has not established personal jurisdiction over Ms. Gill in Colorado.

**B. Mr. Hershfeldt fails to state a claim upon which relief can be granted.**

In an argument very much related to the prior section, Ms. Gill similarly asserted that there were no allegations of her personal participation in any constitutional tort allegedly committed against Mr. Hershfeldt. In his response, Mr. Hershfeldt conflates official capacity and individual capacity claims, stating that Ms. Gill is responsible because she is the "final policymaker" for South Dakota's child support enforcement apparatus. [ECF 74, p. 3, ¶ 10]. But that is an argument supportive only of her involvement in her official capacity. Mr. Hershfeldt does not allege, as required, that Ms. Gill personally participated or directly supervised any of the conduct he complains of in his operative complaint. Thus, Ms. Gill is still entitled to dismissal in her individual capacity.

Beyond personal participation, Ms. Gill is also entitled to dismissal under the Tenth Circuit's holding in *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).

Mr. Hershfeldt does not address *Robbins* at all, which requires a party to specifically identify which claims are being pled against each defendant. *Robbins*, 519 F.3d at 1249. Thus, Ms. Gill should be dismissed in both her individual and official capacities.

While Mr. Hershfeldt's failure to comply with *Robbins* makes any analysis of qualified immunity nearly impossible, Ms. Gill nonetheless retains the defense, which similarly was not addressed at all by Mr. Hershfeldt.

**CONCLUSION**

For the reasons set forth herein, Ms. Gill should be dismissed from this lawsuit in her individual and official capacities.

AI Certification: The undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

DATED this 18th day of June, 2026.

*s/Nick Poppe*
Nicholas C. Poppe
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
ATTORNEY FOR DEFENDANTS GILL AND RODIG

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2026, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** using the CM/ECF system which will send notification of such filing to the following. A copy was also served via email and USPS to any non-electronic filers:

Gerald Paul Hershfeldt
429 E. 14th Ave. Apt. 107
Denver, CO 80203
Phone: (720) 378-8474
Email: jerry.hershfeldt@gmail.com
*Pro Se Plaintiff*

Michael Turner Lowe
Heather D. Kuhlman
Bruno Colin Goddard & Lowe, PC
1120 Lincoln Street
Suite 1606
Denver, CO 80203
Phone: (303) 831-1099
Email: mlowe@brunolawyers.com
hkuhlman@brunolawyers.com
*Attorneys for Larimer County Defendants*

Rachel E. Ollis
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, CO 80203
Phone: (720) 508-6201
Email: rachel.ollis@coag.gov
*Attorney for Defendant Barnes*

*s/Nick Poppe*______________________________
Nicholas C. Poppe
Attorney for Defendants Gill and Rodig
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
NPoppe@ndm-law.com