# EXHIBIT 9

---

## Boyd UIFSA Enforcement Clarification — June 4, 2025

*Written statement of Larry Boyd, South Dakota Division of Child Support, that South Dakota shares employment information with Colorado so that Colorado can enforce. (Redacted pursuant to Fed. R. Civ. P. 5.2.)*

Relevant to: Counts III, VII

Hershfeldt v. Johnston et al., No. 1:26-cv-00342-NYW-CYC
Second Amended Complaint

# RE: [EXT] Subject: Follow-Up and Request for Clarification on Enforcement Authority – Hershfeldt Case

BL

Boyd, Larry <Larry.Boyd@state.sd.us>
6/4/2025 1:01:31 PM

To: jerry.hershfeldt@gmail.com

Reply All

Encrypt: This message is encrypted. Recipients can't remove encryption.

Good morning Jerry.

See my responses to your questions below in red...............

Larry

---

**From:** Jerry Hershfeldt <jerry.hershfeldt@gmail.com>
**Sent:** Friday, May 30, 2025 4:03 PM
**To:** Boyd, Larry <Larry.Boyd@state.sd.us>
**Subject:** [EXT] Subject: Follow-Up and Request for Clarification on Enforcement Authority – Hershfeldt Case

**Subject:** Follow-Up and Request for Clarification on Enforcement Authority – Hershfeldt Case

Thank you for your previous response confirming that South Dakota opened a child support case in February 2021 and sent it outgoing to Colorado for enforcement. I'd like to follow up for clarification on the specific enforcement role South Dakota has maintained.

Attached to this message is a letter dated **January 13, 2025**, from your office (signed by Jane Rodig), addressed directly to my Colorado employer. It requests wage and employment verification under **SDCL 25-7A-56.5**. This appears to be a **direct enforcement action initiated by South Dakota**.

Given your earlier statement that South Dakota sent the case to Colorado for enforcement, I'd appreciate your clarification on the following point:

> Is South Dakota serving only as the initiating state while Colorado enforces the order, or is South Dakota itself asserting enforcement authority, including initiating wage garnishments?

The attached document is not a wage garnishment. It is an inquiry to gain information, to see if you are working there, etc. if we gain any information, we share that with Colorado so they can enforce.

This distinction matters significantly under **UIFSA §205(c)**, which prohibits any other state from enforcing or modifying a support order when the issuing state retains continuing, exclusive jurisdiction—and I have remained a Colorado resident at all times.

To ensure I fully understand the legal basis for this enforcement, I am also formally requesting the following from your case file:

1. A copy of the *Request for Child Support Services* (DSS-SE-408) submitted by Brooke Hershfeldt that led to the February 2021 reopening.

This information may contain Personal information about others, that due to confidentiality, we cannot share. You were provided case balances, aware of the court order, etc so had all of the information that pertains to you.

Any information that is not directly your information cannot be shared.

2. Any submissions she made reporting changes in:
   - Custody or residence of R.J.H. or E.O.H. ,
   - Receipt of direct child support payments,
   - Public assistance applications, or
   - The June 2022 modified Colorado court order.

I assume that you already have a copy of this Colorado court order, but if you need a copy, I would be happy to provide that to you.

3. Any records of notice or service to me concerning registration or contest rights under UIFSA.

I look forward to your response and appreciate your assistance in providing clarity and records related to this matter.

Sincerely,
**Jerry Hershfeldt**

---

Message Encryption by Microsoft Office 365