**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, et al.,

Defendants.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Gerald Paul Hershfeldt, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file the Second Amended Complaint attached as Exhibit A. This Motion is refiled following the Court's June 26, 2026 Minute Order (ECF No. 80), which denied Plaintiff's prior Motion for Leave (ECF No. 77) without prejudice for the sole reason that the conferral certification was incomplete. Plaintiff has now completed the conferral required by D.C.COLO.LCivR 7.1(a) and states that certification in full below. In support of this Motion, Plaintiff states as follows:

## CERTIFICATION OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1(a)

1. Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff certifies that he conferred in good faith with counsel for all represented Defendants regarding the relief requested in this Motion. On June 15, 2026, Plaintiff transmitted a written conferral email to Michael Lowe (counsel for the Larimer County Defendants), Nicholas C. Poppe (counsel for the South Dakota Defendants), and

Rachel Ollis (counsel for Director Barnes), describing the substance of the proposed amendments and requesting each party's position.

2. The positions of the parties are as follows: Counsel for the Larimer County Defendants opposes the Motion. Counsel for Director Barnes opposes the Motion. Counsel for the South Dakota Defendants who have been served opposes the Motion. Despite good-faith conferral, the parties were unable to resolve the dispute, and this Motion is submitted for the Court's determination.

## BACKGROUND

3. Plaintiff filed this civil rights action on January 27, 2026. The operative pleading is the First Amended Complaint.

4. On June 18, 2026, Plaintiff filed a Motion for Leave to File Second Amended Complaint (ECF No. 77), together with the proposed Second Amended Complaint and supporting exhibits.

5. On June 26, 2026, the Court entered a Minute Order (ECF No. 80) denying that Motion without prejudice. The Court's sole stated ground was that "[t]he Local Rule 7.1(a) conferral certification appears incomplete, as it includes a note saying 'STATE RESULT OF CONFERRAL HERE BEFORE FILING.'" The Court expressly provided that "[t]he plaintiff may refile the motion upon completion of the Local Rule 7.1(a) conferral requirement."

6. The Court did not deny leave on the merits, did not address the sufficiency of the proposed amendments, and did not identify any defect in the proposed Second Amended

Complaint itself. Plaintiff refiles this Motion to cure the single procedural deficiency the Court identified.

7. On July 20, 2026, the Court vacated the July 29, 2026 Motion Hearing because Plaintiff had not yet refiled the Motion following completion of the conferral requirement. Plaintiff now submits this corrected Motion in accordance with the Court's prior leave to refile.

## ARGUMENT

**I. Rule 15(a)(2) directs that leave to amend be freely given.**

8. Where a party may no longer amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

9. The Supreme Court has instructed that this mandate is to be heeded. Absent "any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

10. The Tenth Circuit applies this liberal standard and has emphasized that the purpose of Rule 15(a) "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204

(10th Cir. 2006) (internal quotation marks omitted). Courts construe pro se pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**II. None of the Foman factors weighs against amendment.**

11. No undue delay. The proposed amendment is timely. Plaintiff sought leave within the pretrial schedule, discovery has not yet opened, and this refiling follows the Court's June 26, 2026 Order and July 20, 2026 Minute Order.

12. No bad faith or dilatory motive. The amendment reflects the development of the factual record, including written statements and official acts by Defendants that post-date or were clarified after the First Amended Complaint, and refines the legal theories accordingly. Plaintiff provided opposing counsel an advance copy of the proposed pleading and a written summary of each substantive change before filing, in the interest of transparency.

13. No repeated failure to cure. This is Plaintiff's first motion for leave to file the Second Amended Complaint on the merits; the prior motion was denied solely for an incomplete conferral certification, not for any substantive deficiency, and this refiling cures that single defect.

14. No undue prejudice to Defendants. Discovery has not opened, no scheduling order deadlines are disturbed, and no Defendant has answered the operative complaint on a schedule that the amendment would disrupt. Defendants received advance notice of the proposed amendments through the June 15, 2026 conferral and have had the proposed pleading in hand. The absence of prejudice is "the most important factor in deciding a motion to amend." *Minter*, 451 F.3d at 1207.

15. No futility. The proposed Second Amended Complaint states plausible claims for relief under 42 U.S.C. Section 1983 and the Fair Credit Reporting Act, 15 U.S.C. Section 1681. It is grounded in the state court's own official record and in Defendants' written statements, and it expressly disclaims any request that this Court review, reverse, or void any state-court judgment. An amendment is futile only if the pleading, as amended, would be subject to dismissal; the proposed pleading is not.

**III. The proposed amendments are set forth transparently.**

16. The substantive changes from the First Amended Complaint, as disclosed to opposing counsel during conferral, are: (a) clarification of the June 9-10, 2015 predicate-order facts as a single conditional sequence; (b) capacity designations for Defendants O'Hayre (individual and official), Barnes (official only), and Gill (individual); (c) the Rule 25(d) substitution of Matt Althoff for the official-capacity claims; (d) a restructured FCRA count brought under 15 U.S.C. Section 1681s-2(b); (e) an added procedural due process count regarding the timeliness of the modification process under *Mathews v. Eldridge*; (f) a supplemented First Amendment retaliation count incorporating the March 18, 2026 license-suspension notice; and (g) updated factual matter with corrected dates throughout.

17. Consistent with D.C.COLO.LCivR 15.1(b), and given the comprehensive restructuring of the pleading, Plaintiff requests leave to file the Second Amended Complaint without a redlined comparison, as a strike-through version of a complete rewrite would be more difficult to read. Plaintiff will provide a comparison document upon request of the Court or any party.

## CONCLUSION

18. For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the Second Amended Complaint attached as Exhibit A, grant leave under D.C.COLO.LCivR 15.1(b) to file without a redlined comparison, deem the Second Amended Complaint filed as of the date of the Court's order, and grant such other relief as the Court deems just and proper.

**Respectfully submitted this 25th day of July, 2026.**

/s/ Gerald Paul Hershfeldt
GERALD PAUL HERSHFELDT
Pro Se Plaintiff
429 E. 14th Ave. #107
Denver, CO 80203
720-378-8474
jerry.hershfeldt@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2026, I electronically filed the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Gerald Paul Hershfeldt
GERALD PAUL HERSHFELDT