# EXHIBIT 7

---

## Brant Enforcement Policy Admission — February 5, 2025

*Written statement of Jennifer Brant that enforcement is based exclusively on agency policy and procedures, confirming Colorado as the controlling enforcement authority and that the modification may not complete before the youngest child's emancipation. (Personal material redacted pursuant to Fed. R. Civ. P. 5.2.)*

Relevant to: Counts I, VI, VIII

Gmail **Jerry Hershfeldt <jerry.hershfeldt@gmail.com>**

# Re: CP

1 message

**Jennifer Brant** <brantjr@co.larimer.co.us> Wed, Feb 5, 2025 at 4:28 PM
To: Jerry Hershfeldt <jerry.hershfeldt@gmail.com>
Cc: Susan Martens <martensa@co.larimer.co.us>

Good afternoon Jerry,

I've received your email and wanted to reach out and assist with your questions.

Firstly I would like to apologize for the misinformation that Susan stated, the child support order is a Larimer County Colorado order. This would give us jurisdiction on the arrears balance or modification of the order, South Dakota would have to match our balance not the other way around as previously stated. I have spoken with her regarding the matter to address this issue so that it does not occur again in the future. The only way that we would no longer be involved is they provided us with a request to close the case. We are unable to state why their case was opened as you would need to speak with them regarding that portion.

Any enforcement remedies Colorado takes is based on our policy and procedures, the obligee's nor the other states are able to have any input or make agreements regarding actions our office takes. Any actions taken solely by South Dakota would need to be addressed with them.

Generally speaking any communication with a party cannot be shared with the other per confidentiality. With cases where we are working at another state's request the custodial party can only speak to the initiating state as we would be unable to speak with her on our end. I can get an arrears calculation to show month by month on how we have the arrears balance that we have, if you have any proof of direct payments sent to Brooke you can provide for us to review if credit has already been given or if we can give credit. In order for us to do so we either need the other party's agreement communicated through SD or the payment must show it was paid to her and for Child support. If neither can occur it would be an issue through the court.

Regarding your employer, Sante Fe Trading Company, we have not received any payments from them. If that is not the correct employer please let me know. I will assist and also follow up regarding the Income Withholding Order as they have not been communicating with us, but in the meantime suggest making direct payments as it is ultimately your responsibility to ensure its being paid. If we are unable to get the garnishment to occur I would suggest continued direct payments.

Your driver's license was selected for suspension on 11/18/24 for a suspension date of 12/23/2024. You were selected as the last payment at that time was 5/9/2023. We send a letter notifying you of suspension as well as the DMV sending one to the last address they have. Susan also attempted to reach out regarding the matter on 11/19/2024. I see that there was no communication back or an agreement on the amount to be paid to prevent suspension, since neither occured your license suspended. The type of notice you received is a Subsequent Notice of Failure to Comply, with this notice after suspension per policy the only way to receive a notice of compliance is for the case to either be paid in full (arrears and current monthly obligation), our case close or make 3 months of consistent payments in the total monthly amount due of $672. The payments have to be made each month, not in lump sum, for example February, March and once April is received the compliance will be issued by the system.

As the order we are enforcing from 6/2022 in which we modified, is still active we will continue to enforce and remedies will not be paused at this time. As the last child is within a year of the legal age of emancipation and the modification process may not be able to be completed before the child reaches the legal age of emancipation. Any modification would have to be addressed through the court. Any new orders addressing the monthly obligation and/or arrears we would like a copy so that we can adjust our ledger in accordance with the order.

If Brooke would no longer like assistance with the enforcement of the case she would need to speak with South Dakota for appropriate next steps. Any updates they provide us will be done so accordingly and if they give us permission to close we will do so immediately.

We also do not facilitate communication between parties.

Thank you,

LARIMER COUNTY

**Jennifer Brant**
Senior Child Support Specialist

Department of Human Services- Benefits and Community Support Division
1501 Blue Spruce, Fort Collins, 80524
W:(970) 498-7727 |
Brantjr@larimer.org | www.larimer.org

[redacted]

[redacted]

LARIMER COUNTY

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

LARIMER COUNTY

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Please do not include me in your personal emails, I will not respond back to you with other people in the conversation.

***Susan Martens***

--

**Susan Martens**
Child Support Specialist II

Department of Human Services - Child Support
1501 Blue Spruce Drive, Fort Collins, CO 80524
W: (970) 498-7747 F: (970)498-7605
martensa@co.larimer.co.us | www.larimer.org

[Prior email chain omitted · available for in camera review upon Court request]