**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-CV-00342-NYW-CYC

GERALD PAUL HERSHFELDT

Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity;
JENNIFER BRANT, individually and in her official capacity;
TIMOTHY J. JASHINSKY, individually and in his official capacity;
CINDY LUCERO, individually and in her official capacity;
WENDY BATTS, individually and in her official capacity;
ARTHUR J. SPICCIATI, individually and in his official capacity;
LARRY BOYD, individually and in his official capacity;
JANE RODIG, individually and in her official capacity;
HEATHER O'HAYRE, in her official capacity;
MICHELLE BARNES, in her official capacity;
LAURIE GILL, in her official capacity;
LARIMER COUNTY, COLORADO;

Defendants.

---

**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**(ECF 85; FILED 7/25/26)**

---

Defendants Laurie Gill and Jane Rodig (collectively "the South Dakota Defendants"),[1] by and through their attorney Nicholas C. Poppe of Nathan Dumm & Mayer P.C., hereby submit their Response to Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF 85), and state as follows:

[1] Larry Boyd and Matt Althoff have not been served in this case, and thus do not join in this Response. That being said, as they are also affiliated with South Dakota, the arguments contained herein would apply with equal effect to them if they had been properly served.

## INTRODUCTION

While the South Dakota Defendants have a number of valid defenses to the claims pled in Mr. Hershfeldt's proposed Second Amended Complaint ("SAC"), one defense precedes all others: a lack of personal jurisdiction. Because none of the South Dakota Defendants purposefully established minimum contacts within the State of Colorado, they may not be sued in the U.S. District Court for the District of Colorado.

Thus, while the South Dakota Defendants preserve all defenses to them at law, they seek a narrower ruling on Mr. Hershfeldt's Motion to Amend. They ask the Court to deny his Motion based on futility and a lack of personal jurisdiction.

## STANDARD OF REVIEW

A motion to amend under Rule 15(a) falls within the discretion of the district court and amendment should be freely given when justice so requires. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Yet a motion to amend may be denied if it is accompanied by undue delay, bad faith, dilatory motive, or repeated failure to cure previous deficiencies. *Id*.

The burden of proving personal jurisdiction is on Mr. Hershfeldt. *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 900 (10th Cir. 2003). Personal jurisdiction must be based on an assessment of whether the defendant "purposefully established minimum contacts within the forum State." *Id*. (internal citations omitted).

## LEGAL ARGUMENT

*I. The motion to amend should be denied as futile because Mr. Hershfeldt cannot establish personal jurisdiction over the South Dakota Defendants*.

From a general perspective, because Colorado's long-arm statute extends to the Constitution's full extent, the analysis of personal jurisdiction is "a single due process inquiry," focusing on whether the defendant has purposefully established minimum contacts within the forum state. *Old Republic Ins. Co.*, 877 F.3d at 903. A plaintiff must make a *prima facie* showing of such contacts, through affidavit or otherwise, for each out-of-state defendant. *Id*. To establish minimum contacts on the basis of communications to the forum state, the Tenth Circuit has held that there must be more than sporadic or limited communications. *See Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1299 (10th Cir. 1999) ("It is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts") (internal citations omitted).

In the proposed SAC, Mr. Hershfeldt asserts various claims against Laurie Gill and Jane Rodig, yet fails to show that they directed minimum contacts to Colorado such that it would be constitutional to sue them in Colorado district court. The South Dakota Defendants will address both defendants in turn.

**Laurie Gill**: Ms. Gill is mentioned in one paragraph in the SAC. In paragraph 19, she is identified as a former Cabinet Secretary for South Dakota's Department of Social Services. [ECF 85-1, ¶ 19]. Other than stating she is sued in her "individual capacity for compensatory and punitive damages for conduct undertaken during her tenure as final

policymaker," there are no other allegations related to her involvement in the matter. Relevant to personal jurisdiction, there are no allegations in the SAC that Ms. Gill ever directed communications to Colorado or availed herself of services in Colorado such that she may be properly sued in Colorado.

**Jane Rodig**: In the SAC, Ms. Rodig is alleged to have sent one employment verification form to one Colorado employer for purposes of child support. [ECF 85-1, ¶ 16]. Yet a single employment verification form lacks evidence of continuous or intentional contacts with the forum state such that the exercise of jurisdiction would be reasonable. *See Olsen v. Mapes*, 139 Fed. App'x 54, 57-58 (10th Cir. 2005) (denying personal jurisdiction based on lack of sufficient communications with forum state).

Ms. Rodig is also alleged to have caused one new child support entry to be entered with TransUnion. [*Id.*, ¶ 33]. But Mr. Hershfeldt fails to allege that such reporting involved Colorado at all. And even if it did, two contacts total with a forum state are insufficient to establish that a defendant engaged in minimum contacts such that the assertion of jurisdiction over them would be constitutional. *Soma Medical Intern.*, 196 F.3d at 1299.

## CONCLUSION

Based upon the lack of allegations establishing personal jurisdiction over the South Dakota Defendants in Colorado, these Defendants request that Mr. Hershfeldt's motion to amend be denied as futile.

The undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

DATED this 14th day of August, 2026.

*s/Nick Poppe*
Nicholas C. Poppe
NATHAN DUMM & MAYER P. C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
npoppe@ndm-law.com
ATTORNEY FOR DEFENDANTS GILL AND RODIG

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August, 2026 I electronically filed the foregoing **RESPONSE TO MOTION TO AMEND** using the CM/ECF system which will send notification of such filing to the following:

Gerald Paul Hershfeldt
429 E. 14th Ave. Apt. 107
Denver, CO 80203
Phone: (720) 378-8474
Email: jerry.hershfeldt@gmail.com
*Pro Se Plaintiff*

Michael Turner Lowe
Heather D. Kuhlman
Bruno Colin Goddard & Lowe, PC
1120 Lincoln Street
Suite 1606
Denver, CO 80203
Phone: (303) 831-1099
Email: mlowe@brunolawyers.com
hkuhlman@brunolawyers.com
*Attorneys for Larimer County Defendants*

Rachel E. Ollis
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, CO 80203
Phone: (720) 508-6201
Email: rachel.ollis@coag.gov
*Attorney for Defendant Barnes*

*s/Nick Poppe*
Nicholas C. Poppe
Attorney for Defendants
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
npoppe@ndm-law.com