IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, et al.,

Defendants.

PLAINTIFF'S CONSOLIDATED REPLY IN SUPPORT OF

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

[ECF 85] AND IN RESPONSE TO ECFs 91, 92, AND 93

Plaintiff Gerald Paul Hershfeldt respectfully submits this consolidated Reply in support of his Motion for Leave to File Second Amended Complaint [ECF 85].

Plaintiff responds to the overlapping objections of Defendants Gill and Rodig [ECF 91], Defendant Barnes [ECF 92], and the Larimer County Defendants [ECF 93].

The responses rest on a common premise: that each claim in the proposed Second Amended Complaint ("SAC") necessarily seeks federal review and rejection of a state-court domestic-relations judgment. The SAC does not seek that relief. It includes material conduct occurring after the First Amended Complaint ("FAC") was filed and alleges federal claims arising from Defendants' own executive, administrative, and consumer-reporting conduct. Defendants have not established that the SAC, considered as a whole, is futile.

## I. RULE 15 FAVORS AMENDMENT, INCLUDING TO PLEAD MATERIAL POST-FAC CONDUCT.

Rule 15(a)(2) directs that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Tenth Circuit recognizes that Rule 15 is intended to facilitate a decision on the merits rather than technical pleading deficiencies, while permitting denial for undue delay, bad faith, repeated failure to cure, undue prejudice, or futility. Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). A proposed amendment is futile only if it would be subject to dismissal. Jefferson County School District No. R-1 v. Moody's Investors Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999).

Plaintiff filed the FAC on February 26, 2026. [ECF 9]. The proposed SAC contains later events that could not have been pleaded in the FAC. The SAC alleges that U.S. Marshals executed service of federal summonses on March 17, 2026, and that Defendant Lucero authorized a license-suspension notice on March 18, 2026. SAC ¶ 54. It alleges no intervening change in arrears, payment status, or other circumstance explaining the timing of the next-day action. Id.

The SAC also alleges that, after the FAC was filed, the Larimer County Board of County Commissioners convened on March 24, 2026, received notice of this action and the enforcement dispute, and voted 2-0 to defend and indemnify the County defendants. SAC ¶¶ 55, 58. The proposed amendment therefore is not a repetition of the FAC. It incorporates later-accruing factual allegations material to Plaintiff's proposed claims.

## II. DEFENDANTS DO NOT ESTABLISH THAT ROOKER-FELDMAN BARS THE PROPOSED SAC AS A WHOLE.

Rooker-Feldman is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before federal proceedings began and inviting federal review and rejection of those judgments. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). The doctrine does not automatically bar an independent federal claim merely because a related issue was

previously addressed in state court. Skinner v. Switzer, 562 U.S. 521, 532 (2011).

Plaintiff does not seek to vacate, revise, calculate, or declare void the June 2015 Decree of Dissolution. Plaintiff does not seek a divorce decree, custody decree, child-support calculation, or modification of a state-court order. The Decree is in the record; it incorporated the Separation Agreement and specified direct payment rather than income assignment. SAC ¶ 23.

The SAC instead alleges discrete later conduct by executive officials, including adverse administrative actions allegedly taken after protected petitioning activity, constitutionally inadequate procedures surrounding license suspension, and consumer-report furnishing and verification after CRA-transmitted disputes. SAC ¶¶ 45–67, 90–103. Determining whether Defendants performed those functions lawfully does not necessarily require the Court to recalculate support, modify the Decree, or hold that a state court wrongly entered its judgment.

The Larimer County Defendants contend that, regardless of additional facts or claims, all claims flow from the state adjudication. [ECF 93 at 3]. That conclusion collapses distinct claims, later conduct, and different defendants into a single premise. At this Rule 15 stage, Defendants have not established that the SAC as a whole is futile on that basis.

## III. THE FCRA CLAIM PRESENTS A DISTINCT POST-DISPUTE

FEDERAL QUESTION.

Barnes characterizes Plaintiff's FCRA claim as arising solely from the underlying child-support order. [ECF 92 at 5]. The SAC, however, pleads a claim under 15 U.S.C. § 1681s-2(b), which governs a furnisher's duties after receiving notice from a consumer reporting agency of a consumer dispute.

After receiving CRA notice, a furnisher must investigate, review relevant information provided by the CRA, report results, and modify, delete, or permanently block information found inaccurate, incomplete, or incapable of verification. 15 U.S.C. § 1681s-2(b)(1).

The SAC identifies CRA-transmitted disputes, reinvestigation responses, and alleged factual discrepancies in reported tradeline information. SAC ¶¶ 95–103. It alleges discrete dispute results on November 18, 2022, April 7, 2025, and June 30, 2026, when furnishers certified or verified disputed information as accurate without correcting or reconciling the reporting features alleged in the SAC. SAC ¶¶ 99–103.

The FCRA count does not ask this Court to calculate a support obligation. It asks whether the identified furnishers complied with federal post-dispute investigation duties before certifying particular consumer-report information as accurate. The fact that the tradelines concern child support does not itself establish that the statutory claim is an appeal from a state-court judgment.

