**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1: 26-CV-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity;
JENNIFER BRANT, individually and in her official capacity;
TIMOTHY J. JASHINSKY, individually and in his official capacity;
CINDY LUCERO, individually and in her official capacity;
WENDY BATTS, individually and in her official capacity;
ARTHUR J. SPICCIATI, individually and in his official capacity;
LARRY BOYD, individually and in his official capacity;
JANE RODIG, individually and in her official capacity;
HEATHER O'HAYRE, in her official capacity;
MICHELLE BARNES, in her official capacity;
LAURIE GILL, in her official capacity;
MATT ALTHOFF, in his official capacity;
LARIMER COUNTY, COLORADO

Defendants.

---

**DEFENDANT LAURIE GILL AND JANE RODIG'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(B)(2) AND 12(B)(6)**

**[ECF 97; 8/27/26]**

---

Defendants Laurie Gill and Jane Rodig, (collectively "the South Dakota Defendants"),[1] by and through their attorney Nicholas C. Poppe of Nathan Dumm &

[1] Larry Boyd and Matt Althoff have not been served in this case and thus do not join in this Motion. That being said, as they are also affiliated with South Dakota, the arguments contained herein would apply with equal effect to them if they had been properly served.

Mayer P.C., hereby submit their Motion to Dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and state as follows:

## INTRODUCTION

In his Second Amended Complaint ("SAC"), Mr. Hershfeldt brings a civil rights action arising out of his child-support obligations, purportedly entered by a Larimer County District Court Judge in 2015. [ECF 97, ¶¶ 23-29].

Defendant Laurie Gill was the Cabinet Secretary of the South Dakota Department of Social Services. [*Id.*, ¶ 19]. Ms. Gill is sued in her individual capacity.

Defendant Jane Rodig is a child support specialist for South Dakota. [*Id.*, ¶ 16]. She is sued in both her individual and official capacities.

The South Dakota Defendants should be dismissed in both their individual and official capacities because the Court lacks jurisdiction over them given a lack of minimum contacts in Colorado. They are also entitled to dismissal in their individual capacity based upon a lack of personal participation and qualified immunity. Ms. Rodig is entitled to dismissal in her official capacity based upon failure to state a claim and Eleventh Amendment immunity.

## STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(2): Lack of Personal Jurisdiction.

There is no personal jurisdiction over the South Dakota Defendants and they do not waive personal jurisdiction in this action. The burden of proving personal jurisdiction is on Mr. Hershfeldt. *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 900 (10th Cir. 2003). Personal jurisdiction must be based on an assessment of whether

the defendant "purposefully established minimum contacts within the forum State." *Id*. (internal citations omitted).

**B. Fed. R. Civ. P. 12(b)(6): Failure to state a claim upon which relief can be granted.**

A court must dismiss a complaint that fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant that is immune from such relief. 28 U.S.C. §1915(e)(2)(B). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Harvey v. U.S.*, 149 Fed.Cl. 751, 765 (Fed. Cl. 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and cross "the line from conceivable to plausible." *Bell Atl. Corp.*, 550 U.S. at 555 & 570. Mere labels and conclusions or formulaic recitation of the elements of a cause is not sufficient, and any "naked assertion[s]" devoid of additional factual support do not pass muster. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## LEGAL ARGUMENT

**A. The Court lacks personal jurisdiction over the South Dakota Defendants.**

Mr. Hershfeldt has failed to meet his burden of proving personal jurisdiction over the South Dakota Defendants because he has alleged no facts that would establish personal jurisdiction.

Because Colorado's long-arm statute extends to the Constitution's full extent, the analysis of personal jurisdiction is "a single due process inquiry," focusing on whether

the defendant has purposefully established minimum contacts within the forum state. *Old Republic Ins. Co.*, 877 F.3d at 903. A plaintiff must make a *prima facie* showing of such contacts, through affidavit or otherwise, for each out-of-state defendant. *Id*.

In the SAC, Mr. Hershfeldt asserts various claims against Laurie Gill and Jane Rodig, yet fails to show that they directed minimum contacts to Colorado such that it would be constitutional to sue them in Colorado district court. The South Dakota Defendants will address both defendants in turn.

