**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-00342-NYW-CYC

GERALD PAUL HERSHFELDT,
Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity;
JENNIFER BRANT, individually and in her official capacity;
TIMOTHY J. JASHINSKY, individually and in his official capacity;
CINDY LUCERO, individually and in her official capacity;
WENDY BATTS, individually and in her official capacity;
ARTHUR J. SPICCIATI, individually and in his official capacity;
LARRY BOYD, individually and in his official capacity;
JANE RODIG, individually and in her official capacity;
HEATHER O'HAYRE, in her official capacity;
MICHELLE BARNES, in her official capacity;
LAURIE GILL, in her official capacity;
MATT ALTHOFF, in his official capacity;
LARIMER COUNTY, COLORADO,
Defendants.

**DEFENDANT MICHELLE BARNES, IN HER OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF HUMAN SERVICES, MOTION TO DISMISS SECOND AMENDED COMPLAINT, [ECF 97], PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6).**

Defendant, Michelle Barnes, in her official capacity as Executive Director of the Colorado Department of Human Services ("Director Barnes"), by and through counsel of record, hereby submits this Motion to Dismiss Second Amended Complaint, [ECF 97], pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) and states as follows:[1]

[1] Conferral is excepted by D.C.COLO.LCivR 7.1(b)(2) and Civ. Practice Standard 7.1B(b).

## INTRODUCTION

Plaintiff's Second Amended Complaint makes clear this lawsuit is simply his newest attempt to contest his Colorado child support order. In September 2025, in state court case 2015DR000229, Plaintiff asked a Colorado state court to declare his June 2015 and June 2022 child support orders—and their enforcement—invalid. (Exhibit A, pp. 1-7). The state court denied the request, finding he had "long since missed the timeframe to seek an appeal." *Id*. at p. 7. Plaintiff then filed a Motion for Reconsideration, which was denied in January 2026 because he failed to timely challenge the orders and identified no manifest error of fact or law. *Id*. at p. 7. Two weeks after the Colorado courts made clear his challenges were foreclosed, Plaintiff filed this lawsuit asserting the same arguments already raised in and denied by the state court.[2] Resolving his claims in this forum requires this Court serve a state court appellate function and reject the state court orders. The *Rooker–Feldman* doctrine and domestic relations principles foreclose such review.

Moreover, Director Barnes' inclusion in this lawsuit lacks purpose. The Second Amended Complaint contains no factual allegations against her, which

---

[2] On a motion to dismiss, the Court may consider documents subject to judicial notice, including court documents and matters of public record. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). The Court may also consider the state court documents in determining whether it has subject matter jurisdiction over Plaintiff's claims under Fed. R. Civ. P. 12(b)(1). All documents in Exhibit A are publicly available filings per 2015DR000229 and Chief Judge Directive 05-01. This Motion should not be converted to a Motion for Summary Judgment.

alone is fatal. And even if it did, the Eleventh Amendment and standing requirements independently bar review.

## STANDARD OF REVIEW

A court lacking subject matter jurisdiction must dismiss the case under Fed. R. Civ. P. 12(b)(1). The determination of a court's subject matter jurisdiction is a threshold question of law. *Madsen v. U.S. ex. rel. U.S. Army Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). As the party invoking federal jurisdiction, the plaintiff bears the burden of proof. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege a "plausible" claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While courts accept well-pled factual allegations as true, legal conclusions couched as a factual allegation need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Because Plaintiff is pro se, the Court liberally construes his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court must not act as his advocate or construct a legal theory on his behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## ARGUMENT

### I. This Court lacks subject matter jurisdiction.

#### A. Abstention is warranted.

**i. The *Rooker-Feldman* doctrine precludes jurisdiction.**

"*Rooker-Feldman* is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012). Specifically, it bars cases "brought by state-court losers complaining of injuries *caused by state-court judgments* rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 1283 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005)) (emphasis added). In evaluating whether *Rooker-Feldman* applies, courts look to the relief sought and determine if "the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court seeks *redress*." *Tal*, 453 F.3d at 1256 (emphasis in original) (internal quotation omitted).

