DISTRICT COURT, LARIMER COUNTY, COLORADO
201 LaPorte Avenue, Fort Collins, CO 80521

Case Number: 2015DR000229
Division: 2C

DATE FILED
September 29, 2025 1:07 PM
FILING ID: 20BCC1FB85DE2
CASE NUMBER: 2015DR229

IN RE THE MARRIAGE OF:

GERALD PAUL HERSHFELDT,
Petitioner,

and

BROOKE ERIN HERSHFELDT,
Respondent.

## MOTION TO VOID AB INITIO

Petitioner, Gerald Paul Hershfeldt, appearing Pro Se, moves this Court pursuant to C.R.C.P. 60(b)(4) to declare the Child Support Order dated June 9, 2015, and the Modified Order dated June 2, 2022, void from their inception (ab initio). A judgment that is void may be challenged at any time. These orders are legal nullities, born from fundamental errors of law and enforced through a decade-long, unauthorized interstate scheme that violated federal law, state statutes, and the Constitution.

This unlawful enforcement culminated in a pattern of bad faith and malicious conduct so egregious that it shocks the conscience. It directly caused a cascade of immediate, irreparable harm, including Petitioner's eviction, a 527-day period of homelessness, and the subsequent homelessness of both of his children, sabotaging a clinically recommended family reunification plan. The state agencies did not merely enforce a debt; they created a human crisis.

## I. GROUNDS FOR VOIDANCE AB INITIO

This motion is based on a convergence of systemic failures, any one of which is sufficient to render the underlying orders void.

- Foundational Legal Error ("Worksheet Fraud")
- The orders were built on a fictitious debt created by the state's violation of its own mandatory statute. Both the 2015 and 2022 orders were calculated using Worksheet A - Sole Physical Care, which directly contradicts the binding 2015 Parenting Plan that established Shared Physical Care. This is a direct violation of C.R.S. § 14-10-115(1)(b)(III), which mandates

EXHIBIT
A

that calculations must be based on actual physical care arrangements. A judgment founded on such a fundamental legal error is void.

- Total Jurisdictional Collapse Under UIFSA
- The States of Colorado and South Dakota engaged in a persistent, unauthorized interstate enforcement scheme that violated the Uniform Interstate Family Support Act (UIFSA). Because Petitioner has remained a resident of Colorado, the issuing state, Colorado retained Continuing, Exclusive Jurisdiction (CEJ) under C.R.S. § 14-5-205. All enforcement actions by South Dakota, and by Colorado acting at South Dakota's request, were conducted without jurisdiction and are therefore void.

- Enforcement of a Satisfied, Waived, and Extinguished Debt
- The debt was paid twice—first through massive factual overpayments resulting in a credit balance, and second through a legal waiver by the Respondent—yet enforcement continued. The official Family Support Registry (FSR) ledger shows $37,242.42 credited to the account, while forensic analysis shows a total overpayment of $116,000. Furthermore, Respondent Brooke Hershfeldt provided a written waiver on November 1, 2022, stating, "I have given consent to waive all back child support." Continued enforcement after these events was an unconstitutional seizure of property.

- Constitutional Due Process Violations That Shock the Conscience
- The cumulative effect of the agencies' actions demonstrates a pattern of malicious and arbitrary conduct that violates the Due Process Clause of the Fourteenth Amendment. This standard, established in Rochin v. California, 342 U.S. 165 (1952) and applied to executive action in County of Sacramento v. Lewis, 523 U.S. 833 (1998), is met by the agencies' deliberate indifference to Petitioner's rights.

## II. UNDISPUTED EVIDENCE AND OFFICIAL STATEMENTS

This motion is not based on speculation, but on the agencies' own documents and the direct, written statements of their officials, which create an undeniable record of systemic failure.

### A. The Foundational "Worksheet Fraud" Was Internally Acknowledged

- The state knew its calculations were based on a false premise. In a July 7, 2022 email, Larimer County official Timothy J. Jashinsky reviewed the case and stated: "the parenting plan makes it sound like they will share custody and it's not like either one has sole custody of the children." Despite this direct acknowledgment that the sole custody worksheet was improper, he denied a modification request and perpetuated the fictitious debt, stating the mother needed to "maintain her home" for a child who was in 24/7 state-funded care.

