**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
10/20/2026
**JEFFREY P. COLWELL, CLERK**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, et al.,

Defendants.

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS GILL AND RODIG'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT [ECF 99]

## I. INTRODUCTION

Plaintiff Gerald Paul Hershfeldt, appearing pro se, responds to the Motion to Dismiss the Second Amended Complaint ("SAC") [ECF 99] filed by Defendants Laurie Gill and Jane Rodig under Fed. R. Civ. P. 12(b)(2) and 12(b)(6). Plaintiff does not voluntarily dismiss either Defendant and asks the Court to decide the Motion as to each on the pleadings.

This Response addresses Rodig first, then Gill.

The SAC pleads specific, dated conduct by Rodig directed at Colorado. On January 13, 2025, she mailed South Dakota Form DSS-SE-466A to Plaintiff's Colorado employer in Denver, invoking SDCL § 25-7A-56.5. SAC ¶¶ 16, 37; Ex. 10. That act supplies personal jurisdiction over Rodig, and it is pleaded with the defendant-specific detail that Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008), requires. Plaintiff does not oppose dismissal of claims for money damages against Rodig in her official capacity to the extent the Eleventh Amendment requires it. The Eleventh Amendment does not bar the prospective relief the SAC seeks.

## II. STATEMENT OF FACTS

Plaintiff filed this action on January 27, 2026 [ECF 1]. The operative pleading is the SAC [ECF 97], filed after the Court granted leave [ECF 96]. Defendants Gill and Rodig filed the Motion on September 28, 2026 [ECF 99].

Defendant Laurie Gill, the former Cabinet Secretary of the South Dakota Department of Social Services, is sued in her individual capacity for compensatory and punitive damages for conduct undertaken during her tenure as final policymaker. SAC ¶ 19. Defendant Rodig is a Lead Child Support Specialist for the South Dakota Division of Child Support, sued individually and in her official capacity. SAC ¶ 16. Defendant Boyd is a Supervisor for the same Division. SAC ¶ 15. Defendant Althoff, the Cabinet Secretary of the South Dakota Department of Social Services, is named in his official capacity solely for prospective injunctive and declaratory relief. SAC ¶ 20.

Count II (procedural due process) is pleaded against the individual-capacity defendants,

including Gill and Rodig. Count VI (Fair Credit Reporting Act) is pleaded against the South Dakota Division of Child Support through Boyd and Rodig in their official capacities. Each count heading identifies the defendants to which it applies.

On January 13, 2025, Rodig mailed Form DSS-SE-466A to Plaintiff's Colorado employer at 4704 Harlan Street, Suite 220, Denver, Colorado 80212, invoking SDCL § 25-7A-56.5. SAC ¶¶ 16, 37; Ex. 10. The form, signed by Rodig, states that her office "is attempting to locate the above individual and/or verify wages in relation to his/her child support responsibilities" and, "[i]n accordance with SDCL 25-7A-56.5," asks the employer to "provide this office with the information requested below." Ex. 10.

On June 4, 2025, Boyd wrote that "if we gain any information, we share that with Colorado so they can enforce." SAC ¶¶ 15, 36; Ex. 9. Boyd also described the form as an inquiry to gain information rather than a wage garnishment. Ex. 9. Plaintiff's claim against Rodig does not depend on characterizing the form as a garnishment.

The SAC alleges that, on or about February 2021 and September 2021, Boyd and Rodig caused new entries to be furnished to TransUnion. SAC ¶ 33. The SAC pleads those events as evidence of the scope and duration of the credit harm, not as discrete violations. SAC ¶ 113.

Count VI pleads three consumer-reporting-agency dispute events, each resulting in a furnisher's certification that the information was accurate: November 18, 2022 (South Dakota Division of Child Support, Experian); April 7, 2025 (Colorado Division of Child Support, Experian); and June 30, 2026 (Dept. of Child Support / Dept. of Social Services, Yankton, South Dakota, TransUnion, "VERIFIED AS ACCURATE"). SAC ¶¶ 110–112; Ex. 32. The SAC identifies reporting features it alleges are verifiable from the record.

SAC ¶ 109. It seeks, among other relief, an order compelling correction or deletion of the affected tradelines. SAC ¶ 123.

The DCS# on Rodig's form (326684010A, Ex. 10) shares its first six digits with the South Dakota tradeline account numbers pleaded and shown at SAC ¶¶ 110 and 112 and Exs. 13 and 32.

