**TO:** Heather O'Hayre, Human Services Director, Larimer County Human Services

**FROM:** Gerald "Jerry" P. Hershfeldt

**DATE:** September 16, 2026

**RE:** Response & Administrative Review Request for Pre-Offset Notice Dated 9/2/2026

**NOTICE REFERENCE:** CO_PreOffset_000226.1 - 2498 XXX-XX-XXXX

**CHILD SUPPORT CASE NO.:** 35227339450A (35-227339-45-0A)

**COURT CASE NO.:** 08069115DR000229 (2015DR229)

---

Dear Director O'Hayre,

I am writing in response to the **Child Support Services (CSS) Pre-Offset Review Notice dated September 2, 2026** (Ref: **CO_PreOffset_000226.1 - 2498 XXX-XX-XXXX**), which asserts a reported balance owed of **$15,049.55**. Pursuant to C.R.S. guidelines and the administrative review rights outlined in the notice, I am submitting this formal response to address ongoing balance discrepancies, clarify points from your prior correspondence, and provide supporting accounting records.

## Clarifications Regarding Your Letter Dated February 5, 2026

In your letter dated **February 5, 2026**, you addressed several administrative aspects of my child support case. I wish to clarify the following points regarding those findings:

1. **Court Orders and Administrative Minutes:** Your letter noted that the initial support obligation originated from the June 9/10, 2015 decree incorporating the March 4, 2015 Separation Agreement and Parenting Plan. Clarification remains necessary regarding the unsigned minute order of June 10, 2015 ("UNABLE TO ENTER SUPPORT ORDERS AS WE ARE MISSING SSN FOR CHILDREN") and how state enforcement proceeded given these administrative notations.
2. **2022 Modification and Absence of Legal Predicate:** The June 2, 2022 modification utilized a Worksheet A (sole care) based on an assertion of zero overnights, despite my child residing with me starting in April 2021. I cannot request a statutory recalculation under C.R.S. § 14-10-115, as doing so would improperly presuppose the existence of a valid, lawfully entered child support order to recalculate.
3. **Automated Enforcement Systems:** Automated enforcement workflows must strictly comply with federal civil rights and due process standards, ensuring algorithmic

determinations do not result in incorrect arrears calculations or improper enforcement actions.

## Attachment of Monthly Balance Discrepancies

I have attached the document **Balance Discrepancies - Sheet1 (2).csv** to this correspondence. This ledger provides a detailed month-by-month financial accounting from **June 2015 through June 2025**, demonstrating significant discrepancies between actual obligations and what Larimer County reported/enforced:

- **Private Agreement Period:** From June 2015 through April 2017, the child support due was governed by private agreement, with Larimer County authorized to enforce **$0.00**. Why did it end in 2017?
- **Credit Reporting Discrepancies:** The attached spreadsheet highlights months where amounts reported to credit reporting agencies in Colorado ($1,128.00 / $622.00 monthly reported baselines) did not align with actual amounts due, support paid, or authorized enforcement amounts.
- **Arrears Ledger:** The ledger tracks all payments made, overpayments applied, and actual rolling balance adjustments that contradict the total balance reported on the September 2, 2026 notice.

## Driver's License Suspension Status

While your February 5, 2026 letter indicated that Larimer County had not issued a request to the DMV at that time, **The Review notice states licence suspension is still an option, I wanted to make you aware mine has been suspended**.

## Request for Balance Audit

I request that the balance be audited based on the attached ledger.

A statutory recalculation under C.R.S. § 14-10-115 has been my only legal hope of correcting this balance. However, I cannot request or submit to a statutory recalculation because doing so would improperly presuppose the existence of a valid, lawfully entered child support order. I am not refraining from recalculation for procedural reasons—I am refraining because there simply is no valid order. Without a valid legal predicate, a statutory recalculation cannot legally occur.

Furthermore, I did make a good faith effort to locate the data and required documents to complete this review in a timely manner. However, I simply cannot afford the fee. I will let you know what they determine regarding the fee waiver. In the meantime, I have attached the reply

from a CORA request (**CORA Response 2026.288.pdf**) so you can at least see where and how to find the data, and how long it would take them to produce it for you.

I dispute the $15,049.55 balance and the asserted basis for the proposed enforcement referrals. This request is made to preserve my rights and obtain a written administrative determination. It is not a concession that the County's internal review process can adjudicate the federal claims, the alleged retaliation, or the policy-and-practice issues raised in the pending litigation.

I request that all actions, records reviewed, calculation steps, and the identity of each decision-maker involved in the review be preserved and disclosed in the written determination.

Sincerely,

**Gerald "Jerry" P. Hershfeldt** 429 E. 14th Ave, Apt 107 Denver, CO 80203 Email: jerry.hershfeldt@gmail.com

*Attachments:*

- *Balance Discrepencies*
- *CORA Response 2026.288.pdf*