**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-CV-00342-NYW-CYC

GERALD PAUL HERSHFELDT,

Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity;
JENNIFER BRANT, individually and in her official capacity;
TIMOTHY J. JASHINSKY, individually and in his official capacity;
CINDY LUCERO, individually and in her official capacity;
WENDY BATTS, individually and in her official capacity;
ARTHUR J. SPICCIATI, individually and in his official capacity;
LARRY BOYD, individually and in his official capacity;
JANE RODIG, individually and in her official capacity;
HEATHER O'HAYRE, in her official capacity;
MICHELLE BARNES, in her official capacity;
LAURIE GILL, in her official capacity;
MATT ALTHOFF, in his official capacity;
LARIMER COUNTY, COLORADO

Defendants.

---

**DEFENDANTS LAURIE GILL AND JANE RODIG'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(B)(2) AND 12(B)(6)**

**[ECF 105; 10/20/26]**

---

Defendants Laurie Gill and Jane Rodig (collectively "the South Dakota Defendants"), by and through their attorney Nicholas C. Poppe of Nathan Dumm & Mayer P.C., hereby submit their Reply brief in support of their Motion to Dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and state as follows:

## LEGAL ARGUMENT

### A. The Court lacks personal jurisdiction over the South Dakota Defendants.

With respect to personal jurisdiction, Mr. Hershfeldt devotes attention only to Ms. Rodig—he does not refute the South Dakota Defendants' arguments that Ms. Gill lacks sufficient contacts with Colorado. Thus, Ms. Gill should be dismissed for lack of personal jurisdiction.

With respect to Ms. Rodig, Mr. Hershfeldt alleges that asserting personal jurisdiction over her in Colorado would not offend due process, invoking *Calder v. Jones* and its progeny. Yet the *Calder* "effects" test does not support Mr. Hershfeldt's argument—in fact, it cuts against the assertion of jurisdiction in this case. The *Calder* effects test requires an analysis of whether the out-of-state defendant's conduct demonstrates: "(1) an intentional action; (2) expressly aimed at the forum state; and (3) ... knowledge that the brunt of the injury would be felt in the forum state." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1231 (10th Cir. 2020).

Mr. Hershfeldt's attempt to assert jurisdiction over Ms. Rodig fails at the second *Calder* element, namely whether she "expressly aimed" her conduct at Colorado. As the U.S. Supreme Court and Tenth Circuit have clarified, the second element of the *Calder* test cannot be decided based on the *plaintiff's* contacts with the forum state. *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 969 (10th Cir. 2022). Instead, "the forum state must be the 'focal point' of *the defendant's* tortious conduct." *Id*. (internal citations omitted) (emphasis in original). But as the Second Amended Complaint makes clear, Ms. Rodig's actions were premised upon Mr. Hershfeldt's former spouse and child

*moving* to South Dakota, thereby establishing residency within the jurisdiction where Ms. Rodig manages child support obligations. [ECF 97, ¶ 35]. Thus, the focal point of Ms. Rodig's conduct was South Dakota, not Colorado. The fact that Mr. Hershfeldt resides in Colorado and that Ms. Rodig sent an inquiry to his employer in Colorado does not matter for purposes of this *Calder* element. Indeed, as the Tenth Circuit held in *Eighteen Seventy, LP*, "we have centered the express aiming analysis on whether the defendant's allegedly tortious conduct was focused on or directed at the forum state—not, as the Entities would seemingly have it, on whether the defendant's wrongful conduct was focused on or directed at the interests of plaintiffs who reside in or otherwise have significant connections to the forum state." *Id*. at 972.

A holding to the contrary would allow plaintiffs to assert jurisdiction over every child support and domestic relations social worker who assists spouses in obtaining child support payments when one or both parties move to different states. Mr. Hershfeldt offers no precedent supporting that radical expansion of personal jurisdiction under the minimum contacts and *Calder* effects test. Thus, Ms. Rodig should be dismissed based on a lack of personal jurisdiction.

**B. The South Dakota Defendants are entitled to qualified immunity.**

On the merits of his claims against Ms. Rodig, Mr. Hershfeldt attempts to defeat qualified immunity by citing precedent establishing only high-level tenets of due process law. [ECF 105, p. 7 (citing *Mathews v. Eldridge* and *Goldberg v. Kelly*)]. But because courts cannot "define clearly established law at a high level of generality," Mr. Hershfeldt's conclusory statements about due process in the context of qualified

immunity do not pass muster under long-standing U.S. Supreme Court precedent. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). Thus, Ms. Rodig retains entitlement to qualified immunity. Indeed, Mr. Hershfeldt seems to concede as much, acknowledging "that the inquiry is context-specific and respectfully submits that the pleadings, the question is better resolved on a developed record." [ECF 105, p. 7]. But once qualified immunity has been asserted, a plaintiff cannot proceed to discovery unless and until their burden to demonstrate clearly established case law has been satisfied. Thus, Ms. Rodig retains her entitlement to immunity.

As with personal jurisdiction, Mr. Hershfeldt makes no effort to establish Ms. Gill's waiver of qualified immunity. [*Id*., pp. 8-9]. Thus, she is entitled to dismissal on grounds of qualified immunity as well.

**C. The State of South Dakota is entitled to dismissal.**

Mr. Hershfeldt concedes that his claims for money damages against the State of South Dakota (including the Defendants in their official capacities) are barred under the Eleventh Amendment. [*Id*., pp. 7-8]. Mr. Hershfeldt nonetheless claims that he may maintain a claim against South Dakota for prospective relief. [*Id*.]. Yet prospective relief is a remedy, not a cause of action. In the absence of personal jurisdiction or a viable cause of action against any South Dakota defendant, the bottom falls out of Mr. Hershfeldt's attempt to obtain injunctive relief against South Dakota. *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, 353 F. Supp. 3d 1070, 1088 (D. Colo. 2018) ("Injunctive relief is not a separate cause of action; rather it is one form of relief for the other legal violations alleged.").

**CONCLUSION**

For the reasons set forth herein, Ms. Gill and Ms. Rodig should be dismissed from this lawsuit in their individual and official capacities.

AI Certification: The undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

DATED this 2nd day of November, 2026.

*s/Nick Poppe* _______________________________
Nicholas C. Poppe
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
ATTORNEY FOR SOUTH DAKOTA DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of November, 2026, I emailed and regular mailed all pro se parties, and electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** using the CM/ECF system which will send notification of such filing to the following:

Gerald Paul Hershfeldt
429 E. 14th Ave. Apt. 107
Denver, CO 80203
Phone: (720) 378-8474
Email: jerry.hershfeldt@gmail.com
Pro Se Plaintiff

Michael Turner Lowe
Heather Dawn Kuhlman
Bruno Colin Goddard & Lowe, PC
1120 Lincoln Street
Suite 1606
Denver, CO 80203
Phone: (303) 831-1099
Email: mlowe@brunolawyers.com
hkuhlman@brunolawyers.com
Attorneys for Larimer County Defendants

Rachel Eileen Pattison
Colorado Attorney General's Office
1300 Broadway St., 6th Floor
Denver, CO 80203
Phone: (720) 508-6201
Email: Rachel.ollis@coag.gov
Attorney for Defendant Barnes

*s/Nick Poppe*____________________________
Nicholas C. Poppe
Attorney for South Dakota Defendants
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
NPoppe@ndm-law.com