**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-00342-NYW-CYC

GERALD PAUL HERSHFELDT,
Plaintiff,

v.

CARLEEN JOHNSTON, individually and in her official capacity;
JENNIFER BRANT, individually and in her official capacity;
TIMOTHY J. JASHINSKY, individually and in his official capacity;
CINDY LUCERO, individually and in her official capacity;
WENDY BATTS, individually and in her official capacity;
ARTHUR J. SPICCIATI, individually and in his official capacity;
LARRY BOYD, individually and in his official capacity;
JANE RODIG, individually and in her official capacity;
HEATHER O'HAYRE, in her official capacity;
MINNA CASTILLO, in her official capacity;
LAURIE GILL, in her official capacity;
MATT ALTHOFF, in his official capacity;
LARIMER COUNTY, COLORADO,
Defendants.

---

**DEFENDANT MINNA CASTILLO, IN HER OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF HUMAN SERVICES, REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT, [ECF 97, 101], PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6).**

---

Defendant, Minna Castillo, in her official capacity as Interim Executive Director of the Colorado Department of Human Services ("Director Castillo"), by and through counsel of record, hereby submits this Reply in Support of Motion to Dismiss Second Amended

Complaint, [ECF 97, 101], pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) and states as follows:[1]

## ARGUMENT

### I. Plaintiff's FCRA claim is barred by the *Rooker-Feldman* doctrine because it is inextricably intertwined with state court child support orders and his alleged injuries arise from state court child support orders.

Plaintiff's Response argues that his Fair Credit Reporting Act (FCRA) claim stands apart from state court child support orders and is thus not subject to the *Rooker-Feldman* doctrine. [ECF 108, pp. 3-6]. He asserts the claim is separate because his injury stems from the furnisher's certification of accuracy—i.e. state court order enforcement mechanisms—and not the child support orders themselves. *Id*. This argument fails. As cited in the Motion to Dismiss, this district has continued to find that arguments attempting to distinguish challenging of enforcement of state child support order from challenging the order itself, to be fruitless. *Bellinsky v. Weiser*, No. 25-cv-

[1] Plaintiff is correct that after filing the Motion to Dismiss [ECF 101], Director Barnes resigned from her position as Executive Director of the State Department of Human Services and Minna Castillo is currently the Interim Executive Director of the State Department of Human Services. The parties agree that because this is an official capacity lawsuit only, under Federal Rule of Civil Procedure 25, Minna Castillo is automatically substituted for Director Barnes. This Reply and further filings will use Director Castillo and will use Director Castillo when referring to allegations in the complaint that refer to Director Barnes.

02062-PAB-STV, 2026 WL 1975773, at *2 (D. Colo. 2026) (appeal filed); *Hawkins v. Region 8 IV-D Agency*, No. 24-cv-02802-GPG-KAS, 2025 WL 2197307, at *5-7 (D. Colo. July 29, 2025) (recommendation adopted); *Gibson v. Lopez*, No. 21-cv-02610-WJM-NYW, 2022 WL 2158986, at *4-6 (D. Colo. June 15, 2022) (recommendation adopted).

The *Rooker-Feldman* doctrine prohibits federal courts from considering claims inextricably intertwined with a prior state court judgment. *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017). Barred claims are those that complain of injuries caused by state court judgments. *Id*. Plaintiff's alleged injuries arise from the enforcement of the state court child support orders. [ECF 97, ¶ 111] ("Plaintiff alleges the furnisher certified accuracy without correcting the reporting features identified in ¶ 109."); [ECF 97, ¶ 109] (asserting "[t]he disputed tradelines contain reporting features Plaintiff alleges are objectively verifiable from the [state court] record…."); [ECF 97, ¶ 121-123].

Plaintiff's Response alleges an injury based on a decrease in his credit score resulting from the enforcement of a state court order. [ECF 108, p. 8]; [ECF 97, ¶ 3] ("Plaintiff challenges executive and administrative enforcement conduct….") This claim is indistinguishable from the authorities cited in the Motion to Dismiss. [ECF 101]. In *Eaves v. Paxton*, the Tenth Circuit distinguished between claims that were inextricably intertwined with a state court order and those that were independent of it. *Eaves v. Paxton*, No. 24-1400, 2026 WL 1020603, at *2-3 (10th Cir. 2026) (unpublished). The court held that challenges to the enforcement of a state court order were barred by the *Rooker-Feldman* doctrine, while a claim alleging that defendants knowingly ignored the