## IV. THE DOMESTIC-RELATIONS EXCEPTION DOES NOT ESTABLISH FUTILITY OF EVERY PROPOSED CLAIM.

Plaintiff does not seek a divorce, alimony, custody, support-calculation, or support-modification decree. Plaintiff does not ask this Court to issue a domestic-relations order.

Defendants' domestic-relations argument rests on the same assertion that every claim requires a finding that a state court's order was invalid. But the SAC also alleges later executive and administrative conduct, including alleged retaliation following protected petitioning, allegedly deficient license-suspension procedures, and post-dispute consumer-report furnishing. SAC ¶¶ 45–67, 90–103. Defendants have not established that the domestic-relations exception bars every proposed claim against every proposed defendant at the Rule 15 stage.

## V. THE SOUTH DAKOTA DEFENDANTS' PERSONAL-JURISDICTION OBJECTION IS SEVERABLE.

The South Dakota Defendants' objection is personal to Gill and Rodig. Even if the Court concluded that jurisdiction is lacking as to one or both, that conclusion would not establish futility as to all remaining defendants or all claims in the SAC.

The SAC alleges that Defendant Rodig mailed a statutory employment-information demand to Plaintiff's Colorado employer at a Denver address, invoking South Dakota law to compel disclosure of Plaintiff's Colorado wages and employment information. SAC ¶ 35. It also alleges that Defendant Boyd stated that South Dakota shares employment information with Colorado "so they can enforce." SAC ¶ 34.

These allegations support a prima facie showing of purposeful direction into Colorado. Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1071–72 (10th Cir. 2008). If the Court concludes that the present record is insufficient as to Defendant Gill, Plaintiff respectfully requests limited jurisdictional discovery concerning interstate referrals, registration, information-sharing, policies, and communications bearing on Gill's alleged personal connection to Colorado-directed activity.

## VI. THE REMAINING DEFENSES DO NOT ESTABLISH TOTAL FUTILITY.

Defendants raise Eleventh Amendment, official-capacity, arm-of-the-state, qualified-immunity, and municipal-liability arguments. Those defenses may present important claim- and defendant-specific questions. They do not establish that the SAC in its entirety is futile.

The SAC includes individual-capacity allegations based on the conduct of identified officials. Such claims must be assessed according to the acts alleged, the federal right asserted, and the defense applicable to each defendant. Likewise,

prospective official-capacity relief must be assessed under standards governing ongoing violations of federal law.

Barnes expressly reserves additional Rule 12 defenses if amendment is allowed. [ECF 92 at 3 n.2]. That reservation confirms that ordinary post-amendment motion practice is the appropriate method to resolve disputed immunity, capacity, causation, and pleading issues. Defendants' current responses do not establish that denial of leave as to the entire SAC is warranted.

## VII. CONCLUSION

Plaintiff respectfully requests that the Court grant his Motion for Leave to File Second Amended Complaint [ECF 85]. The SAC includes material facts that could not have been pleaded in the FAC and asserts claims concerning Defendants' own alleged later conduct. Defendants have not established that the proposed SAC, considered as a whole, is futile.

Alternatively, if the Court concludes that a particular defendant presents a threshold jurisdictional issue, Plaintiff requests that the Court resolve that issue as to that defendant rather than deny leave as to the entire proposed amendment. Plaintiff also requests limited jurisdictional discovery as to Defendant Gill if necessary.

DATED this 18th day of August, 2026.

Respectfully submitted,

/s/ Gerald Paul Hershfeldt

GERALD PAUL HERSHFELDT

Plaintiff, Pro Se

429 East 14th Avenue, Apartment 107

Denver, Colorado 80203

720-378-8474

jerry.hershfeldt@gmail.com

CERTIFICATION REGARDING THE USE OF

GENERATIVE ARTIFICIAL INTELLIGENCE

Pursuant to Judge Nina Y. Wang's Standing Order Regarding the Use of Generative Artificial Intelligence in Court Filings, Plaintiff certifies that generative artificial intelligence was used to assist in preparing this filing, including Perplexity, ChatGPT, and DeepSeek.

Plaintiff personally reviewed this filing in its entirety for accuracy. Plaintiff further certifies that each legal citation in this filing refers to an actual, non-fictitious authority and that Plaintiff personally verified each cited authority before filing.

CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2026, I electronically filed the foregoing PLAINTIFF'S CONSOLIDATED REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [ECF 85] AND IN RESPONSE TO ECFs 91, 92, AND 93 through the Court's CM/ECF system, which will send notice of the filing to all counsel of record, including:

Heather Dawn Kuhlman
Michael Turner Lowe
Bruno, Colin, Goddard & Lowe, P.C.
1120 Lincoln Street, Suite 1606
Denver, Colorado 80203
hkuhlman@brunolawyers.com
mlowe@brunolawyers.com

Rachel Eileen Ollis
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
rachel.ollis@coag.gov

Nicholas Christaan Poppe

Nathan Dumm & Mayer P.C.

7900 East Union Avenue, Suite 600

Denver, Colorado 80237

npoppe@ndm-law.com

/s/ Gerald Paul Hershfeldt

GERALD PAUL HERSHFELDT

```
```