**Laurie Gill**: Ms. Gill is mentioned in one paragraph in the SAC. In paragraph 19, she is identified as a former Cabinet Secretary for South Dakota's Department of Social Services. [ECF 97, ¶ 19]. Other than stating she is sued in her "individual capacity for compensatory and punitive damages for conduct undertaken during her tenure as final policymaker," there are no other allegations related to her involvement in the matter. Relevant to personal jurisdiction, there are no allegations in the SAC that Ms. Gill ever directed communications to Colorado or availed herself of services in Colorado such that she may be properly sued in Colorado.

**Jane Rodig**: In the SAC, Ms. Rodig is alleged to have sent one employment verification form to one Colorado employer for purposes of child support. [*Id.*, ¶ 16]. Yet a single employment verification form lacks evidence of continuous or intentional contacts with the forum state such that the exercise of jurisdiction would be reasonable. *See Olsen v. Mapes*, 139 Fed. App'x 54, 57-58 (10th Cir. 2005) (denying personal jurisdiction based on lack of sufficient communications with forum state).

Ms. Rodig is also alleged to have caused one new child support entry to be entered with TransUnion. [*Id.*, ¶ 33]. But Mr. Hershfeldt fails to allege that such reporting involved Colorado at all. And even if it did, two contacts total with a forum state are insufficient to establish that a defendant engaged in minimum contacts such that the assertion of jurisdiction over them would be constitutional. *Soma Medical Intern.*, 196 F.3d at 1299.

**B. Mr. Hershfeldt fails to state a claim upon which relief can be granted.**

Even if this Court were to determine that personal jurisdiction was proper, Mr. Hershfeldt's Complaint must still be dismissed against the South Dakota Defendants because it fails to state any claim upon which relief can be granted. With respect to any claims against Ms. Gill in her personal capacity, Mr. Hershfeldt fails to allege any personal participation. Ms. Gill is also entitled to qualified immunity. The same is true of Ms. Rodig. A single allegation that she sent an employment verification form is insufficient to establish personal participation in any of his claims for relief. She is also entitled to qualified immunity.

With respect to any official capacity claims, Mr. Hershfeldt fails to state claims under *Robbins v. Oklahoma*. Also, to the extent Mr. Hershfeldt asserts monetary damages, South Dakota is entitled to immunity under the Eleventh Amendment.

**1. All claims against the South Dakota Defendants must be dismissed because they did not personally participate in any alleged deprivation of rights.**

It has long been settled law that a defendant must have personally participated in or caused an alleged deprivation of rights to be liable under 42 U.S.C. § 1983. *Dodds v.*

*Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010). Yet the only substantive allegation referencing Ms. Gill is in paragraph 19 of the SAC, where Mr. Hershfeldt merely identifies who she is. Other than that, Ms. Gill is never again specifically mentioned in the SAC. A similar narrative is true for Ms. Rodig, as the SAC merely describes who she is and states that she sent one employment verification form and caused a new account entry with TransUnion. [ECF 97, ¶¶ 16, 33]. Because these allegations are woefully insufficient to show that they personally participated in any alleged violation of Mr. Hershfeldt's rights, they are entitled to dismissal as a matter of law.

Beyond personal participation, the South Dakota Defendants are also entitled to dismissal under the Tenth Circuit's holding in *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). It is well established in the Tenth Circuit that whenever a party pursues claims under 42 U.S.C. section 1983, plaintiffs must specifically identify which claims are being pled against each defendant. *Robbins*, 519 F.3d at 1249. This is especially important if claims are also alleged against a governmental entity, as a plaintiff must "provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id*. at 1249-50. Thus, a "complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id*. at 1250.

While Mr. Hershfeldt makes a half-hearted effort to identify when he is suing particular defendants, the lack of substantive allegations makes it impossible for the

South Dakota Defendants to evaluate their own personal liability, as opposed to the alleged liability of South Dakota.

This case is also not based on a single event or incident, like use of force or an arrest. Instead, as the Complaint implies, this is a multi-year dispute regarding Mr. Hershfeldt's child support obligations. He implies that there are several critical events in the dispute, including a suspension of his license and several disputes with Larimer County. Yet because the claims for relief are often limited to a few conclusory sentences, and are otherwise not tethered to specific events or nonconclusory facts about each Defendant, it is impossible to understand which part of the parties' dispute allegedly led to each source of constitutional liability. The Tenth Circuit in *Robbins* rejected such vague pleading practices, affirming that "the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants." 519 F.3d at 1250. Because his Complaint fails the standard set forth in *Robbins*, the South Dakota Defendants should be dismissed in both her individual and official capacities.