More specifically, the doctrine "bars any 'action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision….'" *Wideman v. Colorado*, 242 F. App'x 611, 613-14 (10th Cir. 2007) (unpublished) (2007 WL 2827736) (quoting *Epps v. Creditnet, Inc*., 320 F.3d 756, 758-59 (7th Cir. 2003)); *see also Hawks v. Abbott*, 365 Fed. Appx. 124, 126 (10th Cir. 2010) (unpublished) (holding that allegations about miscalculations of child support benefits are inextricably linked to a child support order and thus barred under *Rooker-Feldman*); *see also Pandley v. Russell*, 445 Fed. Appx. 56, 59 (10th Cir. 2011) (unpublished) (holding that the plaintiff's claims arose in the course of Colorado divorce proceedings and requiring the federal court to review and reject orders in a state court case is precluded under *Rooker-*

*Feldman*); *see also Eaves v. Paxton*, No. 24-1400, 2026 WL 1020603, at *2-3 (10th Cir. 2026) (finding claims involving enforcing child support orders via collection and liens were intertwined with a child support order and therefore precluded under *Rooker-Feldman*).

Here, Plaintiff complains of injuries caused by a state court child support order and invites federal district court review of that order. His lawsuit is based on the assertion that the state court's child support order was invalid, rendering its enforcement invalid as well. [ECF 97, ¶ 1] (Asserting this action serves the purpose of "remedy[ing] a decade of unconstitutional child support enforcement executed without a valid [sic] entered judicial predicate…."); *see also* [ECF 97 ¶ 2] ("…no executable child support order was ever entered, and that human actors nonetheless proceeded with enforcement."). He further asserts that the "foundation of this suit is the state court's own official record." [ECF 97, ¶ 2]. Ultimately, plaintiff requests this Court "enjoi[n] Defendants in their official capacities from executing further wage garnishments, tax intercepts, and driver's license suspensions in the absence of a valid [sic] entered judicial order and constitutionally adequate process." [ECF 97, ¶ 122]. Simply put, he requests this Court reverse and enjoin enforcement of the state court child support order, just as he previously sought, and was denied, in state court. (Ex. A).

Plaintiff's Fair Credit Reporting Act (FRCA) claim against Director Barnes arises solely from the underlying state court child support order. [ECF 97, ¶ 1] ("This is a civil rights action under 42 U.S.C. § 1983 and the Fair Credit Reporting Act, 15 U.S.C. § 1681, to remedy a decade of unconstitutional child support enforcement executed

without a valid [sic] entered judicial predicate….”) Plaintiff alleges that he disputed his Colorado child support tradeline and that “furnishers” verified the child support debt based on errors in the state court registry and an invalid child support order. [ECF 97, ¶ 111] (“Plaintiff alleges the furnisher certified accuracy without correcting the reporting features identified in ¶ 109.”); [ECF 97, ¶ 109] (asserting the tradelines “report a debt while the Register of Actions contains no child support entry….”). Restated, Plaintiff contends he disputed his credit report reflecting owed child support because the underlying order was invalid and that furnishers nonetheless verified a credit report based on that invalid order. Any asserted harm is actually and proximately caused by the child support order itself, not Director Barnes. *See generally*, [ECF 97, ¶ 121-123]. Determining whether the child support debt or its verification was valid would require evaluating the validity of the child support order and the *Rooker-Feldman* doctrine precludes this.

With nearly identical facts, this district recently held that a FRCA claim based on Denver County’s allegedly false credit reporting arising from an invalid child support order was barred by *Rooker-Feldman*. In *Jones v. Denver Human Services*, the plaintiff argued his order was void ab initio and that Colorado lacked authority to enforce it, yet it still reported negative information to credit agencies. *Jones v. Denver Human Srvs.*, No. 25-cv-01979-GPG-SBP, 2025 WL 3907659 (D. Colo. 2025) (report and recommendation adopted). Although the plaintiff framed his FCRA claim as targeting the defendants’ conduct rather than the state-court judgment, the court dismissed it, finding the claim fundamentally relied on the premise that the child support order was

invalid. *Id*. at 8; *see also Jones v. Denver Human Srvs.*, No. 25-cv-01979-GPG-SBP, 2025 WL 3907698 (D. Colo. 2025) (appeal filed). The same should be true for this matter.

**ii. The domestic relations exception bars this Court from asserting jurisdiction.**

Federal courts have recognized a "domestic relations exception" to federal jurisdiction that "divests federal courts of the power to issue divorce, alimony, and child custody decrees." *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *see also Winters v. Kansas Dep't of Soc. & Rehab. Servs.*, No. 10-2181-JAR, 2011 WL 166708, at *4-5 (D. Kan. Jan. 19, 2011) (collecting cases), *aff'd*, 441 F. App'x 611 (10th Cir. 2011) (unpublished) (2011 WL 5854367) ("Although the domestic relations exception is generally considered an exception to diversity jurisdiction, it may also be applied in federal question cases.") The Supreme Court has "acknowledged that it might be appropriate for the federal courts to decline to hear a case involving 'elements of the domestic relationship,' even when divorce, alimony, or child custody is not strictly at issue." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004) (abrogated on other grounds) (quoting *Ankenbrandt*, 504 U.S. at 703); *see also Lee v. Hurd*, No. 21-cv-01966-RBJ, 2022 WL 2716540, at *3 (D. Colo. July 13, 2022) ("…child support payments fall within the domestic-relations exception"). "If the federal court is called upon to decide those issues regularly decided in state court domestic relations actions such as… support obligations…then the domestic relations exception is applicable." *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989). Support orders, modification of support orders, validity of support orders, and