### B. The Illegal Interstate Enforcement Scheme is Proven by "Smoking Gun" Admissions

- Officials from both states have admitted, in writing, to operating outside the bounds of UIFSA. This created "jurisdictional chaos" where each state deflected responsibility while continuing unlawful enforcement.
- South Dakota Supervisor Larry Boyd stated in a June 4, 2025 email that his office bypasses UIFSA registration: "if we gain any information, we share that with Colorado so they can enforce."
- Colorado Manager Carleen Johnston confirmed Colorado's role in this illegal scheme in a July 11, 2025 email: "We are working this case per the request of the state of South Dakota."
- Colorado technician Susan Martens stated bluntly on February 3, 2025: "South Dakota is in charge of this case, they make all decisions on what you owe. I'm only here to collect money."
- This was contradicted by her supervisor, Jennifer Brant, who later apologized for Ms. Martens' "misinformation" and confirmed that "the child support order is a Larimer County Colorado order. This would give us jurisdiction."
- South Dakota official Jane Rodig was quoted stating her agency has "no jurisdiction!", yet her office sent direct enforcement requests to a Colorado employer.

### C. The State Knowingly Engaged in "Punishment for Poverty"

- The agencies' enforcement actions were not merely negligent; they were malicious and punitive, taken with full knowledge of Petitioner's indigence.
- On May 22, 2023, Petitioner provided direct written notice to Larimer County technician Susan Martens that his unemployment benefits were exhausted and he had received an eviction notice.
- Ms. Martens' response was to deny any administrative relief, stating, "I only enforce the child support. All this information needs to be addressed in court."
- Shortly thereafter, in July 2023, the State suspended Petitioner's driver's license for "CHILD SUPPORT NONPYMNT" while he was documented as homeless. This was done without the ability-to-pay hearing required by the U.S. Supreme Court in Turner v. Rogers.

### D. The State Ignored a Valid Waiver and Violated Its Own Standards

- Enforcement continued even after the debt was legally extinguished, a direct violation of Larimer County's own written policies.
- On November 1, 2022, Brooke Hershfeldt stated in an email: "I have given consent to waive all back child support to Jane here in Yankton."
- Despite this waiver, Larimer County issued a "Notice of Noncompliance" on November 18, 2022, and continued collections into 2023.

- This violates Larimer County's own written policy, which states: "Continuing enforcement after written arrears waivers violates due process... creating personal liability for government employees."

### E. Officials Made False Representations to Conceal Misconduct

- The agencies engaged in a pattern of misrepresentation to hide their unlawful activities.
- In a July 2025 email, Carleen Johnston stated: "I verified with South Dakota that they are not reporting to the credit bureau and haven't since 2021."
- This statement is directly contradicted by Experian credit reports showing South Dakota reported "C for Collection" activity in September and October 2023. This proves dual-state reporting and bad faith by an agency official.

## III. PRAYER FOR RELIEF

This is not a simple dispute over arrears; it is a reckoning for a decade of systemic failure and constitutional harm. Justice requires more than correction; it demands restitution and accountability.

WHEREFORE, Petitioner Gerald Paul Hershfeldt respectfully requests that this Court enter an Order granting the following comprehensive relief:

- Declare the Child Support Order of June 9, 2015, and the Modified Order of June 2, 2022, void ab initio pursuant to C.R.C.P. 60(b)(4), rendering them legal nullities without any force or effect.
- Issue an Emergency Injunction immediately and permanently halting all enforcement actions by any state agency, including wage garnishments, tax intercepts, and driver's license suspensions, pursuant to 45 CFR 303.11.
- Order a full forensic audit and reconciliation of the account, applying the legally mandated "Worksheet B" calculation from the inception of the order, crediting all uncredited payments, and honoring the Respondent's waiver.
- Order full restitution of all funds unlawfully collected under the void orders, totaling $116,000 plus interest, consistent with the principle of "a debt owed is a debt paid."
- Make Findings of Fact that the agencies' conduct—including enforcing a waived debt and suspending Petitioner’s license during documented homelessness—was arbitrary, malicious, and shocks the conscience, in violation of the Fourteenth Amendment.