## III. LEGAL ARGUMENT

### A. Legal Standards

Where, as here, a defendant moves under Rule 12(b)(2) without an evidentiary hearing, the plaintiff need make only a prima facie showing of personal jurisdiction, and well-pleaded allegations are taken as true to the extent they are uncontroverted. Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008); Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995); Old Republic Ins. Co. v. Continental Motors, Inc., 877 F.3d 895, 903 (10th Cir. 2017). Rodig submitted no declaration.

On a Rule 12(b)(6) motion, the Court accepts well-pleaded facts as true and asks whether the complaint states a plausible claim, construing a pro se pleading liberally. Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. The Court Has Personal Jurisdiction Over Defendant Rodig

Rodig purposefully directed her conduct at Colorado. Jurisdiction exists where a defendant intentionally commits an act expressly aimed at the forum state, with the brunt

of the injury felt there. Calder v. Jones, 465 U.S. 783, 789–90 (1984); Dudnikov, 514 F.3d at 1071–72. Rodig mailed a form to a Colorado business, at a Denver address, invoking a South Dakota statute to obtain information about wages earned from Colorado employment. SAC ¶¶ 16, 37; Ex. 10. The act was self-initiated and aimed at the forum. A single deliberate act directed at the forum, from which the claim arises, can establish jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 n.18 (1985).

Walden v. Fiore, 571 U.S. 277, 284–85 (2014), clarifies that the specific jurisdiction inquiry must focus on the defendant's own contacts with the forum state itself, and that the plaintiff's residence cannot be the sole connection. Plaintiff's theory satisfies that rule. The forum contact is Rodig's own act, a request sent to a Denver employer, and not Plaintiff's residence.

The Motion relies on authority concerning incidental or responsive contacts. Rodig's act was neither. Her office initiated the contact, selected the Colorado recipient, and invoked a statute to obtain Colorado wage information. Boyd, her supervisor, stated that South Dakota shares information it gathers with Colorado so Colorado can enforce. SAC ¶¶ 15, 36; Ex. 9. Those facts distinguish the passive-contact cases the Motion cites.

The claim arises from the contact. Count II alleges that Defendants took enforcement-related measures against Plaintiff without a validly entered judicial predicate and without constitutionally adequate process, or, alternatively, contrary to the instrument they identify as their authority. SAC ¶¶ 77–87. Rodig's request for Plaintiff's Colorado wage and employment information, sent for use in child support enforcement, is the act pleaded against her. SAC ¶¶ 16, 37.

Jurisdiction is reasonable. Once minimum contacts are established, the burden shifts to

the defendant to present a “compelling case” that jurisdiction is unreasonable. Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1080 (10th Cir. 2008). The Motion does not address these factors. Each favors jurisdiction: the South Dakota Defendants are represented by Denver counsel already appearing in this action; Colorado has a direct interest in enforcement demands directed at its employers and its residents’ wages; Plaintiff is an in forma pauperis Denver resident; and the related claims against the Colorado Defendants are already pending here, so resolving all of them in one forum is the most efficient course.

Plaintiff does not rely on the June 30, 2026 TransUnion verification, or on the 2021 entries pleaded as background at SAC ¶¶ 33 and 113, as jurisdictional contacts.

**C. The SAC States a Claim Against Rodig in Her Individual Capacity**

Personal participation. Individual liability under § 1983 requires personal involvement in the alleged violation. Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010). The SAC alleges Rodig’s own act, by date, document, addressee, and statute. SAC ¶¶ 16, 37; Ex. 10. The Motion itself cites the paragraphs pleading that act. That is fair notice, and it is not the undifferentiated group pleading Robbins condemns. 519 F.3d at 1250.

Qualified immunity. When a defendant raises a qualified immunity defense, the Tenth Circuit utilizes a sequential burden-shifting framework. Quinn v. Young, 780 F.3d 998, 1004–05 (10th Cir. 2015). The Motion asserts qualified immunity without identifying the conduct it contends was protected or why the right was not clearly established as to that conduct. Plaintiff’s position is that the principle that the State may not deprive a person of property without notice and a meaningful opportunity to contest the basis for enforcement

was clearly established. Fuentes v. Shevin, 407 U.S. 67, 80 (1972); Mathews v. Eldridge, 424 U.S. 319, 335 (1976); Goldberg v. Kelly, 397 U.S. 254 (1970). A right may be clearly established without a factually identical case where existing precedent gives officials fair warning. Hope v. Pelzer, 536 U.S. 730, 741 (2002). Plaintiff acknowledges that the inquiry is context-specific and respectfully submits that, on the pleadings, the question is better resolved on a developed record.