plaintiff's right to a modification hearing was not barred because it did not challenge the validity or enforcement of the underlying child support order. *Id*. Because Plaintiff's claims and alleged injuries stem directly from the enforcement of a state court order, rather than from conduct independent of that order, this Court lacks jurisdiction to review them. *See also Tso v. Murray*, 822 Fed. Appx. 697, 700 (10th Cir. 2020) (unpublished) (finding claims asserting harms that resulted from state court orders are precluded under the *Rooker-Feldman* doctrine.); *see also Jones v. Denver Human Servs.*, No. 25-cv-01979-GPG-SBP, 2025 WL 3907698 (D. Colo. 2025) (appeal filed).

## II. Plaintiff's FCRA claim does not transcend apart from the state court child support matter and is thus barred by the domestic relations doctrine.

The question before this Court is whether resolving the FCRA claim would require the Court to decide issues routinely addressed in state domestic relations proceedings. *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989). Here, Plaintiff's allegations establish that it would. As Plaintiff alleges, "the foundation of this suit is the state court's own official record" and the "disputed tradelines contain reporting features that are objectively verifiable from the [state court] record." [ECF 97, ¶¶ 2, 109]. Plaintiff further alleges the tradelines are inaccurate because they purportedly do not align with the effective dates of Colorado state court orders and even asserts one tradeline was made with no child support order in effect because the child support order was legally invalid. *Id*. at ¶ 109. To support these assertions, Plaintiff asks the Court to examine purported state-court records he attached as exhibits and determine the validity, effective dates, and legal effect of state child support orders, as well as whether enforcement actions were authorized at particular times. *Id*; [ECF 97-1, ECF 85-2

through 33]. Those are quintessential domestic-relations issues routinely resolved by state courts. *See generally*, *Nakauchi v. Cowart*, 519 P.3d 397, 402 (Colo. App. 2022) ("Colorado's child support enforcement law establishes procedures to enforce child support orders."); *see* §§ 14-10-115, C.R.S. (requiring state courts to enter orders of child support), 14-5-205, C.R.S. (giving the court issuing a child support order continuing and exclusive jurisdiction over that order); *see Bellinsky*, 2026 WL 1975773, at *2 (D. Colo. 2026) (appeal filed) (finding that allegations regarding furnishing owed child support to credit bureaus was an attack on enforcement of a child support order and therefore an attack on the order itself). By framing his FCRA claim around the validity, effective dates, and enforcement of child support orders, Plaintiff invites this Court to adjudicate matters squarely within the core of the domestic relations exception.

## III. Plaintiff has not established that his alleged injuries are fairly traceable to Director Castillo.

Plaintiff has failed to carry his burden of establishing standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). In the Response, Plaintiff argues that his alleged injury is fairly traceable to Director Castillo because federal and state law purportedly establish that the Colorado Department of Human Services (Department) is responsible for furnishing child support information to credit reporting agencies. [ECF 108, pp. 7-8]. But those allegations appear nowhere in the Second Amended Complaint (complaint). [ECF 97]. Instead, the complaint identifies only Larimer County as the relevant actor and contains no factual allegations that the Department furnished the challenged information, directed its furnishing, or otherwise caused Plaintiff's alleged injury. *Id.* at ¶¶ 30-34, 106-114. Plaintiff alleges only that Director Castillo has general authority over

Colorado's child support enforcement system. *Id*. at ¶ 18. That is insufficient to establish traceability. Standing requires allegations connecting the defendant's conduct to the plaintiff's injury, not merely allegations of oversight authority. *See Friends of the Earth v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 180-181 (2001). Indeed, even if this Court accepts Plaintiff's contention that the Department is authorized to furnish child support obligations to credit reporting agencies, Plaintiff has failed to establish that the Department actually did so in this case. Plaintiff cannot cure this pleading defect by introducing new factual assertions in his opposition brief. *Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010). Because the complaint fails to plausibly allege that Director Castillo or the Department furnished the information at issue or caused Plaintiff's alleged injury, Plaintiff lacks standing and the claim must be dismissed.