**2. The South Dakota Defendants are entitled to qualified immunity.**

While Mr. Hershfeldt's failure to comply with *Robbins* makes any analysis of qualified immunity nearly impossible, the South Dakota Defendants nonetheless assert the defense in response to his decision to sue them in their individual capacity.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018), quoting *White v. Pauly*, 580 U.S.

73, 78-79 (2017). In order “for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate.” *Id.*, quoting *White*, 580 U.S. at 79. An official “cannot be said to have violated a clearly established right unless the right’s contours were sufficiently definite that any reasonable official in the defendant’s shoes would have understood that he was violating it.” *Id.* at 105, quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778-779 (2014) (internal quotations omitted). “A plaintiff may satisfy this standard by identifying an on-point Supreme Court or published Tenth Circuit decision; alternatively, the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.” *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015).

As discussed, Mr. Hershfeldt alleges a series of disputes related to a multi-year child support enforcement action. Yet he fails to identify on-point federal precedent demonstrating to every reasonable government official, including Ms. Gill and Ms. Rodig, that their – still unarticulated – conduct towards him was unconstitutional. Thus, they are entitled to qualified immunity and should be dismissed.

**C. The State of South Dakota is entitled to Eleventh Amendment Immunity.**

While again unclear based on the allegations in the Complaint, to the extent that Mr. Hershfeldt is suing Ms. Rodig in her official capacity for monetary damages, such damages are barred by Eleventh Amendment immunity. It is well established that the “Eleventh Amendment has been interpreted to bar suits against states and state agencies for money damages in federal court.” *See, e.g., Tarrant Regional Water Dist.*

*v. Sevenoaks* 545 F.3d 906, 911 (10th Cir. 2008). Thus, any claim for money damages against the State of South Dakota is barred as a matter of law.[2]

Mr. Hershfeldt also fails to allege, based on specific facts, that any of the South Dakota Defendants acted pursuant to a policy, custom, or practice of the State of South Dakota – as required to sustain *Monell* liability. *See, e.g., Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 770 (10th Cir. 2013).

**CONCLUSION**

For the reasons set forth herein, Ms. Gill and Ms. Rodig should be dismissed from this lawsuit in their individual and official capacities.

AI Certification: The undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

DATED this 28th day of September, 2026.

*s/Nick Poppe*
Nicholas C. Poppe
NATHAN DUMM & MAYER P. C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
ATTORNEY FOR SOUTH DAKOTA DEFENDANTS

[2] Although not served, this argument would apply with equal effect to Matt Althoff and Larry Boyd, also sued in their official capacities. Indeed, it may be simpler to note that Mr. Hershfeldt has not alleged a valid claim for relief against any South Dakota entity or official capacity defendant for the reasons set forth in this Motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on 28th day of September, 2026, I emailed and regular mailed all pro se parties, and electronically filed the foregoing **MOTION TO DISMISS** using the CM/ECF system which will send notification of such filing to the following:

Gerald Paul Hershfeldt
429 E. 14th Ave. Apt. 107
Denver, CO 80203
Phone: (720) 378-8474
Email: jerry.hershfeldt@gmail.com
Pro Se Plaintiff

Michael Turner Lowe
Heather Dawn Kuhlman
Bruno Colin Goddard & Lowe, PC
1120 Lincoln Street
Suite 1606
Denver, CO 80203
Phone: (303) 831-1099
Email: mlowe@brunolawyers.com
hkuhlman@brunolawyers.com
Attorneys for Larimer County Defendants

Rachel Eileen Pattison
Colorado Attorney General's Office
1300 Broadway St., 6th Floor
Denver, CO 80203
Phone: (720) 508-6201
Email: Rachel.ollis@coag.gov
Attorney for Defendant Barnes

*s/Nick Poppe*______________________________
Nicholas C. Poppe
Attorneys for Defendants
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
NPoppe@ndm-law.com