enforcement of support orders are all regularly decided by state family courts. *See generally*, *Nakauchi v. Cowart*, 519 P.3d 397, 402 (Colo. App. 2022) ("Colorado's child support enforcement law establishes procedures to enforce child support orders.")

Plaintiff asks this Court to halt enforcement of the state's child support order. [ECF 97, ¶ 121-126]. His Second Amended Complaint refers to an alleged violation of the FCRA, but this claim does not exist apart from the family child support issue. *See Bautista v. Va. Dep't of Soc. Servs.*, No. 15-cv-01202-GPG, 2015 WL 3660379, at *3 (D. Colo. June 12, 2015) ("Although Plaintiff has referred to a due process violation, his claim does not transcend or exist apart from the family law issue, and therefore, falls within the domestic relations exception.") The FCRA claim does not merely seek to enforce an alleged statutory right, but rather requires this Court interject itself into Colorado's child support system. This Court recently addressed a similar issue. In *Bellinsky v. Weiser*, the plaintiff's complaint asserted that, as a result of child support orders, the defendants reported plaintiff's delinquent child support payments to credit bureaus and asked that enforcement be enjoined. *Bellinsky v. Weiser*, No. 25-cv-02062-PAB-STV, 2026 WL 1975773, at *2 (D. Colo. 2026) (appeal filed). This district held that "[i]n asking for this relief, the Court finds that plaintiff is asking the Court to review issues of child support…that have already been decided in the State Court Proceedings and are traditional issues decided in state domestic cases." *Id*. Here, Plaintiff asks this Court to "compel correction or deletion of all child support tradelines furnished by Defendants…." [ECF 97, ¶ 123]. The result should be the same. Accordingly, review is precluded through the domestic relations exception.

**B. Plaintiff lacks standing to sue Director Barnes.**

Plaintiff lacks standing for this suit, which necessitates dismissal for lack of jurisdiction. *Yeager v. Fort Knox Sec. Products*, 672 Fed. Appx. 826, 829 (10th Cir. 2016) (unpublished). Plaintiff carries the burden of establishing standing. *Spokeo, Inc., v. Robins*, 578 U.S. 330, 338 (2016). To establish standing, Plaintiff must show: (1) he has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See Friends of the Earth v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 180-181 (2001) (internal citation omitted).

This Court should dismiss Plaintiff's complaint because Plaintiff cannot demonstrate that his alleged injuries are fairly traceable to Director Barnes/the State Department's conduct. Plaintiff fails to allege action by Director Barnes or the State Department. [ECF 97]. Indeed, Director Barnes' name only appears in the caption, list of parties, and in one claim header, but there is no connection to Director Barnes or the State Department. *Id*. at ¶ 18, p. 1, 34. Rather, it appears Director Barnes' inclusion in this lawsuit is simply because of her title. Accordingly, lack of standing necessitates dismissal of this action.

**II. The Eleventh Amendment bars review of Plaintiff's claim against Director Barnes and injunctive relief is improper.**

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ.*

*of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). The Eleventh Amendment bars suits in federal court for damages, declaratory relief, and injunctive relief against states, state agencies, and state officials in their official capacities, unless the state unequivocally waives its immunity or Congress expressly abrogates the state's immunity in creating a statutory cause of action. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984); *see also Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages.") The Eleventh Amendment bars suits unless (1) the state waives its immunity, (2) Congress abrogates the state's sovereign immunity, or (3) a state official is sued in his or her official capacity for prospective injunctive or declaratory relief under *Ex parte Young*, 209 U.S. 123 (1908). *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). None of the exceptions apply to Plaintiff's claims.