Respectfully submitted this 29th day of September, 2025.

s/ Gerald P Hershfeldt, Pro Se
GERALD PAUL HERSHFELDT

3652 Lipan St.
Denver, CO 80211
720-378-8474
jerry.hershfeldt@gmail.com

## CERTIFICATE OF SERVICE

I certify that on September 29, 2025, a true and accurate copy of the foregoing Motion to Void Ab Initio was served by placing it in the United States mail, postage pre-paid, and addressed to the following:

- Brooke Erin Hershfeldt
1708 Walnut St.
Yankton, SD 57078-2131

- Colorado Department of Human Services
1575 Sherman Street
Denver, CO 80203

- State of Colorado (c/o Attorney General)
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

- South Dakota Department of Social Services
700 Governors Drive
Pierre, SD 57501

- State of South Dakota (c/o Attorney General)
1302 E Hwy 14, Ste. 1
Pierre, SD 57501

s/ Gerald P Hershfeldt, Pro Se
GERALD PAUL HERSHFELDT

| | |
|---|---|
| DISTRICT COURT, LARIMER (FT COLLINS) COUNTY, COLORADO<br>Court Address:<br>201 LAPORTE AVENUE, SUITE 100, FORT COLLINS, CO, 80521 | DATE FILED<br>November 2, 2025 12:57 PM<br>CASE NUMBER: 2015DR229 |
| **Petitioner(s)** BROOKE ERIN HERSHFELDT<br>and<br>**Co-Petitioner(s)** GERALD PAUL HERSHFELDT | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2015DR229<br>Division: 1B Courtroom: |

**Order:MOTION TO VOID AB INITIO**

The motion/proposed order attached hereto: DENIED.

Mr. Hershfeldt is asking for the Child Support Orders from June 2015 and June 2022 to be voided. He does not provide a legal mechanism for this Court to have the authority to provide the relief he is seeking. He is beyond the time frames for a review of a magistrate order pursuant to CRM Rule 7 and he has long since missed the timeframe to seek an appeal.

Though Mr. Hershfeldt may not agree with the law or may feel the outcome is unfair, this action he has filed is insufficient for review. The Court DENIES the Motion to Void AB Initio.

Issue Date: 11/2/2025

SUSAN JASMINE BLANCO
District Court Judge

| | |
|---|---|
| DISTRICT COURT, LARIMER (FT COLLINS) COUNTY, COLORADO<br>Court Address:<br>201 LAPORTE AVENUE, SUITE 100, FORT COLLINS, CO, 80521 | DATE FILED<br>January 13, 2026 9:20 PM<br>CASE NUMBER: 2015DR229 |
| **Petitioner(s)** BROOKE ERIN HERSHFELDT<br>and<br>**Co-Petitioner(s)** GERALD PAUL HERSHFELDT | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2015DR229<br>Division: 1B Courtroom: |

**Order:Motion for Reconsideration of Order Denying Motion to Vid AB Initio**

The motion/proposed order attached hereto: DENIED.

Mr. Herschfeldt did not seek a timely review from the June 2015 and June 2022 orders. Again, he has missed the deadline to file a C.R.M. Rule 7 review. Further, C.R.M. 7(a)(12) states: "If timely review in the district court is not requested, the order or judgment of the magistrate shall become the order or judgment of the district court. Appeal of such district court order or judgment to the appellate court is barred."

Now Mr. Herschfield seeks reconsideration however does not set forth the necessary requirements for a C.R.C.P. 121 reconsideration. Motions to reconsider interlocutory orders of the court, meaning motions to reconsider other than those governed by C.R.C.P. 59 or 60, are disfavored. A party moving to reconsider must show more than a disagreement with the court's decision. Such a motion must allege a manifest error of fact or law that clearly mandates a different result or other circumstance resulting in manifest injustice. The court may deny the motion before receiving a responsive brief under C.R.C.P. 121 Section 1-15 1(b).

Neither the motion for reconsideration nor his prior motion from September 29, 2025 states any cognizable grounds for relief under C.R.C.P. 60.

Though the motion pursuant to C.R.C.P. 121 is timely filed, there is no manifest error of fact or law that clearly mandates a different result nor are there any other circumstances resulting in manifest injustice.

For this reason, the motion is DENIED.

Issue Date: 1/13/2026

SJBlanco

SUSAN JASMINE BLANCO
District Court Judge