**D. The Eleventh Amendment Does Not Bar the Prospective Relief Sought in Count VI**

Damages. An official-capacity suit for money damages against a state official is a suit against the State, which the Eleventh Amendment bars. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). Plaintiff does not oppose dismissal of his official-capacity money-damages claims against Rodig to the extent the Eleventh Amendment requires it. That concession is limited to money damages against Rodig in her official capacity.

Prospective relief. Ex parte Young, 209 U.S. 123 (1908), permits suits against state officials for prospective relief from ongoing violations of federal law. The SAC seeks an order compelling correction or deletion of the South Dakota tradeline. SAC ¶ 123. It alleges that, after this action was filed, a South Dakota furnisher certified the account as “VERIFIED AS ACCURATE.” SAC ¶ 112; Ex. 32. The Motion’s Eleventh Amendment argument addresses damages and does not address prospective relief. Defendant Althoff is also named in his official capacity for prospective relief. SAC ¶ 20. Whether the FCRA authorizes the particular remedy requested is a question the Motion does not raise, and

Plaintiff will address it in further briefing if the Court so directs.

Qualified immunity does not apply to Count VI. Count VI is pleaded only against defendants sued in their official capacities, and qualified immunity is unavailable to individuals sued in their official capacities. Kentucky v. Graham, 473 U.S. 159, 166–67 (1985).

**E. The Motion's Monell Argument Does Not Address a Pleaded Claim**

Count VII pleads Monell liability against Larimer County, Colorado only. SAC ¶¶ 115–117. The SAC pleads no Monell claim against South Dakota or against Rodig, and that argument provides no ground for dismissing any count pleaded against her.

**F. The Motion as to Defendant Gill**

Plaintiff does not dismiss Gill and asks the Court to rule on the Motion as to her on the pleadings. Gill is sued in her individual capacity, for damages, for conduct during her tenure as final policymaker over the program. SAC ¶ 19. The SAC pleads that program's practice of sharing information gathered in Colorado with Colorado "so they can enforce." SAC ¶¶ 15, 36; Ex. 9. Count II is pleaded against all individual-capacity defendants.

Plaintiff recognizes that supervisory liability under § 1983 requires the defendant's creation or implementation of the policy at issue, causation, and the requisite state of mind. Dodds v. Richardson, 614 F.3d at 1199. Whether ¶ 19 supplies that link, and whether it supplies personal jurisdiction over Gill, are the questions the Motion presents, and Plaintiff submits them for the Court's decision.

A dismissal for lack of jurisdiction does not operate as an adjudication on the merits and

must be entered without prejudice. Hollander v. Sandoz Pharmaceuticals Corp., 289 F.3d 1193, 1216 (10th Cir. 2002). If the Court dismisses any claim against Gill on any ground, Plaintiff asks that the dismissal be without prejudice.

**G. The Motion Cannot Be Applied to Unserved Defendants**

The Motion states that its arguments apply equally to Defendants Althoff and Boyd. Neither has been served or joined the Motion. The Court should decline to rule on their behalf.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court deny the Motion as to Defendant Rodig in her individual capacity; deny it as to Defendant Rodig in her official capacity for prospective relief; decide the Motion as to Defendant Gill on the pleadings; and, as to either Defendant, dismiss any claim only without prejudice. Plaintiff does not oppose dismissal of his official-capacity money-damages claims against Rodig to the extent the Eleventh Amendment requires it. Plaintiff will address any request for leave to amend or for jurisdictional discovery by separate motion under D.C.COLO.LCivR 7.1(d).

Respectfully submitted this 20th day of October, 2026.

/s/ Gerald P. Hershfeldt

Gerald P. Hershfeldt, Pro Se

429 E. 14th Ave. #107

Denver, CO 80203

Telephone: 720-378-8474

Email: jerry.hershfeldt@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2026, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, including counsel for Defendants Gill and Rodig, Nicholas C. Poppe, Nathan Dumm & Mayer P.C., 7900 E. Union Ave., Suite 600, Denver, CO 80237, NPoppe@ndm-law.com.

/s/ Gerald P. Hershfeldt

**GENERATIVE AI CERTIFICATION**

The undersigned certifies that generative artificial intelligence—specifically, Claude (Anthropic) and Perplexity AI—was used to draft this filing. The undersigned further certifies that all language drafted by AI, even if later edited by a human, was personally reviewed by the undersigned for accuracy, and that all legal citations reference actual, non-fictitious cases or cited authority, each of which was manually reviewed by the undersigned.

/s/ Gerald P. Hershfeldt