**IV. Equitable relief is not available under the FCRA.**

The equitable relief Plaintiff asks for is not available under the FCRA. In his Response, Plaintiff expressly disavows any claim for monetary or statutory damages and instead seeks only equitable relief. [ECF 97] (noting that as to Director Castillo, Plaintiff only seeks an "order compelling the correction or deletion of all child support tradelines furnished by Defendants to consumer reporting agencies that reflect the circumstances alleged in Count VI.") [ECF 97]; [ECF 108, p. 1] ("Plaintiff does not seek damages from Director [Castillo], and does not seek, as to her, an injunction against any garnishment, tax intercept, or license suspension."); [ECF 108, p. 9] ("Plaintiff…as to Director [Castillo]…seeks no damages from her.") But the FCRA does not authorize private litigants to obtain injunctive or other equitable relief. *Owner-Operator*

*Independent Driver Ass'n, Inc. v. Usus Com. Servs., Inc,* 410 F. Supp 2d 1005, 1007-1008 (D. Colo. 2005). The "sections of the FCRA that create a private right of action under the statute provide that a consumer may recover actual or statutory damages, costs, attorney's fees, and, in the case of a willful violation, punitive damages…absent from the enumerated listing of available remedies is any provision for injunctive or other equitable forms of relief." *Id*. at 1007. The Eleventh Amendment undisputably bars requests for monetary relief and there is no avenue for equitable relief under the FCRA. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). Because neither monetary nor equitable relief is available, Plaintiff's FCRA claim is legally untenable and must be dismissed. *See* F.R.C.P. 12(b)(6); 12(b)(1).

## V. Even if this Court finds the FCRA allows for Plaintiff's request for equitable relief, the complaint does not allege that Director Castillo had a duty or willingness to enforce the FCRA and seeks only retrospective relief, making it barred by the Eleventh Amendment.

Even if this Court finds that equitable relief is available under the FCRA, Plaintiff has not alleged facts sufficient to invoke the *Ex parte Young* exception. The complaint does not allege facts that Director Castillo had a particular duty to enforce the FCRA or that she demonstrated a willingness to exercise that duty. [ECF 97]; *Prairie Band Potawatomi Nation*, 476 F.3d 818, 828 (10th Cir. 2007); *see also Finstuen v. Crutcher*, 496 F.3d 1139, 1151 (10th Cir. 2007) (stating that to overcome Eleventh Amendment immunity the named officer must have some connection with enforcement of the act that is alleged to be in continued violation of federal law).

The Response asserts that Director Castillo is connected to enforcement of the FCRA because (1) she oversees the statewide child support program; (2) the

Department is responsible for providing child support debt information to creditors; and (3) Plaintiff's complaints to the Department went unresolved. [ECF 108, pp. 9-11]. Merely alleging that Director Castillo oversees the statewide child support program does not show that she has a duty to enforce the FCRA or has demonstrated a willingness to exercise any such duty. Further, the complaint contains no allegation that the Department is responsible for providing child support debt information to creditors, or that they did in this matter, and Plaintiff cannot amend his pleading through arguments in a response brief. [ECF 97]; *Smith*, 694 F.Supp.2d at 1230. Finally, Plaintiff's submission of a general complaint is irrelevant; an alleged unresolved complaint does not establish Director Castillo's enforcement authority or involvement. Accordingly, Plaintiff's complaint fails to allege facts that Director Castillo had a duty to enforce the FCRA and that she demonstrated a willingness to exercise that duty.[2]

The *Ex parte Young* exception does not apply because Plaintiff challenges an alleged completed past act, not an ongoing violation of federal law. *Verizon Md. Inc. v. Pub. Serv.*, 535 U.S. 635, 645 (2002). The alleged FCRA duty at issue is the duty to conduct a reasonable investigation, and any alleged failure to do so occurred at a discrete point in time. 15 U.S.C. §1681s-2(b). Continued reporting of tradelines by consumer reporting agencies does not convert an allegedly deficient investigation into

---

[2] In responding to the arguments about the Eleventh Amendment, Plaintiff attaches a alleged response he received from a CORA Request. This is irrelevant and does not establish that he alleged sufficient allegations in his complaint.

an ongoing violation by the furnisher. Plaintiff argues that a prospective violation exists because "what the SAC alleges is continuing is the content of the tradelines." [ECF 108, p. 10]. But the continued existence of alleged inaccurate tradelines is distinct from the furnisher's past investigation obligations under the FCRA. *Ward v. Nat'l Credit Systems, Inc.*, 182 F.4th 918, 926 (10th Cir 2026) (stating there is no private right of action furnisher's requirement to accurately report information). Because Plaintiff seeks relief based on an alleged past violation rather than alleged ongoing unlawful conduct, *Ex-parte Young* is inapplicable, and his claim remains barred by sovereign immunity.