**a. The *Ex parte Young* Doctrine does not apply to Plaintiff's requested relief against Director Barnes.**

Plaintiff attempts to avoid sovereign immunity by purportedly seeking only prospective relief against Director Barnes. [ECF 97, ¶ 18]. Under *Ex parte Young*, a plaintiff may sue state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and seeks prospective relief. *Muscogee (Creek) Nation*, 611 F.3d at 1232. However, the *Ex parte Young* exception is narrow and only applies in certain circumstances, none of which apply here. *See Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998). To fall within the *Ex parte Young* exception, the complaint must allege "an ongoing violation of federal law and seek[]

relief properly characterized as prospective." *Verizon Md. Inc. v. Public Service*, 535 U.S. 635, 645 (2002); *Chilcoat v. San Juan County*, 41 F.4th 1196, 1213-14 (10th Cir. 2022). Here, however, Plaintiff does not allege any ongoing violations of federal law. [ECF 97, ¶ 30-34, 108-114]. Rather, Plaintiff's claims revolve entirely around past events. Plaintiff alleges, using past tense, that furnishers did not correct credit lines in 2022, 2025, and early 2026. *Id*. He states he seeks an "order compelling correction or deletion of all child support tradelines furnished by Defendants…." *Id*. at ¶123. While Plaintiff characterizes the relief as "prospective," it seeks to redress alleged past harms and thus in actuality, is retrospective. *See Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012). *See also Papasan v. Allain*, 478 U.S. 265, 279 (1986) (in determining whether equitable relief is prospective, courts "look to the substance rather than to the form of the relief sought").

Overcoming Eleventh Amendment immunity requires that the named state officer "have some connection with the enforcement of the act that is in continued violation of federal law." *Finstuen v. Crutcher*, 496 F.3d 1139, 1151 (10th Cir. 2007). Plaintiff must allege facts that the state official had a particular duty to enforce the named statute, that the state official demonstrated a willingness to exercise that duty, or that a policy or custom played a part in the violation of federal law. *See Prairie Band Potawatomi Nation*, 476 F.3d at 828 (quoting *Ex Parte Young*, 209 U.S. at 157). Plaintiff fails to do so. Moreover, Director Barnes has no authority to question a facially valid court order for child support nor ability to "correct" one. §§14-5-205(a), 14-5-207(a), C.R.S. As such,

Plaintiff cannot establish a connection between Director Barnes and the harm Plaintiff alleges.

Additionally, an injunction "must be narrowly tailored to remedy the harm shown." *Garrison v. Baker Hughes Oilfield Operations, Inc.*, 287 F.3d 955, 962 (10th Cir. 2002); Fed. R. Civ. P. 65(d). Here, however, the injunctive relief Plaintiff seeks, enjoining Defendants from any further wage garnishments, tax intercepts, and drivers' license suspensions, [ECF 97, ¶ 122], is vague, overly broad, unenforceable, and would not satisfy the requirements of Rule 65(d). *See Starkey v. Boulder Cnty. Soc. Servs.*, No. 06-cv-00659-LTB-PAC, 2006 WL 8073690, at *7 (D. Colo. Nov. 21, 2006) (dismissing official capacity claim where injunction sought was "overly broad, speculative and is not narrowly tailored to end an alleged violation of federal law").

**b. Congressional abrogation and waiver of sovereign immunity are inapplicable.**

Congressional abrogation and immunity waivers cannot be used to thwart Eleventh Amendment protections. Congress only abrogated federal immunity under the FCRA. *Dept. of Agri. Rural Development Rural Housing Servs. v. Kirtz*, 601 U.S. 42, 61 (2024). Colorado, moreover, has not waived its sovereign immunity here. *Griess v. State of Colo.*, 841 F.2d 1042, 1044 (10th Cir.1988) (concluding "a state's waiver of sovereign immunity in its own courts does not constitute abandonment of its Eleventh Amendment immunity in the federal courts."). Accordingly, Director Barnes is shielded by the Eleventh Amendment.

## III. Plaintiff's complaint fails to state a claim upon which relief can be granted.

Consumers may bring a civil action against a furnisher for its willful or negligent failure to conduct a reasonable investigation under section 1681s-2(b). *Ward v. Nat'l Credit Systems, Inc.*, 182 F.4th 918, 926 (10th Cir 2026). After receiving a dispute from a credit reporting agency, a furnisher must investigate, review the information, report the results, and modify, delete, or permanently block information if it's deemed inaccurate or incomplete. *Id*. A furnisher's duty to fix information arises only if the disputed data is in fact inaccurate or incomplete. *Id*. at 929. Thus, the reasonableness of the investigation matters only when the information is inaccurate and incomplete. *Id*. at 930. "And because a furnisher only incurs such an obligation when the disputed information is in fact inaccurate or incomplete, the consumer must prove inaccuracy (or incompleteness) as a necessary predicate to establishing actual but-for causation…." *Id*. at 929.