## VI. The Response cannot cure pleading deficiencies and state a claim for relief by introducing facts in the Response that were not asserted in the complaint.

The operative pleading identifies Larimer County, not the Department, as the entity that furnished the disputed information. [ECF 97, Count VI]. Plaintiff alleges that Director Castillo merely has "authority over the statewide child support enforcement apparatus," while "Larimer County . . . acts as the operational arm of the Colorado child support enforcement program that furnishes the disputed information." *Id*. at ¶¶ 18, 108. Thus, by Plaintiff's own allegations, Larimer County is the furnisher.

A furnisher is generally understood as an entity that provides credit information to consumer reporting agencies. *See Collins v. BAC Home Loans Servicing LP*, 912 F. Supp. 2d 997, 1009 n.2 (D. Colo. 2012). Nothing within the four corners of the complaint permits a reasonable inference that the Department furnished information about Plaintiff to any consumer reporting agency. *Waller v. City and Cnty. of Denver*, 932 F.3d 1277, 1286, n.1 (10th Cir. 2019) (noting that a Rule 12(b)(6) motion tests the sufficiency of the

allegations within the four corners of the complaint and does not consider evidence outside the four corners of the complaint; [ECF 97]. Instead, Plaintiff expressly attributes that conduct to Larimer County. [ECF 97, ¶ 108] ("The disputed tradelines were furnished by two governmental child support enforcement entities…the Colorado child support enforcement program operated through Larimer County.").

Only in his Response does Plaintiff attempt to recast the furnisher as the Department. But that allegation and theory does not appear in the complaint. [ECF 97]. Plaintiff cannot amend his pleading through a response brief or cure a deficient complaint by introducing new factual assertions and legal theories after the fact. *Smith*, 694 F.Supp.2d at 1230. Accordingly, the Court must evaluate Plaintiff's claims based on the allegations actually pleaded, and those allegations identify Larimer County, not the Department, as the furnisher of the disputed information.

The Response does not dispute that Plaintiff must plead facts demonstrating that the furnisher's investigation was unreasonable. Instead, it merely asserts, in conclusory fashion, that the complaint satisfies this requirement. [ECF 108, p. 12]. It does not. The complaint contains no factual allegations from which the Court could plausibly infer that the Department conducted an unreasonable investigation, let alone any allegations describing the Department's investigation, identifying deficiencies in that investigation, or explaining how its conduct was unreasonable. Absent such factual allegations, Plaintiff fails to state a plausible claim.

**CONCLUSION**

For the reasons and authorities set forth above and in Director Castillo's Motion to Dismiss, Director Castillo respectfully requests the Court dismiss Plaintiff's claims against Director Castillo.

Respectfully submitted this 6th day of November, 2026.

Undersigned counsel certifies the generative artificial intelligence was not used to draft this filing.

*s/Rachel E. Pattison*
Rachel E. Pattison*, Reg.* #56553
Colorado Attorney General's Office
1300 Broadway, 7th Floor
Denver, Colorado 80203
Telephone: (720) 508-6201
Email: rachel.pattison@coag.gov
*Attorney for Defendant Minna Castillo in her official capacity as Executive Director of the Colorado Department of Human Services.*
Counsel of Record

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November 2026, a true and correct copy of the foregoing **DEFENDANT MINNA CASTILLO, IN HER OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF HUMAN SERVICES, REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) w**as electronically filed with service through the e-filing system as follows:

Gerald Paul Hershfeldt
429 East 14th Avenue, #107
Denver, CO 80203
Jerry.hershfeldt@gmail.com
*Pro Se*

Michael T. Lowe
Bruno, Colin, Goddard & Lowe, P.C.
1120 Lincoln Street, Suite 1606
Denver, CO 80203
Telephone: (303) 831-1099
mlowe@brunolawyers.com
*Counsel for Larimer County Defendants*

Nicholas C. Poppe
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
NPoppe@ndm-law.com
*Counsel for Defendant Gill and Rodig*

*s/ Rachel E. Pattison*
Rachel E. Pattison
Colorado Attorney General's Office
1300 Broadway, 7th Floor
Denver, Colorado 80203
Telephone: (720) 50-6201
Email: rachel.pattison@coag.gov
*Attorney for Defendant Minna Castillo in her official capacity as Executive Director of the Colorado Department of Human Services*