Plaintiff's FCRA claim fails because he never alleges that Director Barnes or the State Department were furnishers; he identifies only Larimer County as the source of the disputed tradelines. [ECF 97, ¶108] ["the disputed tradelines were furnished by two governmental child support enforcement entities:…and the Colorado child support enforcement program operated through Larimer County…Plaintiff alleges that Larimer County…acts as the operation arm of the Colorado child support enforcement program that furnishes the disputed information…."] On that basis alone, the claim cannot proceed against Director Barnes.

Plaintiff alleges that he disputed a Colorado child-support tradeline in August 2021 and April 2025, and the furnisher twice confirmed its accuracy. [ECF 97, ¶ 30-34, 111]. He claims the furnisher certified accuracy without correcting the issues identified

in ¶ 109, but the complaint offers no facts suggesting the investigation was unreasonable. Without such allegations, his FCRA claim cannot survive.

To prevail on a § 1681s-2(b) unreasonable-investigation claim, Plaintiff must make a prima facie showing that the disputed information was actually inaccurate or incomplete. *See Ward*, 182 F.4th at 929. His theory hinges on the claim that furnishers should not have verified his information because it was based on an allegedly invalid state child support order. [ECF 97, ¶ 109]. But proving inaccuracy requires him to establish that the state order itself is invalid. *See Ward*, 182 F.4th at 929. The Court cannot resolve this FCRA claim without determining the validity of that state court judgment—an inquiry this Court is not permitted to undertake under *Rooker-Feldman* and the domestic relations doctrine. Accordingly, Plaintiff fails to state a claim upon which relief can be granted, and even assuming the Amended Complaint alleges sufficient facts, the FCRA claim cannot survive because it requires a prima facie showing that the underlying state court order is invalid.

## IV. The claim against Director Barnes is not plausible and therefore cannot survive this Motion to Dismiss.

Established federal law dictates that

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 U.S. at 678 (2009) (internal citation omitted). The claim against Director Barnes is not facially plausible because of Plaintiff's failure to plead any factual content.

Director Barnes only appears in the caption, list of parties, and a claim header. [ECF 97]. Count VI names Director Barnes, but lacks any allegations about her or the State Department. *Id*. at ¶ 30-34, 106-114]; *see generally Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (acknowledging that a complaint should contain allegations explaining what each defendant did, when they did it, how their actions harmed the plaintiff, and what legal right was violated). At most, Plaintiff states under the listed parties section that he "submitted formal complaints to the Colorado Department of Human Services regarding the enforcement…which were not resolved." [ECF 97, ¶ 18]. This statement does not allow this Court to infer any misconduct, but rather just notes alleged complaints did not resolve in Plaintiff's favor. Moreover, the alleged written complaints from November 14 and 20, 2025 bear no relevance to Plaintiff's FCRA claim. While Claim VI names Director Barnes, it simultaneously alleges that Larimer County, and not the State Department, operates the Colorado child support enforcement program. [ECF 97, ¶ 108]. He further alleges that Larimer County furnishes the disputed information, not the State Department. Plaintiff's failure to direct allegations towards Director Barnes or the State Department makes it impossible for this Court to infer liability for alleged misconduct. The Second Amended Complaint falls significantly short of *Iqbal* pleading standards and, therefore, cannot survive this Motion.

## CONCLUSION

For the foregoing reasons, Director Barnes respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint against Director Barnes in her entirety, and for further relief available at law.

Respectfully submitted this 2nd day of October, 2026.

Undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

*s/Rachel E. Pattison*
Rachel E. Pattison, *Reg.* #56553
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6201
Email: rachel.pattison@coag.gov
*Attorney for Defendant Michelle Barnes in her official capacity as Executive Director of the Colorado Department of Human Services.*
Counsel of Record

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October 2026, a true and correct copy of the foregoing **DEFENDANT MICHELLE BARNES, IN HER OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF HUMAN SERVICES, MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) w**as electronically filed with service through the e-filing system as follows:

Gerald Paul Hershfeldt
429 East 14th Avenue, #107
Denver, CO 80203
Jerry.hershfeldt@gmail.com
*Pro Se*

Michael T. Lowe
Bruno, Colin, Goddard & Lowe, P.C.
1120 Lincoln Street, Suite 1606
Denver, CO 80203
Telephone: (303) 831-1099
mlowe@brunolawyers.com
*Counsel for Larimer County Defendants*

Nicholas C. Poppe
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
NPoppe@ndm-law.com
*Counsel for Defendant Gill and Rodig*

*s/ Rachel E. Pattison*
Rachel E. Pattison
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 50-6201
Email: rachel.ollis@coag.gov
*Attorney for Defendant Michelle Barnes in her official capacity as Executive Director of the Colorado Department of Human Services*